UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

GILBERTO PEREIRA BRITO, FLORENTIN AVILA LUCAS, and JACKY CELICOURT, individually and on behalf of all those similarly situated,

        *Plaintiff-Petitioners*,

v.

WILLIAM BARR, Attorney General, U.S. Department of Justice, MARCOS CHARLES, Acting Field Office Director, Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement, MARK MORGAN, Acting Director, U.S. Immigration and Customs Enforcement, KEVIN MCALEENAN, Secretary, U.S. Department of Homeland Security, JAMES MCHENRY, Director, Executive Office of Immigration Review, U.S. Department of Justice, ANTONE MONIZ, Superintendent of the Plymouth County Correctional Facility, YOLANDA SMITH, Superintendent of the Suffolk County House of Correction, STEVEN SOUZA, Superintendent of the Bristol County House of Correction, CHRISTOPHER BRACKETT, Superintendent of the Strafford County Department of Corrections, and LORI STREETER, Superintendent of the Franklin County House of Corrections, in their official capacities,

        *Defendant-Respondents*.

Case No. 19-11314-PBS

**MEMORANDUM IN SUPPORT OF MOTION FOR CLASS CERTIFICATION**

i

# **TABLE OF CONTENTS**

INTRODUCTION ..................................................................................................................1

PROPOSED CLASS DEFINITION ......................................................................................2

ARGUMENT ..........................................................................................................................3

I.      The Proposed Class Meets the Requirements of Rule 23(a)................................................4

         A.      Numerosity..................................................................................................4

         B.      Commonality...............................................................................................5

         C.      Typicality ....................................................................................................7

         D.      Adequacy ....................................................................................................8

II.     The Proposed Class Meets the Requirements of Rule 23(b) ...............................................9

CONCLUSION......................................................................................................................10

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Alvarez Figueroa v. McDonald*,
   2018 U.S.Dist.LEXIS 80781 (D.Mass., May 14, 2018) ....................................................... 1, 10

*Amchem Prods., Inc. v. Windsor*,
   521 U.S. 591 (1997) ................................................................................................................. 10

*Andrews v. Bechtel Power Corp.*,
   780 F.3d 124 (1st Cir. 1985) ...................................................................................................... 9

*Armstrong v. Davis*,
   275 F.3d 849 (9th Cir. 2001) ...................................................................................................... 8

*Baggett v. Ashe*,
   2013 U.S.Dist. LEXIS 73202 (D. Mass. May 23, 2013) ............................................................ 8

*Darko v. Sessions*,
   342 F.Supp.3d 429 (S.D.N.Y. 2018) .......................................................................................... 1

*Diaz Ortiz v. Tompkins*,
   2019 U.S.Dist.LEXIS 14155 (D.Mass., Jan. 29, 2019) ......................................................... 1, 10

*Doe v. Tompkins*,
   2019 U.S.Dist.LEXIS 22616 (D.Mass., Feb. 12, 2019) ........................................................ 1, 10

*Edquist v. Bidz.com*,
   2013 U.S.Dist.LEXIS 46900 (D.Mass., Mar. 29, 2013) ............................................................. 7

*Faherty v. CVS Pharmacy, Inc.*,
   2011 U.S.Dist.LEXIS 23547 (D.Mass., March 9, 2011) ........................................................... 8

*Garcia-Rubiera v. Calderon*,
   570 F.3d 443 (1st Cir. 2009) ...................................................................................................... 4

*Gen. Tel. Co. of Sw. v. Falcon*,
   457 U.S. 147 (1982) ................................................................................................................... 8

*George v. Nat'l Water Main Cleaning Co.*,
   286 F.R.D. 168 (D.Mass. 2012) ................................................................................................. 8

*Gordon v. Johnson*,
   300 F.R.D. 28 (D.Mass. 2014) ................................................................................................... 4

*Gordon v. Napolitano*,
    No. 3:13-cv-30146 (D. Mass.) ...................................................................................9

*In re Credit Suisse-AOL Sec. Litig.*,
    253 F.R.D. 17 (D.Mass. 2008) ...................................................................................9

*In re New Motor Vehicles Canadian Exp. Antitrust Litig.*,
    522 F.3d 6 (1st Cir. 2008) ..........................................................................................7

*Jimenez v. Nielsen*,
    No. 1:18-cv-10225 (D. Mass.) ...................................................................................9

*McCuin v. Secretary of Health and Human Services*,
    817 F.2d 161 (1st Cir. 1987) ......................................................................................4

*Padilla v. ICE*,
    2019 WL 1506754 (W.D.Wash. Apr. 5, 2019) ..........................................................1

*Pensamiento v. McDonald*,
    315 F.Supp.3d 684 (D.Mass. 2018) ..................................................................1, 2, 10

*Reid v. Donelan*,
    297 F.R.D. 185 (D.Mass. 2014) ......................................................................... *passim*

*Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*,
    559 U.S. 393 (2010) ...................................................................................................3

*Singh v. Holder*,
    638 F.3d 1196 (9th Cir. 2011) ....................................................................................1

*Torrezani v. VIP Auto Detailing, Inc.*,
    318 F.R.D. 548 (D. Mass. 2017) ................................................................................5

*Connor B. ex rel. Vigurs v. Patrick*,
    278 F.R.D. 30 (D. Mass. 2011) ..................................................................................6

*Wal-Mart Stores, Inc. v. Dukes*,
    564 U.S. 338 (2011) ............................................................................................ *passim*

**Statutes**

8 U.S.C. § 1226(a) ............................................................................................... *passim*

**Rules**

Fed. R. Civ. P. 23 .................................................................................................. *passim*

**Other Authorities**

Marshall Project, *How Trump Inherited His Expanding Detention System* (February 12, 2019), https://www.themarshallproject.org/2019/02/12/how-trump-inherited-his-expanding-detention-system ........................................................... 6

TRAC Immigration, *Who is Represented in Iimmigration Court?*, (October 16, 2017), http://trac.syr.edu/immigration/reports/485/ ................................................................... 5

7A Wright & Miller, Federal Practice & Procedure § 1775 (3d ed. 2018) ....................................... 3

## INTRODUCTION

More than a year ago, in two cases presenting the same issue, this Court held that "[r]equiring a non-criminal alien to prove that he is <u>not</u> dangerous and <u>not</u> a flight risk at a bond hearing violates the Due Process Clause," and that the Constitution therefore "requires placing the burden of proof on the government in … custody redetermination hearings" under 8 U.S.C. §1226(a). *Pensamiento v. McDonald*, 315 F.Supp.3d 684, 692 (D.Mass. 2018), *appeal dismissed by gov't*, No. 18-1691 (1st Cir. Dec. 26, 2018) (emphasis in original); *Alvarez Figueroa v. McDonald*, 2018 U.S.Dist.LEXIS 80781, at *14 (D.Mass., May 14, 2018) (same). Since then, this Court has affirmed and reaffirmed that "due process requires that the Government bear the burden to prove an alien's dangerousness or flight risk at a §1226(a) custody redetermination hearing." *Diaz Ortiz v. Tompkins*, 2019 U.S.Dist.LEXIS 14155, at *2 (D.Mass., Jan. 29, 2019); *Doe v. Tompkins*, 2019 U.S.Dist.LEXIS 22616, at *2 (D.Mass., Feb. 12, 2019) (same). Other federal courts have issued similar rulings. *See, e.g.*, *Singh v. Holder*, 638 F.3d 1196, 1203 (9th Cir. 2011); *Padilla v. ICE*, 2019 U.S. Dist. LEXIS 59412, at *26 (W.D.Wash. Apr. 5, 2019); *Darko v. Sessions*, 342 F.Supp.3d 429, 435-36 (S.D.N.Y. 2018) (concluding that, "in accordance with every court to have decided this issue," due process requires the government to bear the burden of proving that detention is justified at a bond hearing under § 1226(a)) (internal citations omitted).

Despite these repeated and emphatic instructions, the government has persisted in putting the burden where it does not belong. Each of the named petitioners – Gilberto Pereira Brito, Florentin Avila Lucas, and Jacky Celicourt – has suffered as a result. Each was detained by ICE in 2019 – i.e., *after* this Court put the government on notice of the requirements of due process in bond hearings under 8 U.S.C. §1226(a). Nevertheless, in each petitioner's bond hearing before

the Boston Immigration Court, he was required to do exactly what due process forbids: "prove that he is <u>not</u> dangerous and <u>not</u> a flight risk…." *Pensamiento*, 315 F.Supp.3d at 692.

The government's actions with respect to the petitioners (and others) have made it clear that, while ICE may have obeyed this Court's orders with respect to the individual petitioners in the cases mentioned above, it will not give due process to Section 1226(a) detainees *as a group* unless and until the Court instructs it to do so. Consequently, the petitioners seek relief here not only for themselves, but on behalf of a class of similarly-situated individuals. Class certification is warranted because the respondents have themselves acted on a class-wide basis, denying due process to *all* Section 1226(a) detainees.

Class certification is appropriate, moreover, because the requirements of Rule 23(a) and (b) are met by the proposed class. The class is sufficiently numerous: it presently numbers in the hundreds and it includes an uncountable number of *future* members who will suffer the same deprivation of due process in the absence of judicial intervention. All members of the class are bound by a common question of law because ICE has thrown an unconstitutional blanket policy over all of them. Petitioners are proper class representatives because their claims are typical of the absent class members and because they and their counsel will adequately and vigorously represent the class. Finally, Rule 23(b)(2) is satisfied here because the respondents have "acted or refused to act on grounds that apply generally to the class" through their conduct of unconstitutional bond hearings and continued detention of individuals after such hearings.

## **PROPOSED CLASS DEFINITION**

All people who, now or in the future, are detained pursuant to 8 U.S.C. §1226(a), and are held in immigration detention in Massachusetts or are otherwise subject to the jurisdiction of the Boston Immigration Court.

# ARGUMENT

Petitioners seek certification of the class described above under Federal Rule of Civil Procedure 23. "By its terms, [Rule 23] creates a categorical rule entitling a plaintiff whose suit meets the specified criteria to pursue his claim as a class action." *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 398 (2010). Class certification is thus appropriate where the proposed class satisfies the four requirements of Rule 23(a) – numerosity, commonality, typicality, and adequacy of representation – and at least one of the categories of Rule 23(b).

As the Court will see, the proposed class here meets all of the requirements of Rule 23(a) and at the very least satisfies the requirements of Rule 23(b)(2). The nature of the case and the class, moreover, work strongly in favor of certification. Rule 23 was enacted to "facilitate the bringing of class actions in the civil-rights area." 7A Wright & Miller, Federal Practice & Procedure §1775 (3d ed. 2018). Particularly in the immigration context, class actions may be the only way to vindicate the civil rights of class members who would not have the ability to present their claims individually for a variety of reasons: because they are in detention; because they lack counsel and the resources to obtain counsel; because their language skills are imperfect; and because they have little or no experience with, or understanding of, U.S. immigration and constitutional law. *See Reid v. Donelan*, 297 F.R.D. 185, 189 (D.Mass. 2014), *reversed on other grounds*, 819 F.3d 486 (1st Cir. 2016) (certifying class of immigration detainees because, among other things, "many do not speak English, a majority do not have counsel, and most are unlikely even to know that they are members of the proposed class"). Consequently, courts in the First Circuit have granted class certification to noncitizens challenging immigration practices and policies on constitutional and statutory grounds. *Id.* at 187; *Gordon v. Johnson*, 300 F.R.D. 28, 29 (D.Mass. 2014).

**I.      The Proposed Class Meets the Requirements of Rule 23(a).**

**A.      Numerosity.**

The proposed class satisfies the requirement that the class be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). The numerosity requirement imposes only a "low threshold," *Garcia-Rubiera v. Calderon*, 570 F.3d 443, 460 (1st Cir. 2009), such that "a class size of forty or more will generally suffice in the First Circuit." *Reid v. Donelan*, 297 F.R.D. at 189. The proponents, moreover, are not required to provide a precise number for class certification, as the court "may draw reasonable inferences from the facts presented to find the requisite numerosity." *McCuin v. Secretary of Health and Human Services*, 817 F.2d 161, 167 (1st Cir. 1987). In addition, the threshold may be relaxed where, as here, "a party seeks only declaratory or injunctive relief, since the inclusion of future members increases the impracticability of joinder." *Reid v. Donelan*, 297 F.R.D. at 189.

The proposed class crosses the numerosity threshold with room to spare. In the Boston Immigration Court, bond hearings are held several times a week, always with the burden of proof on the detainee.[1] As a consequence, 700 detainees received a constitutionally infirm bond hearing in the Boston Immigration Court between November 1, 2018 and May 7, 2019.[2]

The current number of Section 1226(a) detainees alone, therefore, satisfies any reasonable application of the numerosity requirement. Joinder is made additionally impracticable because many, if not most, of these detainees are unrepresented, *see Reid v. Donelan*, 297 F.R.D.

---

[1]    *See* Affidavit of Attorney Elena Noureddine at ¶5 (Dkt. # 1-A).
[2]    *See* Declaration of Sophie Biers at ¶6. 236 bond hearings result in 'no bond,' and of the 260 detainees who were granted bond, 124 remained in detention even after a bond was set (presumably because they could not afford the bond set by the Immigration Court). *Id.* at ¶10.

4

at 189,[3/] and lack the financial resources to bring individual claims. *Torrezani v. VIP Auto Detailing, Inc.*, 318 F.R.D. 548, 554 (D. Mass. 2017) (class certification is favored where the Court "can reasonably infer that substantially all of the class members have limited financial resources….").

The transitory nature of the proposed class may expand the number of class members exponentially, making the current estimate of hundreds of class members "merely the floor for this numerosity inquiry…." *Reid v. Donelan*, 297 F.R.D. at 189. At the very least, the composition of the class is constantly changing as additional immigrants are detained and subjected to improper bond hearings.[4/] The dynamic character of the class makes joinder doubly impracticable. Given the prospective nature of the relief sought in this action, and the fact that immigrants are detained under 8 U.S.C. § 1226(a) on a daily basis, the *existence* of these future members is indisputable, but their identities are "unforeseen" and the dates on which they will suffer a constitutional deprivation are "indeterminate," making their joinder in this lawsuit not just impracticable but "<u>impossible</u>." *Reid*, 297 F.R.D. at 189 (emphasis in original).

### B.     Commonality.

To satisfy Rule 23(a)(2), a petitioner must "demonstrate that the class claims 'depend upon a common contention' and that determining the truth or falsity of that contention 'will resolve an issue that is central to the validity of each one of the claims in one stroke.'" *Connor B. ex rel. Vigurs v. Patrick*, 278 F.R.D. 30, 32 (D. Mass. 2011) (quoting *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011)). The Court must assess the "capacity of a classwide

---

[3/]     *See also* TRAC Immigration, *Who is Represented in Immigration Court?* (October 16, 2017), *http://trac.syr.edu/immigration/reports/485/*.

[4/]     *See* The Marshall Project, *How Trump Inherited His Expanding Detention System* (Feb. 12, 2019), https://www.themarshallproject.org/2019/02/12/how-trump-inherited-his-expanding-detention-system (noting that the average number of people in immigration detention has grown by more than 40 percent during the first two years of the Trump administration).

proceeding to generate common *answers* apt to drive the resolution of the litigation." *Dukes*, 564 U.S. at 350 (internal quotation and citation omitted). Like numerosity, the commonality requirement is "a low bar," *In re New Motor Vehicles Canadian Exp. Antitrust Litig.*, 522 F.3d 6, 19 (1st Cir. 2008), and requires only "a single question of law or fact common to the members of the class." *Dukes*, 564 U.S. at 369.

This case presents at least one question of law that is common to all members of the proposed class: Whether the government, rather than the detainee, must bear the burden of proof in a bond hearing for an immigrant detained under 8 U.S.C. §1226(a). All of the class members either have been, or will be, subjected to a contrary allocation of the burden, and a determination that the government's practice is unconstitutional will therefore "resolve an issue that is central to the validity" of each and every class member's detention. *Dukes*, 564 U.S. at 350 (2011).

It is of no consequence that the details of the dangerousness and flight-risk determinations will vary from class member to class member, or that each class member's request for bond will receive individual consideration by an Immigration Judge even after the Court grants relief. *Reid v. Donelan*, 297 F.R.D. at 191 (granting class certification where the differences between class members concerned the outcome of their eventual bond hearings in Immigration Court, and all members had a common interest in establishing that due process required a bond hearing in the first place). Commonality is not extinguished by the fact that each class member will require fact-finding by an Immigration Judge to determine whether he or she is entitled to release on bond; that would happen only if "individualized fact-finding [were] required to *identify* class members…." *Edquist v. Bidz.com*, 2013 U.S.Dist.LEXIS 46900, at *3 (D.Mass., Mar. 29,2013) (emphasis added). There is no need for such inquiry here: the members of the class can all be identified by the fact that they are, or will be, detained under Section

1226(a). Resolution of the due process issues raised by the petitioners may not *end* the litigation in Immigration Court over each class member's entitlement to release on bond, but it will certainly "drive the resolution of th[at] litigation," which is all that Rule 23(a)(2) requires. *Dukes*, 564 U.S. at 350 (quoting Nagareda, *Class Certification in the Age of Aggregate Proof*, 84 N.Y.U.L. Rev. 97, 132 (2009)).

### C. Typicality.

Where commonality looks to the relationship among class members generally, typicality under Rule 23(a)(3) focuses on the relationship between the proposed class representative and the rest of the class. *See George v. Nat'l Water Main Cleaning Co.*, 286 F.R.D. 168, 176 (D.Mass. 2012) (citing 1 William B. Rubenstein, *Newberg on Class Actions* § 3:26 (5th ed. 2012)). In practice, however, the analysis of typicality and commonality "tend to merge." *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 157 n.13 (1982). To satisfy Rule 23(a)(3), "a class representative must be part of the class and possess the same interest and suffer the same injury as the class members." *Id.* at 156.

Here, the interests of the class representatives and the proposed class members are perfectly aligned. *Cf. Faherty v. CVS Pharmacy, Inc.*, 2011 U.S.Dist.LEXIS 23547, at *6 (D.Mass., March 9, 2011) (noting that the alignment need not be perfect). The named petitioners are members of the class, have suffered the same injury as the proposed class members, and have been injured by the government's application of the same practice and policy to every class member.[5] In such circumstances, the representative's claims are "obviously typical of the claims

---

[5]   *See* Declaration of Melanie Chaput re: Florentin Avila Lucas at ¶ 9, Declaration of Melanie Chaput re: Jacky Celicourt at ¶ 13, and Declaration of Sidra Vitale re: Gilberto Pereira Brito at ¶ 14, all stating that the subjects of the Declarations "received a bond hearing before an immigration judge in the Boston Immigration Court pursuant to 8 U.S.C. § 1226(a)," and that, "[t]he immigration judge required that, in order to be released on bond, [the detainee] bear the burden to prove that he is not a danger or flight risk."

7

… of the class," and satisfy Rule 23(a)(3). *See Baggett v. Ashe*, 2013 U.S.Dist.LEXIS 73202, at *2 (D. Mass. May 23, 2013); *see also Armstrong v. Davis*, 275 F.3d 849, 869 (9th Cir. 2001) (typicality requirement is satisfied when "the cause of the injury is the same—here, the Board's discriminatory policy and practice").

There is, moreover, no risk that issues involving the named petitioners' individual claims will impede their litigation on behalf of the class. As the Court has already seen, the petitioners' claims in this Court do not hinge on the *merits* of their bond applications in the Immigration Court: the habeas petition merely seeks (for all class members) the right to due process in the *conduct* of the Immigration Court proceedings. Because the named petitioners are challenging the same practice and seeking the same relief without regard to the outcome of their own efforts to obtain release on bond, they "can fairly and adequately pursue the interests of the absent class members without being sidetracked by [their] own particular concerns." *In re Credit Suisse-AOL Sec. Litig.*, 253 F.R.D. 17, 23 (D.Mass. 2008).

### D.    Adequacy.

Finally, the named petitioners and their counsel will "fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a)(4). "[T]he interests of the representative party will not conflict with the interests of any of the class members," *Andrews v. Bechtel Power Corp.*, 780 F.3d 124, 130 (1st Cir. 1985), because – as already explained – those interests are perfectly aligned. The named petitioners have alleged the same injuries, arising from the same conduct, and they seek the same injunctive and declaratory relief, which will apply equally to the benefit of all class members.

In addition, "counsel chosen by the representative party is qualified, experienced and able to vigorously conduct the proposed litigation." *Id.* The named petitioners are represented by the American Civil Liberties Union of Massachusetts and its New Hampshire affiliates, and by

Mintz Levin Cohn Ferris Glovsky and Popeo, P.C. Collectively, counsel have significant experience in the areas of immigration law, constitutional law, class action litigation, and habeas corpus actions. *See, e.g.*, *Jimenez v. Nielsen*, No. 1:18-cv-10225 (D. Mass.), *Gordon v. Napolitano*, No. 3:13-cv-30146 (D. Mass.). Counsel have, moreover, devoted significant resources to pursuing the named petitioners' claims before this Court, and "no evidence suggests that their level of commitment will diminish." *Reid v. Donelan*, 297 F.R.D. at 194. For the same reasons, counsel also satisfy the requirements of Rule 23(g) and should be appointed as class counsel.

## II. The Proposed Class Meets the Requirements of Rule 23(b)

"In addition to meeting the four requirements of Rule 23(a)," the petitioners "must show that the proposed class falls into one of the three defined categories of Rule 23(b)." *Reid v. Donelan*, 297 F.R.D. at 192. Here, as in *Reid*, the most applicable category is described in Rule 23(b)(2), which applies when "the party opposing the class has acted or refused to act on grounds generally applicable to the class, so that final injunctive relief or corresponding declaratory relief is appropriate with respect to the class as a whole."

The "prime examples" of Rule 23(b)(2) cases, *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 614 (1997), are civil rights cases like this one, where the claim asserts that the respondents have "engaged in unlawful behavior towards a defined group…." *Reid v. Donelan*, 297 F.R.D. at 193. The rule applies, moreover, where "a single injunction or declaratory judgment would provide relief to each member of the class" (as opposed, for example, to cases in which each class member would need an individual injunction or declaration, or in which each class member would be entitled to an individualized award of money damages). *Dukes*, 564 U.S. at 360-61.

The claims asserted in the petition satisfy these requirements. The government has engaged in unconstitutional behavior towards the entire class. Every member of the class has

9

either received, or has the right to receive, a bond hearing, but the Immigration Court has, to counsel's knowledge, unconstitutionally shifted the burden of proof in *every* Section 1226(a) bond hearing held to date, except where it was specifically instructed to do otherwise by a federal court. And, because every member of the class is entitled to a constitutionally-adequate bond hearing, an appropriate injunction or declaration will provide relief on a class-wide basis. "The key to the (b)(2) class is the indivisible nature of the injunctive or declaratory remedy warranted – the notion that the conduct is such that it can be enjoined or declared unlawful only as to all of the class members or as to none of them. *Dukes*, 564 U.S. at 360.

## CONCLUSION

Petitioners respectfully ask the Court to certify this action as a class action pursuant to Rule 23, and to appoint the undersigned counsel as class counsel.

        Respectfully submitted,

        GILBERTO PEREIRA BRITO, FLORENTIN
        AVILA LUCAS, and JACKY CELICOURT,

        By their attorneys,

        /s/ Susan Finegan
        Susan M. Finegan (BBO # 559156)
        Susan J. Cohen (BBO # 546482)
        Andrew Nathanson (BBO # 548684)
        Mathilda S. McGee-Tubb (BBO # 687434)
        Ryan Dougherty (BBO # 703380)
        MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND
        POPEO, P.C.
        One Financial Center
        Boston, MA 02111
        (617) 542-6000
        smfinegan@mintz.com
        sjcohen@mintz.com

annathanson@mintz.com
msmcgee-tubb@mintz.com
rtdougherty@mintz.com


  /s/     Daniel McFadden
Matthew R. Segal (BBO # 654489)
Daniel McFadden (BBO # 676612)
Adriana Lafaille (BBO # 680210)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF MASSACHUSETTS, INC.
211 Congress Street
Boston, MA 02110
(617) 482-3170
msegal@aclum.org
dmcfadden@aclum.org
alafaille@aclum.org

  /s/     SangYeob Kim
Gilles R. Bissonnette (BBO # 669225)
Henry R. Klementowicz (BBO # 685512)
SangYeob Kim (N.H. Bar No. 266657)*
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NEW HAMPSHIRE
New Hampshire Immigrants' Rights Project
Concord, NH 03301
Tel.: 603.333.2081
gilles@aclu-nh.org
henry@aclu-nh.org
sangyeob@aclu-nh.org

Michael K. T. Tan*
ACLU FOUNDATION IMMIGRANTS' RIGHTS PROJECT
125 Broad Street, 18th Floor
New York, New York 10004
Tel: 212-549-2660
mtan@aclu.org

*Admitted pro hac vice

11

*Attorneys for Petitioners*

Dated: June 18, 2019

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 18, 2019, the above-captioned document was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non-registered participants.

   /s/      Susan Finegan
Susan M. Finegan