# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| GILBERTO PEREIRA BRITO, FLORENTIN AVILA LUCAS, JACKY CELICOURT, <br><br> Petitioners, <br><br> v. <br><br> WILLIAM P. BARR, U.S. Attorney General, et al, <br><br> Respondents. | ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> C.A. No. 1:19-cv-11314-PBS |

## MOTION TO STAY ALL PENDING DEADLINES
## AND HOLD PROCEEDINGS IN ABEYANCE PENDING FIRST CIRCUIT DECISION

Respondents move this Court to stay all deadlines and hold proceedings in this case in abeyance pending the United States Circuit Court of Appeals for the First decision in *Doe v. Smith, et al*, No. 19-1368 (1st Cir. Apr. 18, 2019) (appealing this Court's decision in *Doe v. Smith, et al*, No. 1:18-cv-12266-PBS (D. Mass., Feb. 12, 2019)). Both this case and *Doe* present the identical question of whether the existing procedures for custody redetermination hearings (or "bond hearings") held pursuant to 8 U.S.C. § 1226(a) satisfy the Due Process Clause of the Fifth Amendment to the Constitution.[1] The First Circuit has already issued a briefing schedule in the *Doe* appeal and the Government anticipates filing its opening brief well in advance of the July 29, 2019 deadline. Insofar as the outcome of the appeal in *Doe* will have a significant bearing on the claims presented in this case, there is good cause for a stay of proceedings pending the outcome of *Doe*. Indeed, if the First Circuit determines that the current bond

---

[1] In *Doe*, the Government appealed this Court's holding that the Due Process Clause requires placing the burden of proof on the Government in bond proceedings under section 1226(a) by referencing the Court's own prior ruling in *Pensamiento v. McDonald*, 315 F. Supp. 3d 684 (D. Mass. 2018). *Doe v. Smith*, No. 1:18-cv-12266, ECF No. 36, at 5 (D. Mass., Feb. 12, 2019).

1

proceedings do not deprive aliens of their constitutionally protected due process rights, this action could be rendered moot in its entirety.[2]

In the event the Court denies this motion, Respondents request 30 days from the date of the Court's order on this motion in which to file a response to Petitioners' petition for writ of habeas corpus petition (ECF No. 1) and a response to their motion for class certification (ECF Nos. 17, 18).

## I. Standard governing a request to stay proceedings

"Absent a statute or rule to the contrary, federal district courts possess the inherent power to stay pending litigation when the efficacious management of court dockets reasonably requires such intervention." *Marquis v. F.D.I.C.*, 965 F.2d 1148, 1154-55 (1st Cir. 1992) (citing *Landis v. North Amer. Co.*, 299 U.S. 254-55 (1936)); *New Balance Athletic Shoe, Inc. v. Converse, Inc.*, 86 F. Supp. 3d 35, 36 (D. Mass. 2015) (citing *Landis*, 299 U.S. at 254–55) ("[e]very court is vested with the power to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants"). While stays should not be "cavalierly dispensed," a stay of proceedings is often appropriate where there is good cause, where it is for a reasonable duration, and where it is consistent the parties' respective equities. *Id*. (citing *Ainsworth Aristocrat Int'l Pty. Ltd v. Tourism Co. of P.R.*, 818 F.2d 1034, 1039 (1st Cir. 1987). In this case, both the "first-to-file" rule and judicial economy constitute good cause for a stay of proceedings.

## II. The first-to-file rule favors a stay of proceedings.

The First Circuit has expressed "[o]bvious concerns" when two separate cases with similar parties and subject matter are pending at the same time, including "wasted resources

---

[2] In accordance with Local Rule 7.1, Respondents discussed this motion with counsel for Petitioners on June 24, 2019, and on June 25, 2019, counsel for Petitioners indicated that they intend to oppose the motion.

because of piecemeal litigation, the possibility of conflicting judgments, and a general concern that the courts may unduly interfere with each other's affairs." *TPM Holdings v. Intra-Gold Indus.*, 91 F.3d 1, 4 (1st Cir. 1996). Accordingly, district courts in the First Circuit have applied a "first-to-file" rule when considering motions to stay proceedings, including in immigration cases. *See Thakkar v. United States*, No. 18-CV-11323-MPK, 2019 WL 1993782, at *5, 9 (D. Mass. May 6, 2019) (granting a stay of proceedings in a case concerning a challenge of a naturalization application because a separate action was already considering the same issues). Under this rule, the district court considers: 1) which case was filed first; 2) the similarity of the parties involved; and 3) the similarity of the issues in the cases. *Id.* Here, all three factors favor a stay of proceedings. First, no dispute exists that *Doe* precedes Petitioners' habeas petition. Second, the parties in both cases are substantially similar: all detainees are all held under section 1226(a) and are within the geographical jurisdiction in question. Third, both cases contain the same underlying issue: whether the existing procedures governing bond proceedings under section 1226(a) – which require that the detainee, rather than the Government, bear the burden of proof – are sufficient for due process purposes.

Respondents recognize that Petitioners submit additional related claims, including issues relating to detainees' ability to pay, alternative conditions of supervision, and claims under the INA and the APA. *See* ECF No. 1 at 23 at 23-24. Nevertheless, insofar as the *Doe* appeal presents the question of whether the existing procedures for aliens detained under section 1226(a) satisfy due process, the First Circuit's ruling in that case is likely – at the very least – to provide useful guidance in assessing Petitioners' claims. Should the First Circuit hold that such existing procedures fully satisfy due process, in fact, that holding may very well be dispositive of all of Petitioners' constitutional claims. Accordingly, the existence of Petitioners' related claims

regarding ability to pay and alternative conditions of supervision does not weigh against a stay of proceedings under the "first-to-file" rule.[3]

### III. Judicial economy favors a stay of proceedings.

A stay of proceedings in this case while the same issue is on appeal would also preserve judicial economy. *See Mitchell v. U.S. Airways, Inc.*, 858 F. Supp. 2d 137, 146 (D. Mass. 2012), *aff'd sub nom. Brown v. United Airlines, Inc.*, 720 F.3d 60 (1st Cir. 2013) (granting the parties' joint motion to stay proceedings pending the First Circuit's decision in a related appeal). A decision from the First Circuit in *Doe* may very well alter the legal landscape in which this case is being litigated and, at a minimum, will provide both the parties and this Court with additional guidance regarding Plaintiffs' claims. Proceeding in this case without the benefit of the First Circuit's forthcoming decision in *Doe* thus presents a substantial risk that the parties and the Court will devote considerable time and resources to developing arguments that superseding case law may soon foreclose.

Concerns with judicial economy are particularly evident with respect to this specific case, given that Plaintiffs have brought their claims as a putative class action, and. indeed, have already moved for class certification. *See* ECF Nos. 1, 17, 18. In class actions, courts may stay proceedings "pending resolution of another [case] which, 'even if it should not dispose of all the questions involved, would certainly narrow the issues in the pending cas[e] and assist in the determination of the questions of law involved.'" *Taunton Gardens Co. v. Hills*, 557 F.2d 877, 879 (1st Cir. 1977) (quoting *Landis*, 299 U.S. at 253–54)). As noted above, the First Circuit's

---

[3] To the extent Plaintiffs also attempt to challenge the Board of Immigration Appeals' decision in *Matter of Adeniji*, 22 I. & N. Dec. 1102 (BIA 1999) under the Administrative Procedure Act, *see* ECF No. 1, at 24, Respondents understand that claim to be subsidiary to the primary due process argument.

forthcoming decision in *Doe* will undoubtedly narrow the issues and assist in the resolution of the relevant questions of law. Moreover, even apart from whether Plaintiffs' claims are amenable to class wide resolution,[4] proceeding in this putative class action presents the risk of a scenario in which the Court issues a ruling affecting hundreds of detainees[5] that is later superseded by a subsequent First Circuit decision. Avoiding this scenario, and the potential need for remedial proceedings for putative class members is thus another reason why the Court should stay these proceedings.

### IV. A stay or proceedings is consistent with the parties' respective equities

As noted above, the First Circuit has already issued a briefing schedule in *Doe*, and the Government anticipates filing its opening brief well in advance of the July 29, 2019 deadline. A decision from the First Circuit in *Doe* is thus likely in the reasonable foreseeable future. And because, regardless of what decision the First Circuit reaches, that decision would most certainly shed light on the legal issues that are at the crux of Plaintiffs' claims, Plaintiffs will not be unduly prejudiced by awaiting that decision. This is particularly true with respect to Plaintiff Gilberto Pereira Brito, whom ICE released from custody earlier today. *See* Ex. A. With respect to Plaintiffs Lucas and Celicourt, Plaintiffs allege that they have both appealed the denial of release on bond to the BIA and that those appeals remain pending. Regulations also permit

---

[4] Defendants anticipate opposing Petitioners' motion for class certification on several grounds, one of which is the fact that, in each of its prior rulings in similar cases brought by individual habeas petitioners, the Court deemed it necessary to conduct an individualize assessment of prejudice. *See e.g. Pensamiento v. McDonald*, 315 F. Supp. 3d 684, 693 (D. Mass. 2018). *Doe v. Smith*, No. 1:18-cv-12266, ECF No. 36, at 5 (D. Mass., Feb. 12, 2019); *Cf. Maldonado-Velasquez v. Moniz*, 274 F. Supp. 3d 11, 13-14 (D. Mass. 2017) (granting the Government's motion to dismiss where habeas petitioner could not show prejudice, and declining to reach the burden of proof question).

[5] Petitioners allege that 268 detainees were denied bond in the Boston and Hartford immigration courts and that these detainees would be members of the proposed class. *See* ECF. No. 1 at 22.

individuals detained under section 1226(a) to seek a subsequent redetermination upon a showing that the alien's circumstances have materially changed. 8 C.F.R. § 1003.19(e). Accordingly, it remains possible that either or both of these individuals may ultimately be released through the ordinary administrative channels even before the First Circuit reaches a decision in *Doe*.

The Government, on the other hand, has a strong interest in maintaining uniformity in the procedures governing bond hearings under section 1226(a). Indeed, proceeding in this case risks the emergence of a rule that applies to 1226(a) bond proceedings only within the District of Massachusetts (or which are otherwise subject to the jurisdiction of the Boston Immigration Court) while immigration courts throughout the rest of the country continue to apply the rule reflected in the Board's 1999 decision, *Matter of Adeniji*, 22 I. & N. Dec. 1102 (BIA 1999).

### V.     Conclusion

For the reasons set forth above, Respondents move this Court to stay the deadlines in the present matter and hold proceedings in abeyance during the pendency of *Doe v. Smith, et al*, No. 19-1368 (1st Cir. Apr. 18, 2019). Alternatively, if the Court denies Respondents' request to stay all deadlines and hold proceedings in abeyance, Respondents request that they be afforded 30 days from the date of the Court's order denying this motion in which to file their response to Petitioners' habeas petition and motion for class certification.

DATE: June 25, 2019                              Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General
Civil Division

WILLIAM C. PEACHEY
Director
Office of Immigration Litigation
District Court Section

ELIANIS N. PÉREZ
Assistant Director

J. MAX WEINTRAUB
Senior Litigation Counsel

C. FREDERICK SHEFFIELD
Senior Litigation Counsel

*/s/ Huy M. Le*
HUY M. LE
M.A. BBO No. 697256
Trial Attorney
United States Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 353-4028
Facsimile: (202) 305-7000
E-mail: Huy.M.Le2@usdoj.gov

*Attorneys for Respondents*

## CERTIFICATE OF SERVICE
Civil No. 1:19-cv-11314-PBS

I hereby certify that this document will be filed through the electronic filing system of the Court, which system will serve counsel for all parties, on this 25th day of June 2019.

Dated: June 25, 2019                                   */s/ Huy M. Le*
                                                       By: HUY M. LE
                                                       Trial Attorney

## CERTIFICATE OF RULE 7.1 CONFERENCE

I hereby certify that, in accordance with Local Rule 7.1, Respondents discussed this motion with counsel for Petitioners on June 24, 2019, and on June 25, 2019, counsel for Petitioners indicated that they intend to oppose the motion.

Dated: June 25, 2019                                   */s/ Huy M. Le*
                                                       By: HUY M. LE
                                                       Trial Attorney