## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF MASSACHUSETTS

GILBERTO PEREIRA BRITO,
FLORENTIN AVILA LUCAS, and JACKY
CELICOURT, individually and on behalf of
all those similarly situated,

*Plaintiffs-Petitioners,*

v.

WILLIAM BARR, et al.,

*Defendants-Respondents.*

Case No. 19-11314-PBS

**FILED UNDER SEAL**

## AFFIDAVIT OF MELANIE M. CHAPUT, ESQ.
## WITH REGARD TO JACKY CELICOURT

1.  I am an immigration attorney and have been practicing immigration law since 1999. My law office is located in Nashua, New Hampshire.

2.  I represent Jacky Celicourt in proceedings before the Boston Immigration Court. This affidavit is being prepared based on my personal knowledge and my work on Mr. Celicourt's case, including a review of various documents relating to it. All documents attached as exhibits to this declaration are true and accurate copies.

3.  Mr. Celicourt was born in Haiti and is 37 years old. ▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮ *See* Ex. A (Celicourt Decl.).

4.  Mr. Celicourt was politically active in Haiti ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

5.      In November 2017, Mr. Celicourt was attacked by armed men in a black truck. *See* Ex. A (Celicourt Decl.). The men tried to run over him and fired guns at him. *See id.* They came back around with their truck and continued to look for him. *See id.* Mr. Celicourt escaped that incident by hiding for many hours, first under a car, and then in some tall grass. *See id.* As he hid, he could hear the men saying that they were going to find and kill him. *See id.*

6.      Mr. Celicourt fled his home after that incident. *See* Ex. A (Celicourt Decl.). A few weeks later, he left Haiti for the Dominican Republic. *See id.* But he did not feel safe there either.

7.      On March 12, 2018, Mr. Celicourt arrived in the United States with a tourist visa.

8.      Since approximately April 2018, he has lived in Nashua, New Hampshire, working in construction and roofing.

9.      On December 13, 2018, Mr. Celicourt was arrested in Nashua, New Hampshire, and charged with Theft by Unauthorized Taking Between $0 and $1,000. *See* Ex. B (docket). The charge arose from an allegation that, during a shopping trip at a discount store, he purchased several items (gloves and socks), but failed to pay for a pair of "earbud" headphones that cost $5.99. *See* Ex. C (police report). Mr. Celicourt was released on personal recognizance. *See* Ex. D (bail order).

10.     On January 16, 2019, Mr. Celicourt appeared in court in Nashua, New Hampshire, for arraignment on the shoplifting charge. *See* Ex. B (docket). He pled guilty and was fined $310.00. *See id.* Court staff have informed my office that the fine is suspended for one year.

11.     Mr. Celicourt does not have a criminal record, other than this one dispute over merchandise worth less than $6.00.

12.     ICE arrested Mr. Celicourt on January 16, 2019, as he walked out of the courtroom. That same day, ICE made a custody determination that Mr. Celicourt would be detained during his removal proceedings. *See* Ex. E (Form I-286). ICE issued a Notice to Appear to Mr. Celicourt dated January 24, 2019. *See* Ex. F (NTA).

13.    Mr. Celicourt requested a bond hearing before an immigration judge. The hearing occurred on February 7, 2019, in the Boston Immigration Court. I represented him at this hearing. The immigration judge required that, in order to be released on bond, Mr. Celicourt bear the burden to prove that he is not a danger or flight risk. *See* Ex. G (bond hearing transcript).

14.    In connection with the bond hearing, I submitted information including letters of support and the docket and police report from his case in New Hampshire. *See* Exs. B, C, & H. I also submitted a written motion containing further information about the Mr. Celicourt's personal background and the day of his arrest. *See* Ex. I (bond motion). Among other things, this motion explained that, on the day of his arrest, Mr. Celicourt was at a discount store purchasing a pair of socks and gloves. *See id.* He also decided to purchase a pair of earbuds worth $5.99. *See id.* He then used the earbuds to answer a call while still walking through the store, and placed them in his pocket at the conclusion of the call. *See id.* At the checkout area, he purchased the socks and gloves, but forgot that the earbuds were in his pocket. *See id.* When confronted by the store clerk, he offered to pay for them. *See id.* She asked him for his identification. *See id.* On seeing his Haitian identification, she told him, "I don't want your money, I want you deported back to your country" or words to that effect, and then she called the police. *See id.*

15.    In addition to these written submissions, two friends of Mr. Celicourt were in the courtroom during his bond hearing and were prepared to testify on his behalf.

16.    The immigration judge denied bond. *See* Ex. J (bond order). In his oral explanation of the decision, the immigration judge cited as grounds that (1) Mr. Celicourt had overstayed his visa; (2) that Mr. Celicourt had worked without authorization; and (3) that Mr. Celicourt had been convicted of taking earbuds worth $5.99, which, according to the immigration judge, "appears to be a crime involving moral turpitude." *See* Ex. G (bond hearing transcript).

17.    Based on these factors, the immigration judge found Mr. Celicourt had "failed to prove he's not a danger to property or a flight risk." *See* Ex. G (bond hearing transcript).

18.    On February 21, 2019, I submitted an application on Mr. Celicourt's behalf for asylum, withholding of removal and protection under the Convention Against Torture, based on the high probability that, if he is removed to Haiti, he will be persecuted or tortured based on his political activities.

19.    An evidentiary hearing on that application was held on April 10, 2019. Mr. Celicourt's affidavit, submitted with that application, is attached as Exhibit A. He also provided additional information through testimony.

20.    At that hearing, the immigration judge found that Mr. Celicourt was "a credible witness." Nevertheless, the immigration judge denied Mr. Celicourt's applications for asylum, withholding of removal, and protection under the Convention Against Torture, and ordered him removed to Haiti. *See* Ex. K (denial and removal order).

21.    On May 9, 2019, on Mr. Celicourt's behalf, I filed an appeal of the immigration judge's denial of relief and order of removal. *See* Ex. L (Notice of Appeal). That appeal remains pending, and no briefing schedule has yet been set by the BIA. My understanding is that the record of the proceedings is being assembled for the appeal, and, once it is ready, briefing deadlines will be set. After briefs are filed, the BIA will likely take several months or more to resolve the case. At that point, if the BIA agrees that the immigration judge erred, it may remand the case to him for a new hearing, which could be followed by additional appeals. If the BIA affirms the decision of the immigration judge, then Mr. Celicourt may petition for review of that decision to the U.S. Court of Appeals for the First Circuit.

22.    Mr. Celicourt has been held in immigration detention continuously since January 16, 2019, pursuant to 8 U.S.C. § 1226(a). Without an adequate bond hearing, he will likely remain detained throughout the pendency of his immigration proceedings. He has already been in jail for more than six months.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Melanie M. Chaput

June 17, 2019
Date

# Exhibit A

Exhibit Intentionally Excluded

# Exhibit B

9TH CIRCUIT - DISTRICT DIVISION - NASHUA

# CASE SUMMARY
## CASE NO. 459-2019-CR-00025

State v. Jacky Celicourt

§
§
§
§
§

Location: 9th Circuit - District Division - Nashua

Filed on: 12/28/2018

---

### CASE INFORMATION

| Offense Jurisdiction: Nashua | Statute | Deg | Date | Case Type: | Criminal |
|---|---|---|---|---|---|
| 1. Theft by Unauthd Taking $0-$1000 | 637:3 | VIOL | 12/13/2018 | Case Status: | |
| ChargeID: 1577691C   ACN: 007025J181577691001 | | | | | 01/16/2019 Closed |
| *Filed As:* Theft by Unauthd Taking $0-$1000 | MISDB | | 12/28/2018 | | |
| Arrest: 12/13/2018 | | | | | |

---

### PARTY INFORMATION

| Defendant | Celicourt, Jacky |
|---|---|
| | *Black Female  Height 5'9"  Weight 170*  *Age: 37* |
| Arresting Agency | Nashua Police Department  PO Box 785  Nashua, NH 03061 |

---

| DATE | EVENTS & ORDERS OF THE COURT | INDEX |
|---|---|---|
| 12/19/2018 | Bail Order | *Index #1* |
| 01/02/2019 | Complaint As Accepted For Filing | |
| 01/16/2019 | **Arraignment on Complaint**  *interpreter requested through language bank 1/3/19 HB* | |
| 01/16/2019 | **Plea** (Judicial Officer: Introcaso, Julie A)  1. Theft by Unauthd Taking $0-$1000  Guilty | |
| 01/16/2019 | **Disposition** (Judicial Officer: Introcaso, Julie A)  1. Theft by Unauthd Taking $0-$1000  Finding of Guilty | |
| 01/16/2019 | **Sentence** (Judicial Officer: Introcaso, Julie A)  1. Theft by Unauthd Taking $0-$1000  Sentenced  Fees  Fines: $310.00  Condition - Adult:  1. Good Behavior for One Year, no contact with ocean state job lot, 01/16/2019, Active 01/16/2019 | |
| 01/16/2019 | **Acknowledgement and Waiver of Rights** (Judicial Officer: Introcaso, Julie A )  Party: Defendant  Celicourt, Jacky | *Index #2* |

A TRUE COPY ATTEST

Clerk

①

*Printed on 01/29/2019 at 12:27 PM*

9TH CIRCUIT - DISTRICT DIVISION - NASHUA

# CASE SUMMARY
## CASE NO. 459-2019-CR-00025

A TRUE COPY ATTEST

Clerk



*Printed on 01/29/2019 at 12:27 PM*

Exhibit C



**Nashua Police Department**
**Arrest Report**

Page: 1
01/29/2019

N.H.

Arrest #: 18-89322-AR
Call #: 18-89322

```
     Date/Time Reported: 12/13/2018 @ 1809
      Arrest Date/Time: 12/13/2018 @ 1830
     Booking Date/Time: 12/13/2018 @ 1840

                  TN #:
                 Court: 9TH_CIRCUIT_NASHUA
            Court Date: 01/16/2019 @ 0815
     Reporting Officer: PATROLMAN LAUREN COLLINS
      Booking Officer: DETENTION SPECIALIST II JOHN YAGER
     Approving Officer: LIEUTENANT TODD MARTYNY

           Signature: _____
```

```
Bail For Court: 9TH_CIRCUIT_NASHUA          Set: 12/13/2018 @ 2321
                Personal Recognizance Set 0.00
                Personal Recognizance Set
   Bail Set By: KR KATHY ROY
  Bail Payment: 12/13/2018 @ 2321 by Personal Recognizance $0.00
  Bail Paid By: Defendant
      Released: 12/13/2018 @ 2321

           Signature: _____
```

| # | DEFENDANT(S) | SEX | RACE | AGE | SSN | PHONE |
|---|---|---|---|---|---|---|
| 1 | CELICOURT, JACKY | M | B | 37 | | |

```
Military Active Duty: N
              HEIGHT: 509        WEIGHT: 170        HAIR: BLACK     EYES: BLACK
                BODY: SLIM                     COMPLEXION: NOT AVAIL.
                 DOB: ▓▓▓▓▓▓▓             PLACE OF BIRTH: HAITI
      LICENSE NUMBER: NOT AVAIL.              ETHNICITY: NOT HISPANIC
```

_____ [APPEARANCE] _____

GLASSES WORN: NO

_____ [FAMILY/EMPLOYMENT INFORMATION] _____

EMPLOYER/SCHOOL: UNEMPLOYED

③

# Nashua Police Department
## Arrest Report

**Page: 2**
**01/29/2019**

### Arrest #: 18-89322-AR
### Call #: 18-89322

| # | DEFENDANT(S) | SEX | RACE | AGE | SSN | PHONE |
|---|---|---|---|---|---|---|

---

**[RIGHTS/BOOKING CHECKS]**

```
              PHONE USED: N
        ARRESTEE SECURED: Y  12/13/2018   1850
        ARRESTEE CELL #: AM10

         FINGERPRINTED: Y
         PHOTOGRAPHED: Y
                VIDEO: ADULT
        SUICIDE CHECK: Performed
              PERSONS: State&Federal
   NCIC VEHICLE CHECK: Not Performed
     INJURY OR ILLNESS: N
```

| # | OFFENSE(S) | ATTEMPTED | TYPE | CLASS |
|---|---|---|---|---|

LOCATION TYPE:  Department/Discount Store     Zone: Sector 4
OCEAN STATE JOB LOT #411
300 MAIN ST
NASHUA NH 03060

1   Theft by Unauthd Taking $0-$1000                N            Misdemeanor   A
                    637      3                            A
               OCCURRED: 12/13/2018   1808

| # | VICTIM(S) | SEX | RACE | AGE | SSN | PHONE |
|---|---|---|---|---|---|---|
| 1 | OCEAN STATE JOB LOT | | | | | 603-557-8863 |

VICTIM CONNECTED TO OFFENSE NUMBER(S): 1

| # | OTHER PROPERTIES | PROPERTY # | STATUS |
|---|---|---|---|

1   EARBUD HEADPHONES WITH CASE                    Recovered (Previously Stolen)
    QUANTITY: 1              VALUE: $5.99
    SERIAL #: NOT AVAIL
       DATE: 12/16/2018
   RECOVERED: 1          VALUE: $5.99          DATE: 12/13/2018
      OWNER: OCEAN STATE JOB LOT



Nashua Police Department                                    Page: 1
2018/12/13 1809 HRS: INITIAL
Ref: 18-89322-AR

On December 13, 2018, at approximately 1809 hours, I responded to Ocean State Job Lot located at 300 Main Street for a report of a shoplifter.

Upon my arrival, I made contact with the Loss Prevention employee **VICKI GRAY** who was speaking with the male in question **JACKY CELICOURT (DOB:** ▮▮▮▮▮ **)**. Gray informed me she watched Celicourt walk into the book isle, where there are no surveillance cameras, with three items in his hands. Once in this isle, Gray watched Celicourt open one of the items, put something from the package in each of his front pants pocket before placing the rest of the package on the shelf. Gray furthered Celicourt then responded to one of the stores points of purchase and purchased the two remaining items in his hand which happened to be a pair of winter gloves and a pair of socks. During his purchase, Gray stated Celicourt never removed the either item he had placed into his pants front pockets. According to Gray, she confronted Celicourt at the stores exit and questioned him about what Celicourt had placed in his pants front pockets. It was at this time Celicourt removed headphones from one of his pants pockets and a headphone case from the other front pants pocket and handed the items to Gray. Gray then responded to the book isle where she located an open Earbud headphones packaging which was missing the headphones and headphone case. Gray asked Celicourt to wait with her until police responded in order for them to speak with him which Celicourt complied with.

I then began speaking with Celicourt who handed me an identification card from Haiti identifying himself as Jacky Celicourt. I asked Celicourt if he had attempted to steal the headphones and the case which Celicourt stated he had but when Gray confronted him he handed them over to her and apologized. Celicourt stated he opened the Earbud headphone packaging and put the headphones in one of his pants pockets and the headphone case in the other. Celicourt then apologized. It should be noted this Earbud headphone package cost $5.99. I noted Celicourt was holding an Ocean State Job Lot plastic shopping bag which contained winter gloves and socks Celicourt purchased from this store. There was a receipt within Celicourt's shopping bag confirming Celicourt purchased these two items before making his way to the stores exit. Gray informed me Ocean State Job Lot would like to prosecute for this theft. It should be noted Gray took custody of the stolen merchandise to secure it as evidence. I informed Celicourt he was under arrest for Theft by Unauthorized Taking and placed him into handcuffs which were checked for proper fit and double locked. I then secured Celicourt into the rear of my police cruiser and transported him to the Nashua Police Department where he was booked per department SOP by Detention Specialist Yager. Up to this point, Celicourt was speaking to me in broken English without an issue however during the booking processes Celicourt asked for a translator. Yager contacted a 911 translator to translate for Celicourt during the booking process. Once the booking process was complete I signed and swore to the truthfulness and accuracy of the criminal complaint in front of Justice of the Peace Sara Anderson subsequently ending my involvement in this incident.

Nothing Further
Officer Collins #87



Exhibit D

30 Spring St
Nashua NH



# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
http://www.courts.state.nh.us

Court Name: _9th Circuit — Nashua District Court_

Case Name: _Jacky Celicourt_ ▮▮▮▮▮▮▮▮

Case Number:
(if known)

## CIRCUIT COURT BAIL ORDER

Police Dept. _Nashua_   Agency Case Number: _18-89322_

| Date of Offense | Offense | Misd. A | Misd. B |
|---|---|---|---|
| 12/13/18 | Theft By Unauth Taking 637:3 | ☒ | ☐ |
| | | ☐ | ☐ |
| | | ☐ | ☐ |

It is hereby ordered, pending ☒ arraignment ☒ trial ☐ other hearing
on _Wed Jan 16, 2019_ at _8:15_ ☒ AM ☐ PM , that the defendant:
☒ Be released on personal recognizance.

☐ Be detained for not more than 72 hours to allow for filing of a probation violation.

**Defendant's release is subject to the following conditions:**
Defendant shall not commit a federal, state or local crime while on release, must appear at all court proceedings as ordered and must advise the court in writing of all changes of address within 24 hours.

1. ☐ Shall have no contact, direct or indirect, or through a third party with _____
   within _____ feet of where that person(s) may be.
2. ☒ Shall live at: ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
3. ☐ Shall not travel outside of New Hampshire.
4. ☐ Shall not possess a firearm, destructive device, dangerous weapon, or ammunition.
5. ☒ Shall refrain from excessive use of alcohol, and use of a narcotic drug or controlled substance as defined in RSA 318-B.
6. ☐ Shall follow all terms and conditions of probation and/or parole.
7. ☐ The Criminal Bail Protective Order issued on _____ remains in full force and effect.
8. ☒ Other: _Def must stay off all property of Ocean State Job Lot, 300 Main St, Nashua NH_

_no criminal history_

The Court determines that the above conditions will:
A. ☐ not reasonably assure the appearance of defendant as required by a *preponderance of the evidence* for the following reasons:

_____

_____

_____

NHJB-2369-D (09/17/2018)          Page 1 of 3

Case Name: _____ Celicourt _____

Case Number: _____

ORDERS AND CONDITIONS OF BAIL

A1. ☐ Having found that the following order imposing a financial condition will not be the sole cause for the defendant's continued detention, the court orders that the defendant shall be released on $ _____ cash or corporate surety bail.

**AND/OR The Court determines that:**

B. ☐ release will endanger the defendant or the public by *clear and convincing evidence* for the following reasons:

_____

_____

_____

**Therefore the Court orders that the defendant:**

B1. ☐ be placed in preventive detention. (See RSA 597:2, IV(a)).

☐ and/or such other restrictions as set forth below:

_____

_____

_____

B2. ☐ Having found that the following order imposing a financial condition will not be the sole cause for the defendant's continued detention, the court orders that the defendant shall be released on $ _____ cash or corporate surety bail.

**Defendant Information:**

Name: _Jacky Celicourt_ _____ DOB: ██████████

Physical address: ██████████████████████████████

Mailing address (If different): _____

Home phone #: _____ Cell phone #: ████████ mail: ____

_____
Defendant Signature

**So Ordered:**

__12__ / __13__ / __18__
Date

_Kathy A Roy_
Signature of Bail Commissioner

Bail commissioner fee $ __40__

KATHY A-ROY
Name of Bail Commissioner

☐ Approved

☐ Approved as modified

☐ See Supplemental Bail Order

_____
Date

_____
Signature of Judge

_____
Name of Judge

☐ County Attorney/AGs Office      ☐ Sheriff's Department          ☐ Defendant

☐ Defense Counsel                 ☐ NH Department of Corrections  ☐ Surety

☐ House of Corrections            ☐ Other _____

NHJB-2369-D (09/17/2018)          Page 2 of 3

Exhibit E

 

DEPARTMENT OF HOMELAND SECURITY
## NOTICE OF CUSTODY DETERMINATION

Alien's Name: CELICOURT, JACKY

A-File Number: ███████

Date: 01/16/2019

Event ID: MAN1901000074

Subject ID: 363605860

Pursuant to the authority contained in section 236 of the Immigration and Nationality Act and part 236 of title 8, Code of Federal Regulations, I have determined that, pending a final administrative determination in your case, you will be:

[x] Detained by the Department of Homeland Security.

[ ] Released (check all that apply):

    [ ] Under bond in the amount of $ _____

    [ ] On your own recognizance.

    [ ] Under other conditions. [Additional document(s) will be provided.]

STEVENS, TIMOTHY
_____
Name and Signature of Authorized Officer

01/16/2019 03:27 PM
_____
Date and Time of Custody Determination

SDDO
_____
Title

ICE ERO MANCHESTER Sub Office 275 Chestnut Street, Room 210
MANCHESTER, NH US 03077
_____
Office Location/Address

You may request a review of this custody determination by an immigration judge.

[✓] I acknowledge receipt of this notification, and

    [✓] I do request an immigration judge review of this custody determination.

    [ ] I do not request an immigration judge review of this custody determination.

X _____
Signature of Alien

JAN 15 2019
_____
Date

The contents of this notice were read to CELICOURT, JACKY in the SPANISH language.
    (Name of Alien)    (Name of Language)

ANOLI, JOSEPH
_____
Name and Signature of Officer

_____
Name or Number of Interpreter (if applicable)

DEPORTATION OFFICER
_____
Title

Exhibit F

U.S. Department of Homeland Security

**Notice to Appear**

**In removal proceedings under section 240 of the Immigration and Nationality Act:**

Subject ID: ▮▮▮▮▮▮          FINS: 1191228718

DOB: ▮▮▮▮▮▮          File No: ▮▮▮▮▮▮

Event No: MAN1901000074

In the Matter of:

Respondent:   JACKY CELICOURT          _currently residing at:_

▮▮▮▮▮▮▮▮▮▮▮▮▮▮                    ▮▮▮▮▮▮▮▮

(Number, street, city and ZIP code)          (Area code and phone number)

☐  1. You are an arriving alien.

☐  2. You are an alien present in the United States who has not been admitted or paroled.

☒  3. You have been admitted to the United States, but are removable for the reasons stated below.

The Department of Homeland Security alleges that you:

1. You are not a citizen or national of the United States;

2. You are a native of HAITI and a citizen of HAITI;

3. You were admitted to the United States at MIAMI, FLORIDA on or about MARCH 12, 2018 as a nonimmigrant B-2 VISITOR FOR PLEASURE with authorization to remain in the United States for a temporary period not to exceed SEPTEMBER 11, 2018;

4. You remained in the United States beyond SEPTEMBER 11, 2018 without authorization from the Immigration and Naturalization Service or its successor the Department of Homeland Security.

On the basis of the foregoing, it is charged that you are subject to removal from the United States pursuant to the following provision(s) of law:

Section 237(a)(1)(B) of the Immigration and Nationality Act (Act), as amended, in that after admission as a nonimmigrant under Section 101(a)(15) of the Act, you have remained in the United States for a time longer than permitted, in violation of this Act or any other law of the United States.

☐  This notice is being issued after an asylum officer has found that the respondent has demonstrated a credible fear of persecution or torture.

☐  Section 235(b)(1) order was vacated pursuant to: ☐ 8CFR 208.30(f)(2) ☐ 8CFR 235.3(b)(5)(iv)

YOU ARE ORDERED to appear before an immigration judge of the United States Department of Justice at:

JFK Federal Building 15 New Sudbury St, Room 320 Boston MA 02203. EOIR Boston, MA

*(Complete Address of Immigration Court, including Room Number, if any)*

on To be set.          at To be set.          to show why you should not be removed from the United States based on the

   *(Date)*          *(Time)*

charge(s) set forth above.          TIMOTHY STEVENS          SDDO

*(Signature and Title of Issuing Officer)*

Date: January 24, 2019          MANCHESTER, NH

This Notice to Appear Supersedes the Notice to Appear issued on January 16, 2019          *(City and State)*

**See reverse for important information**

Form I-862 (Rev. 08/01/07)

**Notice to Respondent**

**Warning:** Any statement you make may be used against you in removal proceedings.

**Alien Registration:** This copy of the Notice to Appear served upon you is evidence of your alien registration while you are under removal proceedings. You are required to carry it with you at all times.

**Representation:** If you so choose, you may be represented in this proceeding, at no expense to the Government, by an attorney or other individual authorized and qualified to represent persons before the Executive Office for Immigration Review, pursuant to 8 CFR 3.16. Unless you so request, no hearing will be scheduled earlier than ten days from the date of this notice, to allow you sufficient time to secure counsel. A list of qualified attorneys and organizations who may be available to represent you at no cost will be provided with this notice.

**Conduct of the hearing:** At the time of your hearing, you should bring with you any affidavits or other documents, which you desire to have considered in connection with your case. If you wish to have the testimony of any witnesses considered, you should arrange to have such witnesses present at the hearing.

At your hearing you will be given the opportunity to admit or deny any or all of the allegations in the Notice to Appear and that you are inadmissible or removable on the charges contained in the Notice to Appear. You will have an opportunity to present evidence on your own behalf, to examine any evidence presented by the Government, to object, on proper legal grounds, to the receipt of evidence and to cross examine any witnesses presented by the Government. At the conclusion of your hearing, you have a right to appeal an adverse decision by the immigration judge.

You will be advised by the immigration judge before whom you appear of any relief from removal for which you may appear eligible including the privilege of departure voluntarily. You will be given a reasonable opportunity to make any such application to the immigration judge.

**Failure to appear:** You are required to provide the DHS, in writing, with your full mailing address and telephone number. You must notify the Immigration Court immediately by using Form EOIR-33 whenever you change your address or telephone number during the course of this preceeding. You will be provided with a copy of this form. Notices of hearing will be mailed to this address. If you do not submit Form EOIR-33 and do not otherwise provide an address at which you may be reached during proceedings, then the Government shall not be required to provide you with written notice of your hearing. If you fail to attend the hearing at the time and place designated on this notice, or any date and time later directed by the Immigration Court, a removal order may be made by the immigration judge in your absence, and you may be arrested and detained by the DHS.

**Mandatory Duty to Surrender for Removal:** If you become subject to a final order of removal, you must surrender for removal to one of the offices listed in 8 CFR 241.16(a). Specific addresses on locations for surrender can be obtained from your local DHS office or over the internet at http://www.ice.gov/about/dro/contact.htm. You must surrender within 30 days from the date the order becomes administratively final, unless you obtain an order from a Federal court, immigration court, or the Board of Immigration Appeals staying execution of the removal order. Immigration regulations at 8 CFR 241.1 define when the removal order becomes administratively final. If you are granted voluntary departure and fail to depart the United States as required, fail to post a bond in connection with voluntary departure, or fail to comply with any other condition or term in connection with voluntary departure, you must surrender for removal on the next business day thereafter. If you do not surrender for removal as required, you will be ineligible for all forms of discretionary relief for as long as you remain in the United States and for ten years after departure or removal. This means you will be ineligible for asylum, cancellation of removal, voluntary departure, adjustment of status, change of nonimmigrant status, registry, and related waivers for this period. If you do not surrender for removal as required, you may also be criminally prosecuted under section 243 of the Act.

**Request for Prompt Hearing**

To expedite a determination in my case, I request an immediate hearing. I waive my right to a 10-day period prior to appearing before an immigration judge.

Before: _____     _____
                                              *(Signature of Respondent)*

_____     Date: _____
*(Signature and Title of Immigration Officer)*

**Certificate of Service**

This Notice To Appear was served on the respondent by me on <u>January 24, 2019</u>, in the following manner and in compliance with section 239(a)(1)(F) of the Act.

[X] in person          [ ] by certified mail, returned receipt requested          [ ] by regular mail

[ ] Attached is a credible fear worksheet.

[X] Attached is a list of organization and attorneys which provide free legal services.

The alien was provided oral notice in the _____ Spanish _____ language of the time and place of his or her hearing and of the consequences of failure to appear as provided in section 240(b)(7) of the Act.

x _refused to s_____          IVAN 4737 GONZALEZ     Deportation Officer
*(Signature of Respondent if Personally Served)*                     *(Signature and Title of officer)*

Exhibit G

# In the Matter of:

*In RE: Jackie Celicort*

---

*Hearing*

*February 07, 2019*

---

*68 Commercial Wharf • Boston, MA 02110*
*888.825.3376 - 617.399.0130*
*Global Coverage*
*court-reporting.com*



COMMONWEALTH OF MASSACHUSETTS

UNITED STATES IMMIGRATION

Case no. ██████████

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

IN RE:                              \*

JACKIE CELICOURT,                   \*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

HEARING HELD ON FEBRUARY 7, 2019

BEFORE THE HONORABLE JUDGE MARIO J. STURLA

APPEARANCES:

For the DHS:            CHRISTY DiORIO, ESQ.


For the Respondent:     MELANIE M. CHAPUT, ESQ.



Transcription Service:  Mary Indomenico, ACT, CET
                        Perfect In Print
                        212 Vineland Avenue
                        East Longmeadow, MA   01028
                        (413) 746-1778




Proceedings recorded by electronic sound recording;
transcript produced by transcription service.

In RE: Jackie Celicort

2

```
 1        THE COURT:  This is United States Immigration,
 2  Judge Mario J. Sturla presiding in custody redetermination
 3  proceedings in the Boston Massachusetts Immigration Court
 4  in the matter of Jackie Celicourt, ███████████  the date is
 5  February 7, 2019.
 6        The respondent is appearing via tele video from the
 7  Strafford County House of Corrections in Dover, New
 8  Hampshire, where he is detained by the DHS.  Present on
 9  behalf of DHS, is Assistant Chief Counsel Christy DiOrio.
10  Present on behalf of the respondent is Attorney Melanie M.
11  Chaput.
12        Good afternoon, Ms. Chaput.
13        MS. CHAPUT:  Good afternoon, Your Honor.
14        THE COURT:  The courthouse is also joined by a
15  telephonic Haitian Creole interpreter.
16        Madam Interpreter, good afternoon.  Please state
17  your name.
18        MS. DELVER:  (Indiscernible) Delver (phonetic).
19        THE COURT:  Thank you, ma'am.  Have you been sworn
20  in today?
21        MS. DELVER:  Yes, Your Honor.
22        THE COURT:  All right.  To the respondent through
23  the Haitian Creole interpreter who's previously been sworn
24  in.
```

In RE: Jackie Celicort

1    Good afternoon, sir, please state your name?

2  THROUGH INTERPRETER

3    MR. CELICOURT:  Good afternoon, my name is Jackie

4  Celicourt.

5    THE COURT:  Thank you, sir.  And this is your bond

6  hearing.  I am here to speak with your attorney and the

7  government's attorney to determine whether or not a bond

8  should be set in your case, understood?

9    MR. CELICOURT:  Yes, yes sir.

10    THE COURT:  Bond Exhibit 1 is a DHS Form I-286,

11  notice of custody determination, reflected that on January

12  16, 2019, the DHS determined to hold the respondent

13  without bond, pending removal proceedings.  Respondent did

14  request a review of that on January 15th of 2019.  Bond

15  Exhibit 2, is a warrant for the respondent's arrest, I-200

16  issued on January 16, 2019.  Bond Exhibit 3 is a thirteen-

17  page submission received today, motion for bond

18  determination, Tab A as in apple through B as in boy,

19  which is an eighteen-page brief, along with a -- it looks

20  like a case summary for theft by unauthorized taking in

21  the amount of zero dollars to $1,000, closed on  January

22  16, 2019.  He was found guilty, and there's a police

23  report of this as well.  There's also a letter from a

24  ███████████ (phonetic) and some other individuals.

4

1      All right.  Any additional documents from either

2  party?

3      MS. CHAPUT:  No, Your Honor.

4      THE COURT:  All right, thank you.  Bond Exhibit

5  number 4 is a Form I-213, record of deportable

6  inadmissible alien.  Bond Exhibit number 5 is a December

7  13, 2018 police report, along with a financial affidavit

8  and application for court-appointed counsel.

9      Any objections to Bond Exhibits 1 through 5?

10     MS. CHAPUT:  No, Your Honor.

11     THE COURT:  All right, Ms. Chaput, why don't you go

12  ahead and proffer to why you believe your client is not a

13  danger to persons or property or a flight risk.

14     MS. CHAPUT:  Thank you, Your Honor.  My client is a

15  37-year-old male who entered the United States from Haiti

16  with a tourist visa on March 12, 2018.  He's remained in

17  the United States since that date.

18     He originally was in -- staying in Miami, Florida,

19  and he moved to Nashua, New Hampshire where he's lived for

20  the past ten months.

21     He's been working in construction and working to

22  support himself since he entered.

23     He had previously traveled to the United States on

24  two occasions with a tourist visa in 2006 and 2007.  And

5

1 | on those two occasions, he did not overstay his visa.

2 | However, Your Honor, on his last entry, he did not

3 | return to Haiti because he fears persecution.  The

4 | respondent experienced past persecution in Haiti.  He was

5 | attacked with a car in an attempted kidnaping.  He was a

6 |

7 |

8 |

9 |

10 |

11 |

12 | He'd work to

13 | and the respondent believes he was targeted

14 | because of his political activity and organization and the

15 | attempted kidnaping.

16 | The respondent

17 | He fears returning there, because he's afraid

18 | he'll be persecuted.  He hopes that

19 |

20 |

21 | The respondent was served with an NTA on January

22 | 16, 2019.  He's been charged with overstaying his tourist

23 | visa; he's been detained for about two weeks.  He was

24 | apprehended by ICE at the District Court in Nashua, New

6

1  Hampshire, where he had appeared to answer a shoplifting

2  charge, Your Honor.

3       I've included the documents at Tab A, which

4  includes the disposition of the case, as well as the

5  police report.  This is his only contact that he's had

6  with law enforcement since he's been in the United States,

7  including on his previous two entries.

8       And Your Honor, just to give you an idea of what

9  the incident of shoplifting is, I understand that, you

10  know, it is -- it would most likely be considered a crime

11  of moral turpitude, something that my client takes

12  seriously.  But what I think I described to you the facts

13  of the case, you'll understand it's not as serious as it

14  may appear.

15       My client was shopping at an Ocean State Job Lots,

16  which is a discount store in Nashua, New Hampshire.  He

17  was planning to purchase a pair of inexpensive headphones,

18  the cost of which was $5.99. But in the meantime, he was -

19  - received a phone call on his cell phone, and in order to

20  be polite to the other shoppers, he thought he would use

21  the headphones and pay for the packet -- you know, pay for

22  it as he left the store.  The conversation he had was an

23  intense conversation, lasted almost an hour as he was

24  shopping around the store.  In the meantime, he also

In RE: Jackie Celicort

```
 1   picked up two other items.  He went to the front of the
 2   store to pay for his items, and he had put the headphones
 3   and his phone together in the pocket, and forgot to pay
 4   for the headphones.
 5         At the -- after the point of purchase, he was
 6   confronted by a security guard in the store who accused
 7   him of stealing the headphones.  He offered to pay for the
 8   headphones at that time.  They refused to accept his
 9   money, instead called the Nashua Police Department.
10         When the Nashua Police came, the security guard
11   indicated in the police report that he had, you know,
12   basically purposely gone to an aisle, had taken the
13   package and put it out purposely, and then put the
14   headphones in his -- in his pants in order to steal them.
15         The police report also says that, "I asked
16   Celicourt if he had attempted to steal the headphones and
17   the case, which Celicourt stated he had.  But when Grey
18   (phonetic) confronted him, he handed over to her and
19   apologized."
20         My client disputes that he ever said that to the
21   police officer.  And I understand, Your Honor, that, you
22   know, the officer isn't here to you know, testify.  But I
23   would say that, you know, my client essentially made a
24   mistake.
```

1          However, despite making this mistake, he attended
2   his court hearing in Nashua, New Hampshire.  He did plead
3   guilty and paid a find of $310.  And he accepts
4   responsibility for the fact that what he did was not --
5   was wrong.
6          He appeared in court, and like I said, he's already
7   paid the fine when he was apprehended by ICE without
8   incident.
9          My client has worked in the Nashua, New Hampshire -
10  - or has been living in the Nashua, New Hampshire area for
11  eight months.  And despite the short time in the U.S., he
12  has many community ties --
13          THE COURT:  Did he have authorization to work?
14          MS. CHAPUT:  He did not.
15          THE COURT:  Did he apply for asylum?
16          MS. CHAPUT:  He has not yet applied.  His deadline
17  -- his one-year filing deadline will be March 12, 2019.
18          Today one -- there's eight letters, Your Honor,
19  from people in the Nashua community supporting his case.
20          In addition, ███████████(phonetic), who's a U.S.
21  citizen, is here in the courtroom today who's a resident
22  of Canton, Massachusetts, she's here in support of his
23  case.  She had met him in 2014 in the Dominican Republic
24  on a mission trip, where he helped her and they're good

9

1  friends.
2      So, despite a short time in the U.S., Your Honor,
3  he does have strong community ties to the Nashua, New
4  Hampshire area.
5      THE COURT:  Was he living in the Dominican
6  Republic?
7      MS. CHAPUT:  I believe that he has traveled into
8  the Dominican Republic on regular occasions --
9      THE COURT:  Okay --
10      MS. CHAPUT:  -- but I'm not --
11      THE COURT:  Does he -- does he have any type of
12  papers or permission to live in the Dominican Republic?
13      MS. CHAPUT:  He does not, Your Honor.
14      THE COURT:  So, is he working in the Dominican
15  Republic as well?
16      MS. CHAPUT:  I can ask him.  I don't want to make a
17  proffer on something I haven't discussed earlier with him.
18      THE COURT:  All right.  If you don't know, that's
19  fine.
20      MS. CHAPUT:  All right, Your Honor.
21      So, Your Honor, I would argue that my client is not
22  a flight risk.  That he's not a danger to the community.
23  That, you know, he's a personal good moral character
24  besides this contact with immigration -- or, I'm sorry,

10

1   with the police.  And we would ask, Your Honor, that a
2   minimum bond be set in this matter.
3        THE COURT:  Thank you.  DHS?
4        MS. DiORIO:  Your Honor, in regard to
5   (indiscernible) this issue with the police.  I
6   specifically note that it's not (indiscernible) specific
7   offense, because (indiscernible).  Or it does not
8   undermine the fact that the respondent does actually have
9   (indiscernible) the respondent alleges and this issue with
10  the police report state that he didn't give them to the
11  police officer, but he intended to steal the headphones in
12  question, the fact remains that there is a conviction for
13  this crime.
14       Additionally, the police report does
15  (indiscernible) specifically that parts of the package had
16  been placed back on the shelf.  It doesn't mention
17  anything about the respondent wandering around for an hour
18  using the headphones as (indiscernible) to the Court.
19       Because of this, Your Honor, the fact that it was
20  (indiscernible), we'd request that the bond
21  (indiscernible).
22       THE COURT:  Ms. Chaput, do you have any indication
23  of a fixed address here?
24       MS. CHAPUT:  Yes, Your Honor.  I have the address

11

1  that he's been living at here.

2       THE COURT:  Do you have a lease or any utility

3  bills or anything like that?

4       MS. CHAPUT:  I don't.  I do have, you know, the

5  witnesses that are here today could certainly testify to

6  his fixed address in Nashua, New Hampshire.  They've known

7  him for the last eight months and they visit him

8  regularly.  His address is ███████████████ in

9  Nashua, but I don't have a lease.

10      THE COURT:  All right.  Anything further from

11  either party?

12      MS. DiORIO:  No, Your Honor.

13      MS. CHAPUT:  No, Your Honor.

14      THE COURT:  Okay.  So, the Court is confronted with

15  an individual who recently overstayed his visa less than a

16  year ago.  So, that's one flight risk factor against him.

17  He also worked without employment authorization.  So, he's

18  not following the laws here.  Additionally, while the

19  respondent disputes that he was actually stealing,

20  ultimately I am duty bound to give full faith and credit

21  to the respondent's unauthorized taking conviction out of

22  New Hampshire, which appears to be a crime involving moral

23  turpitude.

24       So, based on those factors, I find he's failed to

12

1   prove he's not a danger to property or a flight risk.

2        Ms. Chaput, did you wish to reserve appeal?

3        MS. CHAPUT:  Yes, Your Honor.

4        THE COURT:  All right.  That appeal would be due no

5   later than March 11, 2019.

6        To the respondent through the Haitian Creole

7   interpreter:  Sir, I have denied your bond request.

8        Your attorney, however, has reserved your absolute

9   right to appeal.

10       Any appeal would be due no later than March 11,

11  2019.

12       Understand?

13       All right.  With that, a bond order will issue.  We

14  stand adjourned in bond proceedings.

15

16  (Court recessed.)

17

18

19

20

21

22

23

24

13

C E R T I F I C A T I O N

I, MARY INDOMENICO, AN APPROVED COURT

TRANSCRIBER, DO HEREBY CERTIFY THAT THE FOREGOING IS A

TRUE AND ACCURATE TRANSCRIPT FROM THE AUDIO RECORDING

PROVIDED TO ME BY THE OFFICE OF MINTZ LEVIN, IN THE

PROCEEDINGS IN THE ABOVE ENTITLED MATTER.

I, MARY INDOMENICO, FURTHER CERTIFY THAT THE

FOREGOING IS IN COMPLIANCE WITH THE ADMINISTRATIVE OFFICE

OF THE TRIAL COURT DIRECTIVE  ON TRANSCRIPT FORMAT.

I, MARY INDOMENICO, FURTHER CERTIFY THAT I

NEITHER AM COUNSEL FOR, RELATED TO, NOR EMPLOYED BY ANY OF

THE PARTIES TO THE ACTION IN WHICH THIS HEARING WAS TAKEN,

AND FURTHER THAT I AM NOT FINANCIALLY NOR OTHERWISE

INTERESTED IN THE OUTCOME OF THE ACTION.


Mary C. Indomenico


June 12, 2019

212 Vineland Avenue, East Longmeadow, MA 01028

413-746-1778


perfectinprint@aol.com

In RE: Jackie Celicort

Hearing
February 07, 2019

In RE: Jackie Celicort

In RE: Jackie Celicort

Hearing
February 07, 2019

In RE: Jackie Celicort



# Exhibit H

To whom it may concern:

This letter comes from ██████████ and Family, we vache for Jacky Celicourt. He is a very helpful person and reasonable. Whenever i've asked him for help he has been there. Jacky is up for any task and handles it with responsibility. I can give faith and testimony that Jacky Celicourt is a very excellent person to everyone.

Sincerely,



6

To whom it may concern:

    This letter is to let you know that I, ███████████ vouch for Jacky Celicourt. He is a very hard-working gentleman and for the time that I have known him he has never shown any disrespect for anyone. Jacky is very responsible and one of the most helpful human being that I know. Jacky is a very family-oriented man that only wants the best for ██████████████

Sincerely,



To whom it was concern:

I,  vouch for Jacky Celicourt. I am a good friend of Jacky, actually he has been living in my house for about 6 months. I don't have anything bad to about him; he is a very friendly and responsible person. My wife and I find ourselves as good friends of Jacky.

Sincerely,



To whom it was concern:

I, ▓▓▓▓▓▓ vouch for Jacky Celicourt. All I have to say about Jacky is that he is a very good person and super friendly. He's kind with my children and is very responsible. I see Jacky as a well trusted person who has respect for other.

Sincerely,



⑨

To whom it may concern:

I, ▮▮▮▮▮▮▮ vouch for Jacky Celicourt. I've known Jacky since i came to the United states. I've always seen and known him as a hard working person. Jacky was always there if you need a hand and even just hanging out with our family. He is very responsible when he has to do a task and gives his all, also overall he's a well known man who many people trust. Since i've known Jacky's he works hard to help ▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮

Sincerely,



10

02/06/19

To whom it may concern

My name is ███████████ and I will like to say I have known Jacky Celicourt for 4-6 months and he is a great person with awesome attitude

If you wish to contact me please email-



02/06/19

To whom it may concern

Hello, my name is ███████████████
and I will like to inform To Whom It May
Concern I have known Jacky Celicourt for about
2 years and sometime now, he is a great person
with great values.



02/06/19

To whom it may concern

My name is ███████ and I will like to say that I have known Jacky Celicourt for around 2 years and I have nothing bad to say about Jacky. He is a great human being, very kind men.

If you wish to contact me please email me-
███████████████████



13

# Exhibit I

Melanie M. Chaput
Chaput Law Office
46 Bridge Street, Unit G
Nashua, NH 03062
EOIR #IO998616

**DETAINED**

## UNITED STATES DEPARTMENT OF JUSTICE
## EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
## IMMIGRATION COURT
## BOSTON, MASSACHUSETTS

| | |
|---|---|
| In the Matter of: | ) |
| | ) |
| Jackie CELICOURT | ) |
| | ) |
| Respondent | ) |
| | ) |

**IN REMOVAL
PROCEEDINGS**

Next Hearing: February 7, 2019 at 1:00 pm
Immigration Judge:  The Honorable Mario J. Sturla

## MOTION FOR BOND REDETERMINATION

1.      The Respondent is a 37-year old male who entered the United States from Haiti with a tourist visa on March 12, 2018.  He has remained in the United States since that date.  He first lived in Miami, Florida for one month.  He then moved to Nashua, New Hampshire, where he has lived for the last 10 months. The Respondent has worked in construction and roofing to support himself since he entered.

2.      He had previously traveled to the United States on two occasions with his tourist visa in 2006 and 2007.  On these occasions he did not overstay his visa.  On his last entry, he did not return to Haiti because he fears persecution.  The Respondent experienced past persecution in Haiti.  He was attacked with a car in an attempted kidnapping. ███████████████████
███████████████████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████████████████

3.      ███████████████████████████████████████      He fears returning to Haiti because he will be persecuted again if he returns to Haiti. ████████████████████████████████
███████████████████████████████████████████████████████████████████████████

4.      The Respondent was served with an NTA on January 16, 2019.  He is being charged for overstaying his tourist visa, pursuant to INA §237(a)(i)(B).  He has been detained for almost two weeks.  The Respondent was apprehended by ICE without incident at the District Court in Nashua, NH when he appeared before them to answer a shoplifting charge.

5.      The Respondent has had only one contact with law enforcement since being in the United States.  He was convicted of Theft by Unauthorized Taking $0-1000.  He appeared in court and paid his fine of $310.  See attached as Exhibit A, Certified Copy of Court records from the 9th Circuit District Division Nashua, NH on January 16, 2019 and police report.  He appeared at all his hearings and paid all the fines in his case.

6.      This incident stemmed from a mistake by the Respondent when he was at an Ocean State Job Lots, a discount store in Nashua.  He wanted to purchase a pair of inexpensive headphones and while he was in the store he received a phone call.  He opened the package of headphones and used them to speak on the phone while he shopped in the store.  When he went up to the front of the store to pay for his other items, a pair of winter gloves and socks he forgot he had placed the headphones worth $5.99 in his pocket.  When confronted by the store security he offered to pay for the item.  Instead, the security officer asked to see his identification.  Seeing that he only had his Haitian passport as identification, she stated, "I don't want your money I want you deported back to your country."  The police were called and the Respondent was unable to pay for his purchase even though he had more than enough money with him to cover this expense.  The police report of this incident states that the Respondent admitted he attempted to take these items, but the Respondent contends that he never made such as statement as he always intended to pay for these items.  The prosecutor at his hearing convinced him that he should simply plead guilty to the offense so that he did not have to return to court.  The

2

Respondent understands that he made a mistake in not paying for the items and accepted responsibility for his mistake and paid the fine requested by the court.

7.    The Respondent has many community ties to the Nashua, NH area, including many friends who have financed his legal case and written letters on his behalf.  See attached as Exhibit B, eight (8) letters from friends.  He lived and worked in Nashua, NH for over eight (8) months before he was detained by ICE.  The Respondent intends to file for asylum, withholding of removal and relief under the Torture Convention.  He is still within the one-year filing deadline which in his case will be March 12, 2019.  The Respondent has no criminal convictions that would bar him from relief.  The Respondent fears persecution if he were to return to Haiti and he intends to apply for asylum and withholding of removal.

8.    The Respondent fears returning to Haiti and would like the opportunity to be able to better prepare his applications and ███████████████████████ if he is released from custody. He will comply with all requirements for appearance in court, submission of forms and biometrics.  There is a strong likelihood that he will be granted relief from removal.

9.    The Respondent is not a danger to the community.  He has never been charged with or convicted of a violent or crime implicating dangerousness.  Upon his apprehension he fully cooperated with ICE.

10.    The Respondent has a strong work history with no significant gaps in his employment. He has been working in construction in the United States since his arrival in order to support himself and ████████████

11.    The Respondent is not subject to mandatory detention pursuant to INA §236(c) as he has not been convicted of any pertinent criminal offenses in the United States or any other country.

12.    In Matter of Patel, 15 I&N Dec. 666 (BIA 1976), the Board of Immigration Appeals ("BIA") explained that "[a]n alien generally is and should not be detained or required to post bond except on a finding that he is a threat to the national security, or that he is a poor bail risk." Id. at 666 (citations omitted); accord In re: Guerra,  24 I.&N. Dec. 37, 40  (BIA 2006); Matter of Andrade, 19 I.&N. Dec. 488, 489 (BIA 1987).

13. "Immigration Judges may look to a number of factors in determining whether an alien merits release from bond, as  well as the amount of  bond that is appropriate," including but not limited to:
    (1) whether the alien has a fixed address in the United States;
    (2) the alien's length of residence in  the United States;
    (3) the alien's  family  ties in the United States, and whether they may entitle the alien to
         reside permanently in the United States in the future;
    (4) the alien's  employment history;
    (5) the alien's  record  of appearance in court;
    (6) the alien's  criminal record, including the extensiveness of criminal activity, the
         recency of such activity, and  the seriousness of the  offenses;
    (7) the alien's  history of immigration violations;

(8) any attempts by the alien to flee prosecution or otherwise escape from authorities; and
(9) the alien's manner of entry to the United States."
In re Guerra, 24 I.&N. Dec. at 40; Matter of Andrade, 19 I.&N. Dec. at 490.

14.    The Respondent has a fixed address in the United States in Nashua, NH, where he will return at ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ He has a strong work history in the United States. There has been no showing that the Respondent is a threat to national security or that he is a poor bail risk. He is eligible for asylum, withholding of removal and relief under the Torture Convention. He intends to return to his home in Nashua, NH as well as his employment in construction upon his release. The Respondent has an extensive work history and has no significant periods of unemployment.

15.    The Respondent has strong community ties as described above. See attached letters at Exhibit B. These letters describe the Respondent as a hard-working ▆▆▆▆▆▆▆▆▆ ▆▆▆▆▆▆▆▆▆▆. They describe him as a person of good moral character.

16.    As discussed above, the Respondent presents no threat to the safety of the community. The Respondent does not have any criminal record besides the shoplifting charge. He has a history of good behavior.

17.    Respondent is not a flight risk and will appear before the Immigration Court for any hearings. He has never had any issues attending past hearings in the immigration or any other courts. In addition, he has a strong likelihood of success in seeking relief from the immigration court and thus a strong incentive to appear before this court for all future hearings.

18.    For all the above reasons, Respondent respectfully requests that the Court grant him the minimum bond of $1500.

    WHEREFORE, the Respondent's Counsel respectfully requests that the Immigration Court GRANT a minimum bond in this matter.

Respectfully submitted,

2/7/2019
Date

Melanie Marie Chaput, Esq.
Chaput Law Office
EOIR #IO998616
46 Bridge Street, Unit G
Nashua, NH 03060
(603) 883-0085

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion for Bond Redetermination was electronically served and hand delivered on this day to the Department of Homeland Security, Office of District Counsel, 15 New Sudbury Street, Room 425, JFK Federal Building, Government Center, Boston, Massachusetts 02203.

2/7/2019
Date

Melanie Marie Chaput, Esq.
Chaput Law Office
46 Bridge Street Unit G
Nashua, NH 03060
(603) 883-0085

Exhibit J

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
BOSTON, MA

FILE: ███████████

IN THE MATTER OF:

CELICOURT, JACKY

RESPONDENT

IN REMOVAL PROCEEDINGS

ORDER OF THE IMMIGRATION JUDGE
WITH RESPECT TO CUSTODY

Request having been made for a change in the custody status of
respondent pursuant to 8 CFR 236.1(c), and full consideration
having been given to the representations of the Department of
Homeland Security and the respondent, it is hereby

__X__   ORDERED that the request for a change in custody status be
        denied.

_____   ORDERED that the request be granted and that respondent be:

_____   released from custody on his own recognizance

_____   released from custody under bond of $_____

__X__   OTHER  No bond,_____

Copy of this decision has been served on the respondent and the
Department of Homeland Security.

APPEAL:  waived -- reserved ~~████~~ by the respondent, due 3/11/2019 )

BOSTON -- BOSTON DETAINED

Date:  Feb. 7, 2019

MARIO J. STURLA
Immigration Judge

XS

# Exhibit K

UNITED STATES IMMIGRATION COURT
JFK FEDERAL BLDG., ROOM 320
BOSTON, MA  02203

IN THE REMOVAL CASE OF                          CASE NO.: ███████
CELICOURT, JACKY
RESPONDENT

ORDERS

[X] This is a memorandum of the Court's Decision and Orders entered on
    April 10 2019            . This memorandum is solely for the
    convenience of the parties.  The oral or written Findings, Decision
    and Orders is the official opinion in this case.  ( ) Both parties
    waived issuance of a formal oral decision in the case.

[X] The respondent was ordered REMOVED from the United States to
    Hait,                    ( ) in absentia.

[ ] Respondent's application for VOLUNTARY DEPARTURE was DENIED and
    respondent was ordered removed to _____, in the
    alternative to _____.

[ ] Respondent's application for VOLUNTARY DEPARTURE was GRANTED until
    _____, upon posting a voluntary departure bond in the amount
    of $_____ to DHS within five business days from the date of this
    Order, with an alternate Order of removal to _____
    or _____.  Respondent shall present to DHS within
    ( ) thirty days  ( ) sixty days from the date of this Order, all
    necessary travel documents for voluntary departure.

[X] Respondent's application for ASYLUM was ( ) granted  (X) denied
    ( ) withdrawn with prejudice.
    ( ) subject to the ANNUAL CAP under the INA section 207(a)(5).
    ( ) Respondent knowingly filed a FRIVOLOUS asylum application.

[X] Respondent's application for WITHHOLDING of removal under INA
    section 241(b)(3) was ( ) granted  (X) denied  ( ) withdrawn with
    prejudice.

[X] Respondent's application for WITHHOLDING of removal under the Torture
    Convention was ( ) granted  (X) denied  ( ) withdrawn with prejudice.

[ ] Respondent's application for DEFERRAL of removal under the Torture
    Convention was ( ) granted  ( ) denied  ( ) withdrawn with prejudice.

[ ] Respondent's application for CANCELLATION of removal under section
    ( ) 203(b) of NACARA, ( ) 240A(a)  ( ) 240A(b)(1)  ( ) 240A(b)(2)
    of the INA, was ( ) granted  ( ) denied  ( ) withdrawn with prejudice.
    If granted, it was ordered that the DHS issue all appropriate documents
    necessary to give effect to this Order.  Respondent ( ) is  ( ) is not
    subject to the ANNUAL CAP under INA section 240A(e).

[ ] Respondent's application for a WAIVER under the INA section
    _____ was ( ) granted  ( ) denied  ( ) withdrawn or
    ( ) other _____.  ( ) The conditions imposed by
    INA section 216 on the repondent's permanent resident status were removed.

[ ] Respondent's application for ADJUSTMENT of status under section _____
    of the ( ) INA  ( ) NACARA  ( ) _____ was
    ( ) granted  ( ) denied  ( ) withdrawn with prejudice.  If granted,
    it was ordered that DHS issue all appropriate documents necessary to
    give effect to this Order.

CASE NUMBER: 216-310-133        RESPONDENT: CELICOURT, JACKY

[ ] Respondent's status was RESCINDED pursuant to the INA section 246.
[ ] Respondent's motion to WITHDRAW his application for admission was
    ( ) granted ( ) denied.  If the respondent fails to abide by any of
    the conditions directed by the district director of DHS, then the
    alternate Order of removal shall become immediately effective without
    further notice or proceedings:  the respondent shall be removed from
    the United States to _____.
[ ] Respondent was ADMITTED as a _____ until
    _____ .  As a condition of admission, the respondent was
    ordered to post a $ _____ bond.
[ ] Case was ( ) TERMINATED ( ) with ( ) without prejudice
    ( ) ADMINISTRATIVELY CLOSED.
[ ] Respondent was orally advised of the LIMITATION on discretionary
    relief and consequences for failure to depart as ordered.
    [ ] If you fail to voluntarily depart when and as required, you shall
    be subject to civil money penalty of at least $1,000, but not more than
    $5,000, and be ineligible for a period of 10 years for any further
    relief under INA sections 240A, 240B, 245, and 248 (INA Section 240B(d))./
    [ ] If you are under a final order of removal, and if you willfully fail
    or refuse to 1) depart when and as required, 2) make timely application
    in good faith for any documents necessary for departure, or 3) present
    yourself for removal at the time and place required, or, if you conspire
    to or take any action designed to prevent or hamper your departure, you
    shall be subject to civil money penalty of up to $500 for each day under
    such violation,  (INA section 274D(a)).  If you are removable pursuant
    to INA 237(a), then you shall further be fined and/or imprisoned for up
    to 10 years.  (INA section 243(a)(1)).
[ ] Other: _____

_____

_____

Date: April 10, 2019              _____
                                  MARIO J. STURLA, Judge

APPEAL: ( ) waived (X) reserved  by (X) Respondent ( ) DHS ( ) Both

DUE BY: May 10, 2019

CERTIFICATE OF SERVICE
THIS DOCUMENT WAS SERVED BY:  [ ] MAIL      [P] PERSONAL SERVICE
TO:  [P] DHS  [ ] ALIEN  [P] Alien's ATT/REP  [ ] ALIEN c/o Custodial Officer
DATE: 4/10/19   BY: [ ] COURT STAFF  [X] JUDGE  MJS

Y2

Exhibit L

U.S. Department of Justice
Executive Office for Immigration Review
*Board of Immigration Appeals*

OMB# 1125-0002

**Notice of Appeal from a Decision of an Immigration Judge**

**1.**   List Name(s) and "A" Number(s) of all Respondent(s)/Applicant(s):

Jacky CELICOURT, ▮▮▮▮▮▮▮▮

WARNING: Name(s) and A Number(s) to which the appeal relates. If from prior Judge's decision must be listed on this Form (Form) Attorney/Representative if the appeal concerns another respondent(s) may be required.

**2.**   I am ☑ the Respondent/Applicant   ☐ DHS-ICE   *(Mark only one box.)*

**3.**   I am ☑ DETAINED   ☐ NOT DETAINED   *(Mark only one box.)*

**4.**   My last hearing was at   Boston, MA   *(Location, City, State)*

**5.**   ┌─────────────────────────────────────────────────────────────
**What decision are you appealing?**

*Mark only one box below. If you want to appeal more than one decision, you must use more than one Notice of Appeal (Form EOIR-26).*

☑  I am filing an appeal from the Immigration Judge's decision *in merits proceedings* (example: removal, deportation, exclusion, asylum, etc.) dated 04/10/2019 _____

☐  I am filing an appeal from the Immigration Judge's decision *in bond proceedings* dated _____ . (For DHS use only: Did DHS invoke the automatic stay provision before the Immigration Court?   ☐ Yes.   ☐ No.)

☐  I am filing an appeal from the Immigration Judge's decision *denying a motion to reopen or a motion to reconsider* dated _____ .

*(Please attach a copy of the Immigration Judge's decision that you are appealing.)*

Form BOIR-26
Revised Oct. 2016

6. **State in detail the reason(s) for this appeal. Please refer to the General Instructions at item F for further guidance. You are not limited to the space provided below; use more sheets of paper if necessary. Write your name(s) and "A" number(s) on every sheet.**

Please see attached reason for this appeal.

*(Attach additional sheets if necessary)*

7. Do you desire oral argument before the Board of Immigration Appeals?   ☐ Yes   ☑ No

8. Do you intend to file a separate written brief or statement after filing this Notice of Appeal?   ☑ Yes   ☐ No

9.   X   *Melanie Chaput*                                    05/09/2019

Signature of Person Appealing                                 Date
*(or attorney or representative)*

Form EOIR-26
Revised Oct. 2016

**10.**

| Mailing Address of Respondent(s)/Applicant(s) |
|---|
| Jacky CELICOURT |
| (Name) |
| c/o Strafford County HOC, 266 County Farm Rd |
| (Street Address) |
| |
| (Apartment or Room Number) |
| Dover, NH 03820 |
| (City, State, Zip Code) |
| 603-742-3310 |
| (Telephone Number) |

**11.**

| Mailing Address of Attorney or Representative for the Respondent(s)/Applicant(s) |
|---|
| Melanie M Chaput |
| (Name) |
| Chaput Law Office 46 Bridge Street |
| (Street Address) |
| Unit G |
| (Suite or Room Number) |
| Nashua, NH 03060 |
| (City, State, Zip Code) |
| 603-883-0085 |
| (Telephone Number) |

**12.**

### PROOF OF SERVICE (You Must Complete This)

I   Melanie M Chaput                                    mailed or delivered a copy of this Notice of Appeal
        (Name)

on   05/09/2019         to   DHS-ICE, Office of Assistant Chief Counsel
        (Date)                               (Opposing Party)

at   15 New Sudbury Street, Room 425, Government Center, JFK Federal Building, Boston, MA 02203
                (Number and Street, City, State, Zip Code)

SIGN
HERE →   X   _Melanie Chaput_
                                        Signature

### HAVE YOU?

- ☑ Read all of the General Instructions
- ☑ Provided all of the requested information
- ☑ Completed this form in English
- ☑ Provided a certified English translation for all non-English attachments
- ☑ Signed the form

- ☐ Served a copy of this form and all attachments on the opposing party
- ☑ Completed and signed the Proof of Service
- ☐ Attached the required fee or Fee Waiver Request
- ☑ If represented by attorney or representative, attach a completed and signed EOIR-27

**Page 3 of 3**

Form EOIR-26
Revised Oct. 2016

**Addendum to Notice of Appeal to the Board of Immigration Appeals of Decision of Immigration Judge**
**Form EOIR-26**

**Respondent:  Jacky CELICOURT**

        █████████

<u>**Question #6:  Details regarding reasons for Appeal (continued)**</u>

     The Immigration Judge (IJ) erred in denying the Respondent's Applications for Asylum pursuant to INA §208 and 8 U.S.C. §1158(a); Withholding of Removal pursuant to INA §243(h), 8 U.S.C. §1253(h); and for Withholding of Removal under the Torture Convention, pursuant to 8 C.F.R. §208.16(c).

     The IJ found the Respondent to be a credible witness.  However, he determined that despite his credible testimony and over 300 pages of documentation supporting his claim that he did not qualify for relief from removal.

     The IJ erred in failing to find that the Respondent suffered from past persecution on account of his political opinion and membership in a particular social group.  Despite the judge's finding that the Respondent's credible testimony established that he had suffered from past persecution, the IJ concluded that he had not proven that the necessary nexus to his political opinion had been shown. ████████████████████████████████████

████████████████████████████████████████

However, the judge did not properly apply the standard set forth in 8 U.S.C. 1158 (INA 208) which states that in order "To establish that the applicant is a refugee within the meaning of such section, the applicant must establish that race, religion, nationality, membership in a particular social group, or political opinion was or will be **at least one central reason** for persecuting the applicant. (emphasis added)"  In this case, the IJ misapplied the standard and determined that a nexus had not been established, despite the overwhelming evidence provided by the Respondent that he suffered past persecution on the basis of his political opinion.  The IJ failed to apply the standard set forth in Ndayshimiye v. Att'y Gen., 557 F.3d 124 (3d. Cir. 2009).  The IJ ignored the Board's guidance that determined that the Respondent need not show that his political opinion was the "dominant" motivation for persecution.  Instead, Congress' use of the phrase "one central reason" rather than "the central reason was deliberate."  Mixed reasons test should not depend on a hierarchy of central motivations; one among many. The Respondent showed through his credible testimony that his persecutors were motivated by his political opinion as

**Addendum to Notice of Appeal to the Board of Immigration Appeals of Decision of Immigration Judge Form EOIR-26**

**Respondent:  Jacky CELICOURT**

██████████

### Question #6:  Details regarding reasons for Appeal (continued)

there was no other reasonable explanation for their attack on him.  Neither the DHS or the IJ proferred any alternative explanation for why the Respondent was persecuted.

The IJ did not apply the standard put forth in Matter of S-P-, 21 I&N Dec. 486 (BIA 1996) which states that circumstantial evidence of nexus can include: "Treatment of others in the population who might be confronted by government agents in similar circumstances".  In addition, the BIA stated that the IJ must consider "The extent to which suspected political opponents are subjected to arbitrary arrest, detention, and abuse."  The record established that .

████████████████████████████████████████████████████

███████████████████████████.  Thus, based on the totality of the circumstances he proved that he suffered from past persecution on the basis of his political opinion.

In addition, the IJ erred in failing to find that the Respondent proved through clear and convincing evidence that he feared future persecution in Haiti based on his political opinion,

████████████████████████████████████████████████████████████

██████████████████████████████████████.  The Fifth Circuit has clearly stated that, "In order to prove that political opinion was one central reason for persecution, "the alien 'must demonstrate through some evidence, either direct or circumstantial, that the persecutors [knew] of his (the alien's) political opinion and [have] or will likely persecute him because of it.'" Sharma, 729 F.3d at 412 (second alteration in original) (quoting Ontunez-Tursios v. Ashcroft, 303 F.3d 341, 351 (5th Cir. 2002)).  Under the provisions of the REAL ID Act, which apply here, the protected characteristic must be "at least one central reason" for the persecution. 8 U.S.C. § 1158(b)(1)(B)(i). Through the Respondent's credible testimony and documentary evidence the Respondent showed that he fears future persecution on account of his political opinion.████████████████████████████████████████████████████

████████████████████████████████████.  The IJ failed to consider the Respondent's fear of future persecution based on his political opinion.

**Page 2 of 4**

**Addendum to Notice of Appeal to the Board of Immigration Appeals of Decision of Immigration Judge Form EOIR-26**

**Respondent:** Jacky CELICOURT

### Question #6:  Details regarding reasons for Appeal (continued)

Furthermore, the IJ erred in failing to address his claim that he would suffer future persecution based on his membership in a particular social group. The Board in the Matter of W-G-R, 26 I&N Dec. 208 (BIA 2014), clarified that "the 'social visibility' element required to establish a cognizable "particular social group" does not mean literal or "ocular" visibility, that element is renamed as 'social distinction.' *Matter of E-A-G-*, 24 I&N Dec. 591 (BIA 2008); *Matter of S-E-G-*, 24 I&N Dec. 579 (BIA 2008); *Matter of A-M-E- & J-G-U-*, 24 I&N Dec. 69 (BIA 2007); and *Matter of C-A-*, 23 I&N Dec. 951 (BIA 2006), clarified." In addition, it established that "an applicant for asylum or withholding of removal seeking relief based on 'membership in a particular social group' must establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question." The Immigration Judge did not properly apply the precedents in the Fifth Circuit. In *Revencu* the court held that a Respondent "must demonstrate that he is a member "of a group of persons that share a common immutable characteristic that they either cannot change or should not be required to change because it is 'fundamental to their individual identities or consciences.'" Hernandez-De La Cruz v. Lynch, 819 F.3d 784, 786 (5th Cir. 2016) (quoting Orellana-Monson v. Holder, 685 F.3d 511, 518 (5th Cir. 2012)). in *Paiz-Moralez v. Lynch*, 795 F.3d 238 (1st Cir. 2015), and *Mendez-Barrera v. Holder*, 602 F.3d 21, 26 (1st Cir. 2010). *Revencu* v. Sessions, 895 F.3d 396, 401 (5th. Cir. 2018).

The IJ failed to consider the clear and convincing evidence that the Respondent fears future persecution based on his imputed political opinion and membership in a particular social group. The Respondent established he had a well-founded fear of future persecution, he submitted evidence that he had both a subjective and objective fear of returning to Haiti. The Respondent submitted overwhelming evidence and country reports showed that the Respondent had an objective fear of returning to Haiti. Once a subjective fear of persecution is established,

**Addendum to Notice of Appeal to the Board of Immigration Appeals of Decision of Immigration Judge Form EOIR-26**

**Respondent:  Jacky CELICOURT**

<u>**Question #6:  Details regarding reasons for Appeal (continued)**</u>

the applicant need only show that such fear is grounded in reality to meet the objective element of the test; that is, he must present credible, specific and detailed evidence that a reasonable person in his position would fear persecution. The applicant's fear may be well-founded even if there is only a slight, though discernible, chance of persecution. INS v.Cardoza-Fonseca, 480 U.S. at 431 (1987).  The IJ ignored evidence that was submitted that showed that the Respondent met this requirement, including but not limited to evidence that similarly situated individuals to the Respondent had been persecuted.

The IJ failed to consider the Respondent's arguments in regard to his claim for Withholding of Removal based on the Torture Convention.  The IJ provided almost no analysis whatsoever of his claim under the Torture Convention.  He failed to consider evidence presented

Thus, the IJ improperly denied his claim for relief under the Torture Convention.

The Respondent showed by clear and convincing evidence and that it was more likely than not that he would suffer from persecution if he returned to Haiti and thus, the IJ incorrectly held that he did not qualify for Withholding of Removal.  The IJ finding that the Respondent was not eligible for asylum mistakenly concluded that he did not qualify for Withholding of Removal.  In fact, the Respondent presented evidence that met the higher standard that this form of relief requires and should have been deemed qualified for both forms of relief.

Since the Respondent does not yet have the transcript of the proceeding, the Respondent does not limit the issues of appeal to those contained in this document upon further motion to the Board.

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 3, 2019, the above-captioned document was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non-registered participants.

 /s/ Susan M. Finegan
Susan M. Finegan