UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

GILBERTO PEREIRA BRITO, FLORENTIN
AVILA LUCAS, and JACKY CELICOURT,
individually and on behalf of all those similarly
situated,

        *Plaintiff-Petitioners*,

v.

WILLIAM BARR, et al.,

        *Defendant-Respondents*.

Case No. 19-11314-PBS

**MEMORANDUM IN SUPPORT OF
MOTION FOR ENTRY OF FINAL JUDGMENT
ON BEHALF OF THE PROPOSED CLASS**

    Currently pending before the Court is Petitioners' motion to certify a class of present and future 8 U.S.C. § 1226(a) detainees. Petitioners also respectfully move for the expeditious entry of class-wide final judgment. The entry of judgment will halt the government's continuing violation of the constitutional rights of numerous class members, including current detainees who have already been separated from their families for months, and those newly detained.

    The entry of final judgment is particularly appropriate because the questions in this case have been addressed by the Court in its other immigration matters. The Court may therefore affirm that these class members are entitled to at least the same due process protections already established for other immigration detainees through the Court's prior decisions.[1]

---

[1] The Court is empowered to enter final judgment based upon the Petitioners' habeas petition alone. *See Ouimette v. Moran*, 942 F.2d 1, 3 (1st Cir. 1991) ("It is a truism that federal courts have broad discretionary powers when acting on habeas petitions."); *Levy v. Dillon*, 415 F.2d 1263, 1265 (10th Cir. 1969) ("[I]f, at the time the habeas corpus petition is considered, justice requires relief for the applicant, a federal court possesses power to grant any form of

**I.     The Court can now enter judgment that the government bears the burden of proof in civil immigration bond hearings under § 1226(a), and that such hearings must include consideration of conditions of release and the individual's ability to pay.**

The petition in this case raises essentially three issues relating to the conduct of § 1226(a) bond hearings: (1) the allocation of the burden of proof, including the applicable standard of proof; (2) the consideration of conditions of release and other alternatives to detention; and (3) the consideration of a detainee's ability to pay in selecting a bond amount. As described below, the Court has recently decided these issues in identical or closely related contexts, and can enter judgment on them now.

*A.  The Court has already decided that the government bears the burden of proof.*

When the government seeks to detain a person during civil immigration proceedings pursuant to 8 U.S.C. § 1226(a), the Due Process Clause requires that the government prove that such detention is necessary because the individual is dangerous or a flight risk. *See* U.S. CONST. AMEND. V; *Foucha v. Louisiana*, 504 U.S. 71, 81-83 (1992); *United States v. Salerno*, 481 U.S. 739, 752 (1987); *Addington v. Texas*, 441 U.S. 418, 431-33 (1979). This Court has already ruled on multiple occasions that the government must satisfy this burden. *See Pensamiento v. McDonald*, 315 F.Supp.3d 684, 692 (D.Mass. 2018), *appeal dismissed by gov't*, No. 18-1691 (1st Cir. Dec. 26, 2018); *Doe v. Tompkins*, No. 18-12266, 2019 U.S.Dist. LEXIS 22616, at *3 (D.Mass. Feb. 12, 2019), *appeal pending*, No. 19-1368 (1st Cir.); *Diaz-Ortiz v. Tompkins*, No. 18-12600, 2019 U.S.Dist.LEXIS 14155, at *1 (D.Mass. Jan. 29, 2019), *appeal pending*, No. 19-1324 (1st Cir.). This Court's rulings are consistent with the growing national consensus on this issue. *See, e.g.*, *Diaz-Ceja v. McAleenan*, No. 19-824, 2019 WL 2774211, at *10-12 (D. Colo.

---

relief necessary to satisfy the requirement of justice."). Petitioners are nevertheless submitting this motion and a proposed judgment in order to facilitate a resolution of the case.

Jul. 2, 2019); *Brevil v. Jones*, 17-1529, 2018 WL 5993731, at *4 (S.D.N.Y. Nov. 14, 2018); *Darko v. Sessions*, 342 F. Supp. 3d 429, 435 (S.D.N.Y. 2018) ("[T]here has emerged a consensus view that where . . . the government seeks to detain an alien pending removal proceedings, it bears the burden of proving that such detention is justified."); *see also Singh v. Holder*, 638 F.3d 1196, 1205 (9th Cir. 2011). This Court's rulings are also consistent with rulings requiring the government to bear the burden of proof in related immigration contexts, such as bond hearings for arriving aliens held under 8 U.S.C. § 1225(b) and bond hearings for alleged noncitizens subjected to unreasonably prolonged mandatory detention under 8 U.S.C. § 1226(c). *See Reid v. Donelan*, No. 13-30125, 2019 WL 2959085, at *11 (D. Mass. Jul. 9, 2019); *Padilla v. ICE*, No. 18-928, 2019 WL 2766720, at *8 (W.D. Wash. Jul. 2, 2019) & 379 F. Supp. 3d 1170, 1182 (W.D. Wash. 2019). Accordingly, the Court can enter class-wide judgment on this issue now.[2]

  *B. The Court has already articulated a standard of proof.*

  Petitioners assert that the government must prove flight risk and dangerousness by clear and convincing evidence in bond hearings in immigration court. *See* Petition (Docket No. 1) ¶91; *see also Foucha*, 504 U.S. at 81-83; *Addington*, 441 U.S. at 431-33. Other courts addressing bond hearings under § 1226(a) have held that "clear and convincing evidence" is the appropriate standard for both factors. *See Singh*, 638 F.3d at 1205-06; *Brevil*, 2018 WL 5993731, at *4 (collecting cases). However, Petitioners acknowledge that this Court recently held that, when bond hearings become necessary for people detained pursuant to § 1226(c), "due process requires the Government to prove an alien's dangerousness by clear and convincing evidence . . . . [and] an alien's risk of flight by a preponderance of the evidence." *See Reid*, 2019

---

[2] Although the Petition also seeks relief based on certain violations of the Immigration and Nationality Act and Administrative Procedures Act, *see generally* Count II, the Court need not reach these issues if, as in prior cases, it resolves the matter on due process grounds. *See, e.g.*, *Pensamiento*, 315 F. Supp. 3d at 693 n.6.

WL 2959085, at *13; *see also Diaz-Ceja*, 2019 WL 2774211, at *11 (same, in § 1226(a) context).

Although the standard adopted by this Court is consistent with the Bail Reform Act, flight risk determinations for 8 U.S.C. § 1226(a) detainees measure their risk of defaulting on a *civil* proceeding, not a criminal one, and—unlike the criminal context—noncitizens forfeit their rights in these proceedings by defaulting. *See* 8 U.S.C. § 1229a(b)(5) (providing for entry of removal order where removable noncitizen who was notified of hearing does not appear). Moreover, by definition, the class members in this case lack a criminal history that would subject them to mandatory detention under 8 U.S.C. § 1226(c). Consequently, although Petitioners recognize that the Court is likely to apply the same bifurcated standard of proof it ordered in *Reid*, they respectfully assert—and wish to preserve for the potential benefit of the class—the argument that clear and convincing evidence is required.

*C. The Court has already required consideration of conditions and ability to pay.*

In its recent *Reid* decision, the Court also held that, in bond hearings for § 1226(c) detainees, "due process requires that an immigration court consider both an alien's ability to pay in setting the amount of bond and alternative conditions of release such as GPS monitoring that reasonably assure the safety of the community and the criminal alien's future appearances" because "[t]his requirement guarantees that the decision to detain the criminal alien is reasonably related to the Government's interest in protecting the public and assuring appearances at future proceedings." This reasoning is equally applicable to other types of immigration bond hearings, as this Court and others have held. *See, e.g.*, *Hernandez v. Sessions*, 872 F.3d 976, 991 (9th Cir. 2017) (§ 1226(a) detainee); *Doe v. Tompkins*, No. 18-12266, 2019 U.S.Dist. LEXIS 22616, at *5 (D.Mass. Feb. 12, 2019), *appeal pending*, No. 19-1368 (1st Cir.); *Abdi v. Nielsen*, 287 F. Supp.

3d 327, 338 (W.D.N.Y. 2018) (§ 1225(b) detainee). These requirements are also consistent with the terms of the federal Bail Reform Act, which requires that detention be justified by a finding that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," *see* 18 US.C. § 3142(e)(1); and also prohibits any "financial condition that results in the pretrial detention of the person." *See* 18 U.S.C. § 3142(c)(2); *United States v. Mantecon-Zayas*, 949 F.2d 548, 551 (1st Cir. 1991). And in all events, because habeas relief is "above all" an "adaptable" and "equitable" remedy, the Court can order these requirements to ensure its judgment is not illusory—as it would be if, for example, if the immigration courts authorize more bonds but in amounts so high as to constitute *de facto* detention orders. *See Boumediene v. Bush*, 553 U.S. 723, 779-80 (2008); *Schlup v. Delo*, 513 U.S. 298, 319 (1995). The Court should therefore enter judgment on these issues now.

## II. The Court can now enter both declaratory and injunctive relief.

The Court can enter both declaratory and injunctive relief for the class now. *See* Petition (Docket No. 1) at 24-25 (prayer for relief). Neither declaratory nor injunctive relief is barred by 8 U.S.C. § 1252(f)(1), and equitable considerations support entry of an injunction.

First, this Court's prior rulings make clear that Section 1252(f)(1) is no bar to the relief sought in this case. The provision places no limit on declaratory relief. *See Reid*, 2019 WL 2959085, at *15. And it does not strip jurisdiction over the requested injunction in this case because Section 1252(f)(1) only applies to injunctions that "'enjoin or restrain the operation'" of certain provisions of the Immigration and Nationality Act ("INA"), and no provision of the INA sets "procedural rules for bond hearings." *See id.*

Second, as in *Reid*, all of the relevant factors favor the issuance of a permanent injunction. *See* 2019 WL 2959085, at *15 (citing factors favoring entry of permanent injunction listed in *Healey v. Spencer*, 765 F.3d 65, 74 (1st Cir. 2014)). As described above, the plaintiffs have shown an ongoing deprivation of class members' constitutional rights that will, unless enjoined, irreparably harm class members by depriving them of their freedom. *See id.* (citing *Ferrara v. United States*, 370 F. Supp. 2d 351, 360 (D. Mass. 2005)). The burden on the government is minimal because here the government is already required to provide every class member with a bond hearing, and the injunction relates to the procedures to be applied therein. *See id.* Lastly, the public interest supports judicial intervention to protect the constitutional rights of immigration detainees, particularly where the Court's order will prevent the unnecessary separation of alleged noncitizens from their families and communities. *See id.* (citing *Preminger v. Principi*, 422 F.3d 815, 826 (9th Cir. 2005)); *L. v. United States Immigration & Customs Enf't ("ICE")*, 310 F. Supp. 3d 1133, 1148 (S.D. Cal. 2018) (granting classwide injunctive relief base, in part, on "constitutionally protected" public interest in "family integrity and association" during immigration proceedings).

## III.    Conclusion

For all the foregoing reasons, the Petitioners respectfully request that the Court enter the proposed class-wide final judgment.

Respectfully submitted,

 /s/    Susan M. Finegan
Susan M. Finegan (BBO # 559156)
Susan J. Cohen (BBO # 546482)
Andrew Nathanson (BBO # 548684)
Mathilda S. McGee-Tubb (BBO # 687434)

Ryan Dougherty (BBO # 703380)
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.
One Financial Center
Boston, MA 02111
(617) 542-6000
smfinegan@mintz.com
sjcohen@mintz.com
annathanson@mintz.com
msmcgee-tubb@mintz.com
rtdougherty@mintz.com

Matthew R. Segal (BBO # 654489)
Daniel McFadden (BBO # 676612)
Adriana Lafaille (BBO # 680210)
AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF MASSACHUSETTS, INC.
211 Congress Street
Boston, MA 02110
(617) 482-3170
msegal@aclum.org
dmcfadden@aclum.org
alafaille@aclum.org

Gilles R. Bissonnette (BBO # 669225)
Henry R. Klementowicz (BBO # 685512)
SangYeob Kim (N.H. Bar No. 266657)*
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NEW HAMPSHIRE
New Hampshire Immigrants' Rights Project
Concord, NH 03301
Tel.: 603.333.2081
gilles@aclu-nh.org
henry@aclu-nh.org
sangyeob@aclu-nh.org

Michael K. T. Tan*
ACLU FOUNDATION IMMIGRANTS' RIGHTS PROJECT
125 Broad Street, 18th Floor
New York, New York 10004
Tel: 212-549-2660
mtan@aclu.org

*Admitted pro hac vice

*Attorneys for Petitioners*

Dated: July 19, 2019

# CERTIFICATE OF SERVICE

      I hereby certify that this document was served on all registered participants through the Court's CM/ECF system.

Date:   July 19, 2019                                                  /s/_____Susan M. Finegan_____

89574824v.4