UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GILBERTO PEREIRA BRITO, FLORENTIN AVILA LUCAS, and JACKY CELICOURT, individually and on behalf of all those similarly situated,<br><br>        *Plaintiff-Petitioners*,<br><br>v.<br><br>WILLIAM BARR, et al.,<br><br>        *Defendant-Respondents*. | Case No. 19-11314-PBS |

**PETITIONERS' REPLY MEMORANDUM
IN SUPPORT OF THEIR MOTION FOR CLASS CERTIFICATION**

Although the government purports to oppose class certification, its brief actually disputes very little. The government does not dispute any of the allegations in the petition, nor any of the factual assertions made by the supporting affidavits of Elena Noureddine (D.E. 1-1), Sophie Beiers (D.E. 20), and the petitioners' immigration counsel. The government tacitly concedes that the proposed class is sufficiently numerous and that proposed class counsel satisfy the requirements of Rule 23(g)(1) and (4). In effect, the government acknowledges that it has treated each member of the class under a common set of bond procedures, including requiring the individual to bear the burden of proving that he or she is not a danger or flight risk. The government has expressly argued *in this very case* that those procedures present common questions that do not require individualized adjudication. *See* Mot. to Stay (D.E. 32) (seeking to stay petitioners' claims pending the *Doe* appeal because "[b]oth this case and [the *Doe* appeal] present the identical question of whether the existing procedures for custody redetermination

1

hearings (or 'bond hearings') held pursuant to 8 U.S.C. § 1226(a) satisfy the Due Process Clause of the Fifth Amendment to the Constitution.").

Accordingly, there is no real dispute that common questions exist in this case. The prompt, class-wide resolution of those questions is critically important in light of the growing national consensus that the government's current procedures inevitably violate fundamental individual rights—including two decisions issued just last week by the U.S. District Courts for the District of New Hampshire and the Western District of New York. *See Hernandez-Lara v. ICE*, No. 19-394, 2019 WL 3340697, at *4 (D.N.H. Jul. 25, 2019); *Hernandez Arellano v. Sessions*, No. 6-6625, 2019 WL 3387210, at *11 (W.D.N.Y. Jul. 26, 2019). Consequently, notwithstanding the government's current objections—all of which have been raised by the government and rejected by the Court in previous litigation—the petitioners respectfully request that the proposed class be certified.

**1.      The Court Has Jurisdiction To Grant The Requested Relief.**

Both of the government's jurisdictional arguments are foreclosed for the reasons recently articulated by this Court in *Reid v. Donelan*. *See* 2019 WL 2959085, at *15 (D. Mass. Jul. 9, 2019). As to declaratory relief, Section 1252(f)(1) does not address—and certainly does not bar—the availability of such relief on a class-wide basis. *See id.* at *15 (citing *Nielsen v. Preap*, 139 S. Ct. 954, 962 (2019) and *Jennings v. Rodriguez*, 138 S. Ct. 830, 875 (2018)); *see also Alli v. Decker*, 650 F.3d 1007, 1012-16 (3d Cir. 2011); *Rodriguez v. Hayes*, 591 F.3d 1105, 1118-21 (9th Cir. 2010). The government purports to rely upon *Jennings* and *Hamama v. Adducci*. *See* Opp. (D.E. 51) at 10-11. However, the cited language in *Jennings* does not state or imply that Section 1252(f)(1) prohibits declaratory relief, but rather invited the lower courts to consider such relief within the normal Rule 23 framework. *See* 138 S. Ct. at 851. And in *Hamama*, "the

issue of declaratory relief [was] not before [the court]," and the court did not purport to decide whether such relief would have been available if requested. *See* 912 F.3d 869, 880 n.8 (6th Cir. 2018).

As to injunctive relief, Section 1252(f)(1) purports to bar only a particular subset of injunctive relief: injunctions against "the operation" of certain provisions of the Immigration and Nationality Act (INA). As this Court held in *Reid*, "the INA is silent on the procedural rules for bond hearings." *See* 2019 WL 2959085, at *15. Consequently, Section 1252(f)(1) does not bar an injunction that "abrogates agency precedent imposing the burden of proof on the alien at a bond hearing, but it in no way enjoins or restrains the operation of the statute." *Id.* That is the type of injunction that petitioners are seeking here.

The government's principal objection to the proposed injunction appears to be that it would require the government to choose between providing a bond redetermination or releasing the detainee. *See* Opp. (D.E. 51) at 6. But that is the same choice the government has *always* had. The government's own regulations require that, if ICE chooses not to voluntarily release a Section 1226(a) detainee, then the detainee is entitled to a bond hearing. *See* 8 C.F.R. § 236.1(d)(1). The government cannot plausibly contend that an injunction allowing the same choice—between release or a bond hearing—somehow contravenes the INA.

**2.    The Court Should Certify The Proposed Class.**

The government's arguments against certification are also identical to arguments that it made in *Reid*, and that the Court rejected for reasons applicable to the case at hand.

> **A.    The class presents a common question of constitutional law and the named petitioners' claims are typical thereof.**

This case presents important legal and constitutional issues, including whether the government, rather than the detainee, must bear the burden of proof in a bond hearing

for an immigrant detained under 8 U.S.C. §1226(a).  *See* Class. Cert. Memo (D.E. 18) at 6.  The government does not deny that establishing the due process requirements for bond hearings is an issue that is "common" to every member of the proposed class, each of whom either has been, or will be, denied a bond hearing that comports with due process.

Nevertheless, the government contends that the proposed class lacks both the "commonality" and "typicality" required by Rule 23(a) because "[t]he putative class is made up entirely of individuals whose claims of due process violations are based on the unique facts of their individual situations."  Opp. (D.E. 51) at 13.  Arguing that "prejudice" is an element of any due process claim, and that assertions of prejudice are subject to a "fact-dependent" analysis that may vary from class member to class member, the government maintains that "some legal arguments may apply to discrete members of the class, but not to others, dissolving the assertion of commonality."  *Id.* at 13-14.  Along the same lines, the government says that Rule 23(b)(2) precludes the proposed class because Rule 23(b)(2) applies only where "the party opposing the class has acted or refused to act on grounds that apply generally to the class," and the due process claims asserted here "require this Court to conduct a fact-dependent inquiry for each petitioner to determine if any of them suffered prejudicial injury."  *Id.* at 17.

The government is wrong.  As the petitioners have already explained—and the government does not deny—the commonality requirement generally sets "a low bar," *In re New Motor Vehicles Canadian Exp. Antitrust Litig.*, 522 F.3d 6, 19 (1st Cir. 2008), and specifically requires only (i) "a single question of law or fact common to the members of the class," *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 369 (2011), and

(ii) a probability that the class proceeding will "generate common *answers* apt to drive the resolution of the litigation." *Id.* at 350 (internal quotation and citation omitted).  And typicality merely requires that the plaintiffs' "claims arise from the same event or practice or course of conduct that gives rise to claims of other class members, and are based on the same legal theory." *See Garcia-Rubiera v. Calderon*, 570 F.3d 443, 460 (1st Cir. 2009) (internal quotation marks and ellipses omitted).

All of those conditions have been satisfied here. The petitioners and every member of the proposed class have been (or will be) detained under 8 U.S.C. § 1226(a), and each did not—or will not, unless the government is properly instructed and enjoined—receive a constitutionally adequate bond hearing.  Thus, a single question of law *is* common to all class members: *What does due process require in <u>every</u> such bond hearing?*  This lawsuit will generate a universal answer to that common question.

The answer, moreover, is apt to drive the resolution of this litigation with respect to every class member.  Indeed, for those class members who have not yet had a bond hearing when judgment enters (either because they have not yet been detained, or have been detained but not yet received a hearing), no prejudice requirement will ever come into play because the requested declaratory and injunctive relief will ensure that they receive due process (and thus suffer no prejudice) in the first instance.  *See, e.g.*, *Reid* v. *Donelan*, 2 F. Supp. 3d 38, 44 (D. Mass. 2014) (citing *De Abadia-Peixoto* v. *United States Dep't of Homeland Sec.*, 277 F.R.D. 572, 575 (N.D. Cal. 2011)) ("The premise that a due process violation is not grounds for *reversal* absent a showing of that degree of prejudice has no bearing on a plaintiff's right to seek to enjoin due process violations from occurring in the first instance.").

Further, to the extent a prejudice requirement applies to those class members who have already had an inadequate bond hearing, the existence of an additional issue—even one requiring fact-specific determination—presents no obstacle to class-wide judgment on the primary issues of constitutional law. The "interests of the class representatives and members are all aligned in securing the right to [a constitutionally-adequate] hearing," *Reid v. Donelan*, 2018 U.S. Dist. LEXIS 181700, at *17, and Rule 23(b)(2) is satisfied because the common question concerns the constitutionality of a policy that the government has applied generally to all class members.

With its focus on prejudice, the government effectively seeks to impose a "predominance" requirement on the proposed class. Predominance, however, has no role in the Rule 23(b)(2) analysis; it applies only to classes that seek certification under Rule 23(b)(3).[1] And even if predominance were an element here (which it isn't), it would not be an obstacle to class certification. In cases decided under Rule 23(b)(3), "[a] 'single, central issue' as to the defendant's conduct vis a vis class members can satisfy the predominance requirement even when other elements of the claim require individualized proof." *Payne v. Goodyear Tire & Rubber Co.*, 216 F.R.D. 21, 27 (D. Mass. 2003) (citation omitted). Where "common questions predominate regarding liability," the courts "generally find the predominance requirement to be satisfied even if

---

[1] Certification under Rule 23(b)(3) is appropriate if "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). Rule 23(b)(2) applies when "the party opposing the class has acted or refused to act on grounds that apply generally to the class…." *Id.* at 23(b)(2). Rule 23(b)(2) says nothing about "predominance," and to petitioners' knowledge, it has never been interpreted to impose a predominance requirement.

individual issues remain" regarding damages (or prejudice), *Smilow v. Southwestern Bell Mobile Sys.*, 323 F.3d 32, 40 (1st Cir. 2003), so long as the adjudication of the individual issues is "administratively feasible," and not "inefficient or unfair." *In re Asacol Antitrust Litigation*, 907 F.3d 42, 51-52 (1st Cir. 2018).

The prejudice element can certainly be dealt with here in a manner that is both fair and efficient. The vast majority (if not all) of the class members who have been denied a proper bond hearing are likely to have suffered prejudice under the standards previously articulated by the Court. *See Pensamiento v. McDonald*, 315 F. Supp. 3d 684, 693 (D. Mass. 2018) (prejudice requirement satisfied by showing that misallocated burden of proof "could" have affected outcome of bond hearing). The government already possesses extensive information about each of these class members, in part because one of DHS's own trial attorneys must have been present for each of their bond hearings. Accordingly, for detainees who already had a bond hearing before the date of judgment, one option for efficient resolution of any individual questions of prejudice is a judgment ordering that:

1. Within 30 days after entry of judgment, the government shall provide the Court and class counsel with a list stating (a) the name and A-number of each class member; (b) the current location of detention; (c) the date the current period of detention began; (d) the name of the person's counsel in immigration court, if any; and (e) a statement of whether or not the government actually intends to dispute prejudice as to that person, and an explanation for the good faith basis for such dispute;

2. Where prejudice is not contested, the government will be required to promptly provide a new bonding hearing;

3. Where prejudice is contested, the complete bond record should be promptly provided to the detainee and to class counsel, and any resulting motions to enforce the Court's injunction can adjudicated

>through the services of a master.  *See Tardiff v. Knox County*, 365 F.3d 1, 6-7 (1st Cir. 2004).

      **B.**      **The named petitioners are adequate class representatives even though the government has released them from detention.**

The government does not suggest that the interests of the named petitioners will "conflict with the interests of any of the class members." *Andrews v. Bechtel Power Corp.*, 780 F.2d 124, 130 (1st Cir. 1985) (defining "adequacy" for Rule 23 purposes). The government does not contend that the inadequate bond procedures that injured the named petitioners were somehow different than those challenged on behalf of the class. Nor does the government contest that the named petitioners have demonstrated their adequacy in other ways, such as vigorously pursuing this case and moving it forward for the benefit of the class.

      Instead, the government claims that the named petitioners are not "adequate" class representatives, because after the petitioners filed this case and their motion for class certification, the government made the unilateral, discretionary decision to release each named petitioner without a new bond hearing and allegedly "mooted" their claims.  *See* Opp. (D.E. 51) at 16.  Even if the government's actions did resolve the petitioners' claims, that would not disqualify them from being adequate representatives.  Where "the particular claim of the proposed class plaintiff is resolved while a class certification motion is pending," the plaintiff is not "automatically disqualified from being a class representative and the question still must be decided whether, all other factors being considered, the plaintiff can fairly and adequately represent the class." *Wilkerson v. Bowen*, 828 F.2d 117, 121 (3d Cir. 1993).  Indeed, a named plaintiff can adequately represent a class even when challenging a practice that has a limited duration and whose application to the named plaintiff will *necessarily* be halted during the litigation.  *See,*

*e.g.*, Order, *Doe v. Baker*, No. 1:14-cv-12813 (D. Mass. Jan. 14, 2015) (noting the certification of a class of women civilly committed to a state prison facility under Mass. G.L. c. 123, § 35, which authorizes commitment for at most 90 days).[2/] Here, the petitioners are plainly adequate: they suffered the same injury, from the same conduct, sought the same relief that will benefit the class as a whole, and have vigorously pursued this litigation to halt the challenged violations.

What is more, in this case the named petitioners' claims are *not* moot for three separate reasons. First, the petitioners' claims are not moot because they did not receive the relief sought: a constitutionally adequate bond hearing. Instead, the government voluntarily released them. They are subject to arrest and renewed detention at any time. Each of them consequently "continue[s] to have a personal stake in the outcome" of this lawsuit. *Clark v. Martinez*, 543 U.S. 371, 375 n. 3 (2005) (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990) (alien's statutory claim continued to present a live case or controversy where his release on parole was discretionary and subject to revocation)); *see also Preap*, 139 S. Ct. at 963 (plurality) (explaining claims not moot when plaintiff is subject to "the threat of re-arrest").

Second, and for much the same reasons, the "voluntary cessation" exception to mootness applies. This exception "traces to the principle that a party should not be able to evade judicial review, or to defeat a judgment, by temporarily altering questionable

---

[2/]   The class certified in *Doe*, and the one proposed here, are consistent with the First Circuit's decision in *Cruz v. Farquharson*, 252 F.3d 530, 533 & n.3 (1st Cir. 2001). There, each of the named plaintiffs had received "complete relief" more than a month before the motion for class certification was filed. The First Circuit has since explained that "*Cruz* . . . left open the possibility that a putative class action may not be moot if a motion for certification was pending when the plaintiff's individual claims became moot." *See Bais Yaakov of Spring Valley v. ACT, Inc.*, 798 F.3d 46, 51 (1st Cir. 2015).

9

behavior." *City News & Novelty, Inc. v. City of Waukesha*, 531 U.S. 278, 284 n.1 (2001); *see, e.g.*, *Diouf v. Napolitano*, 634 F.3d 1081, 1084 n.3 (9th Cir. 2011) (applying voluntary cessation exception to alien's claim that he was entitled to a bond hearing where government had freed petitioner on bond but "could redetain [him], and deny him a bond hearing, at any time"). In these circumstances, the party claiming mootness "bears the formidable burden of showing that it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167, 190 (2000). The government has not tried to carry this burden, nor could it do so here, where it has continued to violate the Due Process Clause on a wholesale basis despite repeated decisions in individual cases holding that the government must bear the burden of proof in a bond hearing for a Section 1226(a) detainee.

Finally, the government's opposition fails to acknowledge or account for the "inherently transitory" exception to the mootness doctrine. Thus, for example, in *Gersten v. Pugh*, 420 U.S. 103, 110 n.11 (1975), the Supreme Court recognized that a "suitable exception" to mootness exists when the claim concerns a challenge to conditions of pretrial detention, "and it is most unlikely that any given individual cold have his constitutional claim decided on appeal before he is either released or convicted." Immigration detention, like pretrial detention, "is by nature temporary." *Id.* Consequently – as this Court explained when it certified the class in *Reid* even though it had granted relief to the named plaintiff before it took up the class certification motion – the inherently transitory exception "was designed precisely for this situation." *Reid v.*

*Donelan*, 297 F.R.D. 185, 192 (D. Mass. 2014); *see also Preap*, 139 S. Ct. at 963 (plurality).

The only potential distinction between this case and *Reid* is that the named petitioner's claim in *Reid* was ostensibly mooted when the Court granted him the relief he sought, *see* 297 F.R.D. at 187, while the named petitioners here were released by the government unilaterally. If this distinction makes a difference, however, it favors the petitioners, not the government, because (as the Court has just seen) in this case the government's unilateral cessation of the unconstitutional conduct—without a guarantee that the conduct will not recur—means that the government cannot show that the named plaintiffs' claims are moot. Adopting the government's position would enable it to spoil any request for class-wide relief by releasing the named petitioners, and would impose a Hobson's choice on any detainee who took up the mantle of class representative, since the only way he or she could avoid mootness, maintain "adequacy," and obtain justice for the class would be to forego individual relief.

Accordingly, for all the foregoing reasons, and those articulated in the petitioners' opening memorandum, the petitioners respectfully request that their motion for class certification be allowed.

Respectfully submitted,

GILBERTO PEREIRA BRITO, FLORENTIN AVILA LUCAS, and JACKY CELICOURT, individually and on behalf of all those similarly situated,

_/s/ Susan M. Finegan_
Susan M. Finegan (BBO # 559156)
Susan J. Cohen (BBO # 546482)
Andrew Nathanson (BBO # 548684)
Mathilda S. McGee-Tubb (BBO # 687434)
Ryan Dougherty (BBO # 703380)
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.
One Financial Center
Boston, MA 02111
(617) 542-6000
smfinegan@mintz.com
sjcohen@mintz.com
annathanson@mintz.com
msmcgee-tubb@mintz.com
rtdougherty@mintz.com

Matthew R. Segal (BBO # 654489)
Daniel McFadden (BBO # 676612)
Adriana Lafaille (BBO # 680210)
AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF MASSACHUSETTS, INC.
211 Congress Street
Boston, MA 02110
(617) 482-3170
msegal@aclum.org
dmcfadden@aclum.org
alafaille@aclum.org

Gilles R. Bissonnette (BBO # 669225)
Henry R. Klementowicz (BBO # 685512)
SangYeob Kim (N.H. Bar No. 266657)*
AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF NEW HAMPSHIRE
New Hampshire Immigrants' Rights Project
Concord, NH 03301
Tel.: 603.333.2081
gilles@aclu-nh.org
henry@aclu-nh.org

sangyeob@aclu-nh.org

Michael K. T. Tan\*
ACLU FOUNDATION IMMIGRANTS'
RIGHTS PROJECT
125 Broad Street, 18th Floor
New York, New York 10004
Tel: 212-549-2660
mtan@aclu.org

\*Admitted pro hac vice

*Attorneys for Petitioners*

Dated: August 2, 2019

**CERTIFICATE OF SERVICE**

    I hereby certify that this document was served on all registered participants through the Court's CM/ECF system.

Date:   August 2, 2019                                              /s/_____Susan M. Finegan

90211278v.1