## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

_____
                                        )
GILBERTO PEREIRA BRITO, FLORENTIN,      )
AVILA LUCAS, and JACKY CELICOURT,       )
individually and on behalf of all       )
those similarly situated,               )
                                        )
          Plaintiffs-Petitioners,       )
                                        )        Civil Action
v.                                      )        No. 19-11314-PBS
                                        )
WILLIAM BARR, Attorney General,         )
U.S. Department of Justice, et          )
al.,                                    )
                                        )
          Defendants-Respondents.       )
_____ )

## MEMORANDUM AND ORDER

August 6, 2019

Saris, C.J.

## INTRODUCTION

Plaintiffs Gilberto Pereira Brito, Florentin Avila Lucas, and Jacky Celicourt challenge the procedures at immigration court bond hearings for aliens detained pursuant to 8 U.S.C. § 1226(a). They allege that the allocation of the burden of proof to the alien and failure to consider alternative conditions of release and the alien's ability to pay violate the Fifth Amendment Due Process Clause, Immigration and Nationality Act ("INA"), and Administrative Procedure Act ("APA"). Plaintiffs move to certify a class of aliens who are or will be

1

detained under § 1226(a) either in Massachusetts or subject to the jurisdiction of the Boston Immigration Court.

After hearing, the Court **ALLOWS** Plaintiffs' motion for class certification pursuant to Federal Rule of Civil Procedure 23(a) and (b)(2) (Docket No. 17).

## FACTUAL AND PROCEDURAL BACKGROUND

I. **Named Plaintiffs**

A.  **Gilberto Pereira Brito**

Gilberto Pereira Brito is a citizen of Brazil. He entered the United States without inspection in April 2005 and was apprehended by U.S. Customs and Border Protection ("CBP"). CBP issued a Notice to Appear ("NTA") that told Pereira Brito to appear in immigration court on June 8 at 1:30am. The court was closed at this hour, but an immigration judge ordered him removed in absentia the next day for failing to appear. He was not removed from the country, however, and has since lived in Massachusetts with his U.S. citizen wife and three children.

In April 2007, Pereira Brito was charged with possession of marijuana and three traffic offenses. The prosecutor dismissed the drug possession charge, and Pereira Brito admitted sufficient facts as to the charges of unlicensed operation of a motor vehicle and operating under the influence. Two years later, Pereira Brito was charged with driving with a suspended license. He did not appear for his hearing because, he claims,

he misunderstood the court's instructions at his arraignment. The prosecutor did not pursue the charge and agreed to dismiss the case in June 2019 when Pereira Brito's attorney inquired about the pending matter. The 2009 charge also triggered a probation violation in the 2007 case, but the notice was mailed to the wrong address. Pereira Brito has no other arrests, charges, or convictions on his record.

In June 2017, Pereira Brito's wife filed a petition on his behalf for an immigrant visa based on his marriage to a U.S. citizen. The petition was approved in February 2018. However, on March 3, 2019, U.S. Immigration and Customs Enforcement ("ICE") detained Pereira Brito at his home because of his outstanding removal order. The immigration court reopened his removal proceedings due to his lack of adequate notice of the 2005 removal hearing. Pereira Brito intends to apply for cancellation of removal and continue to pursue lawful permanent residency through his wife's petition.

On April 4, Pereira Brito received a bond hearing in the Boston Immigration Court. The immigration judge put the burden on Pereira Brito to prove that he is not dangerous or a flight risk and denied his release on bond. The immigration judge determined that Pereira Brito did not meet his burden because he failed to provide his criminal records and, despite his existing family ties and long residence in the United States, did not

show that his application for cancellation of removal was meritorious. Pereira Brito appealed this decision to the Board of Immigration Appeals ("BIA").

**B.  Florentin Avila Lucas**

Florentin Avila Lucas came to the United States from Guatemala without authorization in 2002. He has worked at a dairy farm in New Hampshire since the mid-2000s. He has never been charged or convicted of any crime.

Avila Lucas was detained by CBP agents on March 20, 2019 in West Lebanon, New Hampshire. The agents began to follow Avila Lucas after they ran his license plate and discovered there was no valid social security number associated with the owner of the vehicle. The agents followed him into a thrift store, questioned him, and then detained him in the parking lot. ICE subsequently charged him with being present in the United States without admission and placed him in removal proceedings. Avila Lucas has filed a motion to suppress the evidence obtained by the CBP agents during this encounter. The immigration court held a hearing on the motion to suppress on June 18, 2019 and took the motion under advisement.

Avila Lucas received a bond hearing in the Boston Immigration Court on May 2. The immigration judge put the burden on Avila Lucas to prove that he is not dangerous or a flight

risk and denied his release on bond. Avila Lucas appealed the denial of bond to the BIA.

### C.   Jacky Celicourt

Jacky Celicourt was born in Haiti. He was politically active and worked for an opposition leader in the mid-2010s. He fled Haiti after armed men attacked him in November 2017. He entered the United States on a tourist visa on March 12, 2018. He moved to Nashua, New Hampshire and has worked in construction and roofing. He has a wife and four children who live in Haiti.

On December 13, 2018, Celicourt was arrested for theft of a a $5.99 pair of headphones. He claims he accidentally put the headphones in his pocket and offered to pay for them when the store clerk confronted him. He was released after his arrest on personal recognizance. He was found guilty and fined $310 on January 16, 2019. He has no other convictions or charges on his record.

ICE detained Celicourt as he was exiting the courtroom on January 16. A week later, ICE issued an NTA charging him with overstaying his tourist visa. He has applied for asylum, withholding of removal, and relief under the Convention Against Torture based on the persecution or torture he claims he will face in Haiti due to his political activities. An immigration judge denied his applications at a hearing on April 10 and

ordered him removed to Haiti. Celicourt appealed this decision, which remains pending at the BIA.

Celicourt received a bond hearing in the Boston Immigration Court on February 7. The immigration judge placed the burden of proof on him to show he is not dangerous or a flight risk and refused to release him on bond.

## II.   Statistical Background on § 1226(a) Bond Hearings

According to Plaintiffs' uncontroverted data, the Boston and Hartford Immigration Courts, the latter of which has jurisdiction over removal proceedings for aliens detained in western Massachusetts, held bond hearings for 700 and 77 aliens, respectively, during the six-month period between November 1, 2018 and May 7, 2019. An immigration judge issued a decision after 651 of those hearings, denying release on bond in approximately 41% of cases. The average bond amount set during this period was $6,302 and $28,700 in the Boston and Hartford Immigration Courts, respectively. About half of individuals were still in custody ten days after bond was set.

## III.   Procedural History

On June 13, 2019, Plaintiffs filed a habeas corpus petition and class action complaint on behalf of all aliens who are or will be detained under 8 U.S.C. § 1226(a) either within Massachusetts or otherwise within the jurisdiction of the Boston Immigration Court. The complaint alleges that allocating the

burden of proof to the alien at a § 1226(a) bond hearing is a violation of the Due Process Clause (Count I) and the INA and APA (Count II). The complaint also alleges that due process requires that the Government show the alien's dangerousness or flight risk by clear and convincing evidence and that the immigration court consider alternative conditions of release and ability to pay in determining release and the amount of bond. Plaintiffs seek an injunction ordering constitutionally compliant bond hearings for all class members and a declaratory judgment explaining the class members' due process rights.

After the filing of this lawsuit, ICE authorized the release of all three named plaintiffs on bond. They all posted bond and were released.

Five days after filing suit, Plaintiffs moved for class certification under Federal Rule of Civil Procedure 23(b)(2). The Government moved to stay the civil action because many of the legal arguments raised by the class are currently before the First Circuit in Doe v. Smith, No. 19-1368 (1st Cir. Apr. 18, 2019), an appeal from this Court's grant of habeas relief to an individual alien detained pursuant to § 1226(a). The Court denied the motion to stay, and the Government now opposes certification of the class.

## DISCUSSION

### I.    Statutory Background

Pursuant to 8 U.S.C. § 1226(a), "an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." Unless the alien is removable on certain criminal or terrorist grounds, see id. § 1226(c), the Attorney General may continue to detain him or may release him on "conditional parole" or "bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General," id. § 1226(a)(1)-(2). After ICE makes the initial decision to detain an alien, the alien may request a bond hearing in immigration court at any time before a removal order becomes final. 8 C.F.R. § 236.1(d)(1). The immigration court's bond decision is appealable to the BIA. 8 C.F.R. § 1003.19(f). Notably, § 1226(a) is silent as to whether the Government or the alien bears the burden of proof at a bond hearing and what standard of proof that party must meet. See 8 U.S.C. § 1226(a).

The BIA has held that at a bond hearing under § 1226(a) "[t]he burden is on the alien to show to the satisfaction of the Immigration Judge that he or she merits release on bond."[1] In re

---

[1]    This language is drawn from a regulation governing the authority of immigration officers who may issue arrest warrants. See 8 C.F.R. § 236.1(c)(8) (requiring the alien to "demonstrate to the satisfaction of the officer" that he is neither dangerous

Guerra, 24 I. & N. Dec. 37, 40 (BIA 2006). The alien must show that he is not "a threat to national security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk." Id. The BIA has repeatedly reaffirmed that the burden of proof falls on the alien. See, e.g., Matter of Fatahi, 26 I. & N. Dec. 791, 793 (BIA 2016).

The Supreme Court recently addressed the procedures required at a bond hearing under § 1226(a) in Jennings v. Rodriguez, 138 S. Ct. 830, 847–48 (2018). The Ninth Circuit had employed the canon of constitutional avoidance to read a requirement into § 1226(a) for "periodic bond hearings every six months in which the Attorney General must prove by clear and convincing evidence that the alien's continued detention is necessary." Id. at 847. The Supreme Court held that "[n]othing in § 1226(a)'s text . . . even remotely supports the imposition of either of those requirements." Id. The Supreme Court expressly declined to address whether the Constitution required these procedural protections. See id. at 851.

Post-Jennings, this Court has repeatedly ordered new bond hearings for aliens detained under § 1226(a) on the basis that the agency's allocation of the burden of proof to the alien

---

nor a flight risk to be released). The BIA has applied the burden allocation and standard of proof in 8 C.F.R. § 236.1(c)(8) to bond determinations by immigration judges. See In re Adeniji, 22 I. & N. Dec. 1102, 1112-13 (BIA 1999).

violates due process. <u>See, e.g.</u>, <u>Doe v. Tompkins</u>, No. 18-cv-12266-PBS, 2019 U.S. Dist. LEXIS 22616, at *2 (D. Mass. Feb. 12, 2019), <u>appeal filed</u>, No. 19-1368 (1st Cir. Apr. 18, 2019); <u>Diaz Ortiz v. Tompkins</u>, No. 18-cv-12600-PBS, 2019 U.S. Dist. LEXIS 14155, at *2 (D. Mass. Jan. 29, 2019), <u>appeal filed</u>, No. 19-1324 (1st Cir. Mar. 29, 2019); <u>Pensamiento v. McDonald</u>, 315 F. Supp. 3d 684, 692 (D. Mass. 2018), <u>appeal dismissed</u>, No. 18-1691 (1st Cir. Dec. 26, 2018); <u>Figueroa v. McDonald</u>, No. 18-cv-10097-PBS, 2018 WL 2209217, at *5 (D. Mass. May 14, 2018).

Most courts have held that where "the government seeks to detain an alien pending removal proceedings, it bears the burden of proving that such detention is justified." <u>Darko v. Sessions</u>, 342 F. Supp. 3d 429, 435 (S.D.N.Y. 2018) (collecting cases); <u>see also</u> <u>Singh v. Holder</u>, 638 F.3d 1196, 1203 (9th Cir. 2011) (holding that due process requires the Government to bear the burden of proof at a § 1226(a) bond hearing); <u>cf.</u> <u>Guerrero-Sanchez v. Warden York Cty. Prison</u>, 905 F.3d 208, 224 (3d Cir. 2018) (placing the burden of proof on the Government at a bond hearing for an alien detained after a final order of removal under 8 U.S.C. § 1231(a)(6)).

Additionally, this Court has held that a criminal alien subject to unreasonably prolonged mandatory detention under 8 U.S.C. § 1226(c) is entitled to a bond hearing at which the Government bears the burden of proving either his dangerousness

by clear and convincing evidence or his risk of flight by a
preponderance of the evidence. Reid v. Donelan, -- F. Supp. 3d
--, 2019 WL 2959085, at *16 (D. Mass. 2019). In deciding whether
to set bond and in what amount, the immigration court must also
consider the alien's ability to pay and alternative conditions
of release that reasonably assure the safety of the community
and the alien's future appearances. Id.

## II.  **Class Certification Standard**

A class may be certified pursuant to Federal Rules of Civil
Procedure 23 only if:

> (1) the class is so numerous that joinder of all
> members is impracticable; (2) there are questions of
> law or fact common to the class; (3) the claims or
> defenses of the representative parties are typical of
> the claims or defenses of the class; and (4) the
> representative parties will fairly and adequately
> protect the interests of the class.

Fed. R. Civ. P. 23(a). In addition to these four prerequisites,
the class must satisfy at least one requirement of Rule 23(b).
Smilow v. Sw. Bell Mobile Sys., Inc., 323 F.3d 32, 38 (1st Cir.
2003). Here, Plaintiffs invoke Rule 23(b)(2), which requires
that "the party opposing the class has acted or refused to act
on grounds that apply generally to the class, so that final
injunctive relief or corresponding declaratory relief is
appropriate respecting the class as a whole."[2]

---

[2]   At least for Rule 23(b)(3) classes, the First Circuit adds
an extratextual ascertainability requirement to the test for

"A party seeking class certification must affirmatively demonstrate his compliance with [Rule 23] -- that is, he must be prepared to prove that there are in fact sufficiently numerous parties, common questions of law or fact, etc." Wal-Mart Stores, Inc. v. Dukes, 564 U.S. 338, 350 (2011). A district court must "probe behind the pleadings" and conduct "a rigorous analysis" to ensure Rule 23 is satisfied. Id. at 350-51 (quoting Gen. Tel. Co. of Sw. v. Falcon, 457 U.S. 147, 160-61 (1982)).

## III. **Analysis**

Plaintiffs seek certification of the following class: all people who, now or in the future, are detained pursuant to 8 U.S.C. § 1226(a) and are held in immigration detention in Massachusetts or are otherwise subject to the jurisdiction of the Boston Immigration Court. Although they do not waive their claim based on the APA and INA, Plaintiffs currently seek to certify this class only for their due process claim.

---

class certification. In re Nexium Antitrust Litig., 777 F.3d 9, 19 (1st Cir. 2015). Although the First Circuit long ago stated that the lack of required "notice to the members of a (b)(2) class" means that "the actual membership of the class need not therefore be precisely delimited," Yaffe v. Powers, 454 F.2d 1362, 1366 (1st Cir. 1972), abrogated on other grounds by Gardner v. Westinghouse Broad. Co., 437 U.S. 478 (1978), some courts in this district treat ascertainability as a threshold requirement for any type of class, see, e.g., Manson v. GMAC Mortg., LLC, 283 F.R.D. 30, 38 n.26 (D. Mass. 2012); Shanley v. Cadle, 277 F.R.D. 63, 67-68 (D. Mass. 2011). Even if a (b)(2) class must satisfy this requirement, the members of Plaintiffs' proposed class are easily ascertainable through ICE's detention records.

While apparently conceding that the numerosity and adequacy of class counsel requirements are met,[3] the Government argues that this class does not satisfy the requirements of commonality, typicality, adequacy of the named plaintiffs, or Rule 23(b)(2). The Government raises three arguments against certification: 1) the jurisdictional bar in 8 U.S.C. § 1252(f)(1), 2) the mootness of the named plaintiffs' claims, and 3) the prejudice requirement for a due process claim in the immigration context. The Court addresses each argument in turn.

**A.    8 U.S.C. § 1252(f)(1)**

First, the Government contends that 8 U.S.C. § 1252(f)(1) bars both the injunctive and corresponding declaratory relief Plaintiffs seek, meaning that the Court cannot issue any unitary classwide remedy if the class is certified under Rule 23(b)(2). Section 1252(f)(1) strips all courts, except the Supreme Court,

---

[3]    Based on Plaintiffs' data showing that the Boston and Hartford Immigration Courts held bond hearings for 777 aliens over a recent six-month period, the Court finds it is likely that more than forty aliens are detained pursuant to § 1226(a) in Massachusetts or subject to the jurisdiction of the Boston Immigration Court at any time. See Henderson v. Bank of N.Y. Mellon, N.A., 332 F. Supp. 3d 419, 426 n.3 (D. Mass. 2018) ("[A] proposed class of 40 or more generally meets numerosity in the First Circuit."). The transient nature of the class and the inability of many aliens to speak English and secure counsel render joinder impracticable. See Reid v. Donelan, 297 F.R.D. 185, 189 (D. Mass. 2014). With significant experience litigating immigration class actions, class counsel "is qualified, experienced and able to vigorously conduct the proposed litigation." Andrews v. Bechtel Power Corp., 780 F.2d 124, 130 (1st Cir. 1985).

of jurisdiction "to enjoin or restrain the operation of [the removal provisions of the INA], other than with respect to the application of such provisions to an individual alien against whom [removal] proceedings . . . have been initiated." 8 U.S.C. § 1252(f)(1). This Court has already held that § 1252(f)(1) does not bar declaratory relief. See Reid, 2019 WL 2959085, at *15; Reid v. Donelan, No. 13-cv-30125-PBS, 2018 WL 5269992, at *7 (D. Mass. Oct. 23, 2018). The Sixth Circuit in Hamama v. Adducci expressed skepticism that § 1252(f)(1) permitted declaratory relief under its specific facts but declined to address the issue, which was not before it. 912 F.3d 869, 880 n.8 (6th Cir. 2018). However, Hamama preceded a majority of the Supreme Court indicating that a district court can entertain a request for declaratory relief despite § 1252(f)(1). See Reid, 2019 WL 2959085, at *15 (explaining that three justices in Jennings, 138 S. Ct. at 875 (Breyer, J., dissenting), and three additional justices in Nielsen v. Preap, 139 S. Ct. 954, 962 (2019) (opinion of Alito, J.), expressed this opinion).

This Court has also issued an injunction ordering certain procedural protections required by due process at bond hearings for aliens detained under 8 U.S.C. § 1226(c). See Reid, 2019 WL 2959085, at *15. Section 1226 is silent on the procedural rules for bond hearings, including which party bears the burden of proof, what standard of proof is to be applied, and what the

14

immigration court must consider. See 8 U.S.C. § 1226; Reid, 2019
WL 2959085, at *12 n.7, *15. Instead, the BIA in precedential
decisions has set the procedural rules immigration courts apply.
See Reid, 2019 WL 2959085, at *12 & n.7; see also Guerra, 24 I.
& N. Dec. at 40 (placing the burden of proof on the alien to
justify his release at a bond hearing). In fact, the BIA used to
place the burden of proof on the Government but changed course
in the late 1990s. See Reid, 2019 WL 2959085, at *12 n.7. While
the injunction Plaintiffs request would "abrogate[] agency
precedent imposing the burden of proof on the alien" and require
the Government to follow certain other procedures at bond
hearings, id. at *15, it would not mandate release or allow an
opportunity for release not provided in the statute, see Hamama,
912 F.3d at 879-80 (holding that § 1252(f)(1) stripped the
district court of jurisdiction to enter such an injunction).
Because an injunction would "in no way enjoin[] or restrain[]
the operation of the detention statute," Reid, 2019 WL 2959085,
at *15, it is not barred by § 1252(f)(1).

    The Government emphasizes that such an injunction would
abrogate twenty years of precedent that places the burden on the
alien based on the agency's interpretation of congressional
intent. The Government's claim that congressional intent
supports the agency's placement of the burden of proof on the
alien is questionable, as the BIA's decision allocating this

burden relied on a regulation that does not address immigration court bond hearings. See In re Adeniji, 22 I. & N. Dec. 1102, 1113 (BIA 1999) (citing 8 C.F.R. § 236.1(c)(8)); see also Mary Holper, The Beast of Burden in Immigration Bond Hearings, 67 Case Western Res. L. Rev. 75, 90-93 (2016) (explaining that the BIA in Adeniji adopted the burden of proof from 8 C.F.R. § 236.1(c)(8) despite its inapplicability to immigration court bond hearings). In any event, § 1252(f)(1) strips courts of jurisdiction to enjoin the operation of the statute, not any agency regulation or precedent that purportedly reflects congressional intent.[4] Cf. Kucana v. Holder, 558 U.S. 233, 236-37 (2010) (holding that 8 U.S.C. § 1252(a)(2), which bars judicial review of agency action "the authority for which is specified under this subchapter to be in the discretion of the Attorney General," applies only to "determinations made discretionary by statute," not those "declared discretionary by the Attorney General himself through regulation" (emphasis omitted)).

---

[4]   The Government also contends that an order releasing each class member unless he is provided with a constitutionally adequate bond hearing enjoins § 1226(a) in violation of § 1252(f)(1) because it would authorize the release of aliens for reasons other than a discretionary determination by an immigration court as specified in the statute. See 8 U.S.C. § 1226(a) ("[T]he Attorney General . . . may release the alien . . . ."). The Court will decide the remedy when it addresses the merits.

16

B.    **Mootness of the Named Plaintiffs' Claims**

Second, the Government argues that the named plaintiffs are not adequate class representatives because they have already been released from custody. A class action "ordinarily must be dismissed as moot if no decision on class certification has occurred by the time that the individual claims of all named plaintiffs have been fully resolved." Cruz v. Farquharson, 252 F.3d 530, 533 (1st Cir. 2001). However, a court may certify a class with a moot named plaintiff where "it is certain that other persons similarly situated will continue to be subject to the challenged conduct and the claims raised are so inherently transitory that the trial court will not have even enough time to rule on a motion for class certification before the proposed representative's individual interest expires." Genesis Healthcare Corp. v. Symczyk, 569 U.S. 66, 76 (2013) (quotation omitted).

Plaintiffs' proposed class satisfies the inherently transitory exception. Plaintiffs explain, and the Government does not controvert, that the Boston Immigration Court determines bond for three to six aliens at each master calendar hearing, which happens at least three or four times a week. Because the immigration court always places the burden of proof on the alien and rarely considers ability to pay, the Government consistently holds bond hearings according to the procedures the

class is challenging. And given the Government's ability to end the allegedly unconstitutional detention of an alien through removal or release and each alien's interest in filing an individual habeas petition to seek immediate relief, it is uncertain whether any alien will be subject to § 1226(a) detention long enough to serve as a class representative. As Pereira Brito, Avila Lucas, and Celicourt are still in contact with Plaintiffs' counsel and willing to pursue this action, the fact that the Government has released them on bond therefore does not render them inadequate named plaintiffs. See Reid v. Donelan, 297 F.R.D. 185, 192 (D. Mass. 2014) (finding a named plaintiff who had already been granted a bond hearing and release adequate to represent a class challenging mandatory detention without a bond hearing under 8 U.S.C. § 1226(c) for similar reasons).

> **C.  Prejudice Requirement**

Finally, the Government emphasizes that, in deciding whether the misallocation of the burden of proof or other procedural flaw in an immigration proceeding violates due process, a court must conduct a prejudice inquiry asking if the error could have made a difference in the outcome. This prejudice analysis involves an individualized assessment of each class member's criminal history and personal characteristics, the Government explains, so the Court cannot determine whether

each class member has suffered a due process violation on a classwide basis. Accordingly, the Government argues that the class fails to meet Rule 23(a)'s requirements of commonality, typicality and adequacy of the named plaintiffs and cannot be certified under Rule 23(b)(2).

    1.    *Commonality, Typicality, and Adequacy*

The Government's argument misses the mark as it relates to commonality, typicality, and adequacy. To satisfy commonality, "the class members [must] 'have suffered the same injury.'" Dukes, 564 U.S. at 349-50 (quoting Falcon, 457 U.S. at 157). In particular, the class's "claims must depend upon a common contention . . . of such a nature that it is capable of classwide resolution -- which means that the determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." Id. A named plaintiff satisfies typicality if his "injuries arise from the same events or course of conduct as do the injuries of the class" and his "claims and those of the class are based on the same legal theory." Henderson v. Bank of N.Y. Mellon, N.A., 332 F. Supp. 3d 419, 427 (D. Mass. 2018) (quoting In re Credit Suisse-AOL Sec. Litig., 253 F.R.D. 17, 23 (D. Mass. 2008)). Typicality asks "whether the putative class representative can fairly and adequately pursue the interests of the absent class members without being sidetracked by [his] own particular

19

concerns." Id. (quoting In re Credit Suisse, 253 F.R.D. at 23).
In the same vein, a named plaintiff is adequate if his
"interests . . . will not conflict with the interests of any of
the class members." Andrews v. Bechtel Power Corp., 780 F.2d
124, 130 (1st Cir. 1985). Commonality, typicality, and adequacy
all aim to ensure that maintenance of a class action is
economical and the interests of absent class members are
protected. See Dukes, 564 U.S. at 349 n.5.

The class satisfies commonality, typicality, and adequacy.
The class presents multiple common legal questions that are
central to each member's claims and do not require any
individualized analysis: Does due process require that the
Government bear the burden of proof at a bond hearing? If so,
what standard of proof must the Government satisfy? Must the
immigration judge consider alternative conditions of release and
an alien's ability to pay in deciding on release and the amount
of bond? Since all class members challenge detention pursuant to
the same statutory authority and set of procedural rules and
seek the same relief, the claims of the named plaintiffs are
typical of those of the rest of the class, and the interests of
the named plaintiffs and class members will not conflict. The
common legal questions that apply to the claims of all § 1226(a)
detainees mean that the named plaintiffs can adequately
represent the interests of individuals who have already had a

bond hearing with unconstitutional procedures as well as those who will have such a hearing in the future. And the need to answer a question of prejudice on an individual basis would not by itself defeat commonality, typicality, and adequacy. See, e.g., id. at 359 (noting that a class need only present a single common question to satisfy commonality); In re Credit Suisse, 253 F.R.D. at 23 (explaining that typicality does not require that the named plaintiffs' claim be "identical to those of absent class members").

    2.    Rule 23(b)(2)

    The Government's argument about the prejudice requirement raises more serious questions under Rule 23(b)(2). "The key to the (b)(2) class is 'the indivisible nature of the injunctive or declaratory remedy warranted —- the notion that the conduct is such that it can be enjoined or declared unlawful only as to all of the class members or as to none of them." Dukes, 564 U.S. at 360 (quoting Richard A. Nagareda, Class Certification in the Age of Aggregate Proof, 85 N.Y.U. L. Rev. 97, 132 (2009)). Accordingly, the class must show that "a single injunction or declaratory judgment would provide relief to each member of the class." Id. In this case, all aliens detained under § 1226(a) receive bond hearings conducted in accordance with the same procedural rules set by BIA precedent. Plaintiffs seek a

classwide injunction and declaratory judgment regarding the procedures required by due process for a § 1226(a) bond hearing.

However, the Government is correct that this Court has required a showing of prejudice before ordering a new bond hearing for an individual alien who files a habeas petition <u>after</u> an immigration court unconstitutionally places the burden of proof on him at an initial bond hearing. <u>See, e.g.</u>, <u>Pensamiento</u>, 315 F. Supp. 3d at 693 (explaining that the "[p]etitioner must show he was prejudiced by the constitutional error" and ordering a new bond hearing because the immigration judge "could well have found that [the petitioner] was not dangerous based on a single misdemeanor conviction"). Plaintiffs' proposed class includes aliens who are seeking a second bond hearing after receiving a constitutionally deficient one. The Court cannot issue a unitary injunction ordering new bond hearings for them without delving into their individual criminal histories and personal characteristics to determine whether they suffered prejudice from the errors at their first hearings. <u>See</u> <u>In re Asacol Antitrust Litig.</u>, 907 F.3d 42, 56 (1st Cir. 2018) (explaining that the class action is a procedural device that does not alter a class member's individual substantive rights).

That said, the Court can issue a declaratory judgment explaining the procedures due process requires at a § 1226(a)

bond hearing and each individual's entitlement to a new bond hearing in accordance with those procedures if he can show prejudice via an individual habeas petition. See Reid, 2019 WL 2959085, at *1 (issuing declaratory relief to a Rule 23(b)(2) class of aliens detained under § 1226(c) explaining their right to an individualized analysis to determine whether their mandatory detention without a bond hearing has become unreasonably prolonged in violation of due process). This single declaration would address the rights of all aliens who have already had a bond hearing subject to unconstitutional procedures.

To the extent the Government contends that a prejudice analysis is necessary to determine what procedures due process requires for the rest of Plaintiffs' proposed class, namely aliens who are or will be detained under § 1226(a) and have not yet had a bond hearing before an immigration judge, the Government is mistaken. The Government "fails to distinguish between a challenge to the outcome of an immigration hearing and a preemptive objection to a procedure before the hearing takes place." Reid v. Donelan, 2 F. Supp. 3d 38, 44 (D. Mass. 2014). When a plaintiff challenges the outcome of a hearing based on a procedural defect, the prejudice requirement "prevents the needless remanding of a case that will be resolved identically even when the procedural infirmity is remedied." Id.; see also

<u>Gomez-Velazco v. Sessions</u>, 879 F.3d 989, 993 (9th Cir. 2018)
(justifying the prejudice requirement because "the results of a
proceeding should not be overturned if the outcome would have
been the same even without the violation"). But the "premise
that a due process violation is not grounds for <u>reversal</u> absent
a showing of . . . prejudice has no bearing on a plaintiff's
right to seek to enjoin due process violations from occurring in
the first instance." <u>Reid</u>, 2 F. Supp. 3d at 44. For aliens yet
to have a bond hearing, their individual circumstances are
irrelevant to determining what procedures due process mandates,
and the Court can issue an injunction requiring the Government
to implement these procedures for their bond hearings.

Because the prejudice requirement affects the legal rights
of aliens who have already had hearings subject to
unconstitutional procedures but not those of aliens who have yet
to have bond hearings, the Court certifies separate classes for
these two categories of individuals. Both classes satisfy Rule
23(b)(2) because the Court can issue a single remedy that
addresses the legal rights of all members of each class.

<u>**ORDER**</u>

For the foregoing reasons, Plaintiffs' motion for class
certification (Docket No. 17) is **<u>ALLOWED</u>**. The Court certifies
the following two classes for the due process claim:

24

<u>Pre-Hearing Class</u>: All individuals who 1) are or will be detained pursuant to 8 U.S.C. § 1226(a), 2) are held in immigration detention in Massachusetts or are otherwise subject to the jurisdiction of the Boston Immigration Court, and 3) have not received a bond hearing before an immigration judge.

<u>Post-Hearing Class</u>: All individuals who 1) are or will be detained pursuant to 8 U.S.C. § 1226(a), 2) are held in immigration detention in Massachusetts or are otherwise subject to the jurisdiction of the Boston Immigration Court, and 3) have received a bond hearing before an immigration judge.

The Court appoints Mintz Levin, the American Civil Liberties Union Foundation of Massachusetts, the American Civil Liberties Union Foundation of New Hampshire, and the ACLU Foundation Immigrants' Rights Project as class counsel under Federal Rule of Civil Procedure 23(g).

SO ORDERED.

/s/ PATTI B. SARIS
Hon. Patti B. Saris
Chief United States District Judge