**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| GILBERTO PEREIRA-BRITO, FLORENTIN AVILA LUCAS, and JACKY CELICOURT, individually and on behalf of all those similarly situated,<br><br>   *Plaintiffs-Petitioners*,<br><br>v.<br><br>WILLIAM BARR, Attorney General, U.S. Department of Justice, et al.,<br><br>   *Defendants-Respondents*. | Case No. 19-11314-PBS |

**STATEMENT OF UNDISPUTED MATERIAL FACTS
PURSUANT TO LOCAL RULE 56.1
IN SUPPORT OF PETITIONERS' MOTION FOR
CLASS-WIDE SUMMARY JUDGMENT**

  The Court has certified two classes consisting, collectively, of all individuals who are or will be detained pursuant to 8 U.S.C. § 1226(a), and are held in immigration detention in Massachusetts or are otherwise subject to the jurisdiction of the Boston Immigration Court (collectively, the "class members"). *See* Aug. 6, 2019 Order (D.E. 58). The government is not seeking discovery in this case, *see* Aug. 5, 2019 Tr. at 38:23, and petitioners are now moving for class-wide summary judgment. Petitioners submit this Statement of Undisputed Material Facts in support of that motion.

1

A. Facts relating to bond procedures under § 1226(a)

1. At or around the time of a class member's arrest, U.S. Immigration and Customs Enforcement ("ICE") makes an initial custody determination to decide if it will detain the class member during the pendency of their removal proceedings. *See* Answer (D.E. 66) ¶ 21.

2. If ICE decides to detain the class member, the class member is then entitled to a custody redetermination from an immigration judge, through what is colloquially referred to as a "bond hearing." *See* Answer (D.E. 66) ¶ 22.

3. Under the current practice for such bond hearings, the government is not required to justify continued detention by proving that the class member presents a danger or risk of flight. Rather, the immigration judge requires that the class member bear the burden to prove that he or she should be released because he or she is not a danger and not a flight risk. The immigration judge will not authorize the release of a class member who does not satisfy that burden of proof. *See Matter of Guerra*, 24 I&N Dec. 37, 39 (BIA 2006); *Matter of Adeniji*, 22 I&N Dec. 1102 (BIA 1999); Answer (D.E. 66) ¶ 25; Affidavit of Attorney Elena Noureddine (D.E. 1-1) ("Noureddine Aff't") ¶¶4-5.

4. During a bond hearing, the immigration judges are not currently required to, and typically do not, consider the class member's ability to pay when selecting a bond amount. Immigration judges also are not currently required to, and typically do not, consider releasing class members on conditions of release that do not require the posting of bond. *See* Noureddine Aff't ¶6; Supplemental Affidavit of Elena Noureddine ¶1.

5. Between November 1, 2018, and May 7, 2019, 700 class members received bond hearings in the Boston immigration court, and 77 class members received a bond hearing in the Hartford immigration court. Those 777 people received a total of 995 bond hearings during that

time. 651 of those hearings resulted in a substantive decision, of which at least 268 (approximately 41%) were a "no bond" order. *See* Declaration of Sophie Beiers (D.E. 20) ("Beiers Decl.") ¶¶6-9.

6. Between November 1, 2018, and May 7, 2019, the mean bond amount set for class members in Hartford immigration court was $28,700, and the mean bond amount set for class members in Boston immigration court was $6,302. In Hartford immigration court, a minimum of 13 class members (out of 25 who received bond) remained detained 10 days or more after a bond was set. In Boston immigration court, a minimum of 124 class members (out of 260 that received bond) remained detained 10 days or more after a bond was set. *See* Beiers Decl. ¶¶10-11.

7. For class members detained at some time between November 1, 2018, and May 7, 2019, and whose proceedings concluded during that time period, the median case length was 130 days. The 25th percentile for median case length was approximately 50 days, and the 75th percentile for median case length was approximately 709 days. Supplemental Declaration of Sophie Beiers ¶4.

B.  Facts relating to Petitioner Pereira Brito

8. ICE arrested Mr. Pereira Brito at his home on March 3, 2019. Affidavit of Sidra Vitale, Esq. ("Vitale Aff't") ¶ 11; Answer (D.E. 66) ¶ 38.

9. On April 4, 2019, Mr. Pereira Brito received a bond hearing before an immigration judge in the Boston Immigration Court pursuant to 8 U.S.C. § 1226(a). The government was not required to make any showing that Mr. Pereira Brito's continued detention was necessary because he presents a danger or a flight risk. Instead, the immigration judge required that, in order to be released on bond, Mr. Pereira Brito bear the burden to prove that he is <u>not</u> a danger or flight risk. The immigration judge denied bond because Mr. Pereira Brito "did not meet his burden to

demonstrate that he neither poses a danger to the community nor is a risk of flight." Vitale Aff't ¶¶ 14-17 & Ex. S; Answer (D.E. 66) ¶¶ 41, 44.

10. The information presented at the bond hearing included that:

   a. Mr. Pereira Brito lives in Brockton, Massachusetts, with his wife Darcy and three children, ages (as of June 2019) 10 years old, 4 years old, and 11 months old. Mr. Pereira Brito's wife and children are all citizens of the United States. Vitale Aff't ¶¶ 5, 15 & Exs. D-G.

   b. Mr. Pereira Brito's wife is disabled and cannot work. Her medical problems include PTSD, panic disorder, and various complications from a prior surgery that make her feel constantly weak and sick. Mr. Pereira Brito's family depends on him for financial support, and, without him, they are unable to pay their rent and other expenses. Vitale Aff't ¶¶ 6, 15 & Exs. H-I.

   c. Prior to being arrested by ICE, Mr. Pereira Brito disclosed his location to the government and began the process to correct his immigration status. In June 2017, Mr. Pereira Brito's immigration counsel filed a Form I-130 on behalf of Mr. Pereira Brito and his wife, which was approved in 2018. This approval is the first step in a process that would allow Mr. Pereira Brito to become a lawful permanent resident of the United States by virtue of his marriage to Darcy, who is a U.S. citizen. Vitale Aff't ¶¶ 10, 15 & Ex. N.

   d. In the immigration court, Mr. Pereira Brito has applied for cancellation of removal, a defense to removal that is available to certain individuals who have been in the United States for more than 10 years and have U.S. citizen family

  members who would suffer an "exceptional and extremely unusual hardship" if the noncitizen were removed. Vitale Aff't ¶¶ 13, 15; Answer (D.E. 66) ¶ 40.

 e. Mr. Pereira Brito has not been arrested (other than by ICE), and has not been charged with or convicted of any crimes, since May 2009. Vitale Aff't ¶¶ 9, 11, 15, 16.

11. After this suit was filed, ICE voluntarily released Mr. Pereira Brito on bond and conditions on June 25, 2019. Motion to Stay (D.E. 32) Ex. A; Answer (D.E. 66) ¶ 50.

 C. <u>Facts related to Petitioner Avila Lucas</u>

12. Mr. Avila Lucas was arrested by Border Patrol agents on March 20, 2019 outside a thrift store in Lebanon, New Hampshire. Affidavit of Melanie M. Chaput, Esq. with regard to Florentin Avila Lucas ("Chaput Aff't re: Avila Lucas") ¶¶ 5-6 & Exs. A, C; Answer (D.E. 66) ¶ 51.

13. On May 2, 2019, Mr. Avila Lucas received a bond hearing before an immigration judge in the Boston Immigration Court pursuant to 8 U.S.C. § 1226(a). The government was not required to make any showing that Mr. Avila Lucas's continued detention was necessary because he presents a danger or a flight risk. Instead, the immigration judge required that, in order to be released on bond, Mr. Avila Lucas bear the burden to prove that he is <u>not</u> a danger or flight risk. The immigration judge denied bond because Mr. Avila Lucas "failed to meet his burden of proof to show that he is not a danger or flight risk." Chaput Aff't re: Avila Lucas ¶¶ 9-12 & Ex. D Answer (D.E. 66) ¶ 58.

14. The information presented at the bond hearing included that:

 a. Mr. Avila Lucas has no criminal history. Chaput Aff't re: Avila Lucas ¶ 11 & Ex. A.

      b. Mr. Avila Lucas has lived and worked at the same Claremont, New Hampshire dairy farm since about 2006. He works approximately 70 hours a week. Chaput Aff't re: Avila Lucas ¶ 10 & Ex. B.

15. After this suit was filed, ICE voluntarily released Mr. Avila Lucas on bond on July 1, 2019. Status Report (D.E. 37) Ex. A.

    D. <u>Facts related to Petitioner Celicourt</u>

16. ICE arrested Mr. Celicourt on January 16, 2019. Affidavit of Melanie Chaput, Esq. with regard to Jacky Celicourt (Chaput Aff't re: Celicourt") ¶ 12; Answer (D.E. 66) ¶ 73.

17. On February 7, 2019, Mr. Celicourt received a bond hearing before an immigration judge in the Boston Immigration Court pursuant to 8 U.S.C. § 1226(a). The government was not required to make any showing that Mr. Celicourt's continued detention was necessary because he presents a danger or a flight risk. Instead, the immigration judge required that, in order to be released on bond, Mr. Celicourt bear the burden to prove that he is <u>not</u> a danger or flight risk. The immigration judge denied bond. The immigration judge found Mr. Celicourt had "failed to prove he's not a danger to property or a flight risk." Chaput Aff't re: Celicourt ¶¶ 14-17 and Ex. G; Answer (D.E. 66) ¶¶ 73, 75, 78.

18. The information presented at the bond hearing included that:

      a. Mr. Celicourt was born in Haiti and was politically active there. He fled Haiti after armed men attacked him. He arrived in the United States on a tourist visa in March 2018. Since approximately April 2018, he has lived in Nashua, New Hampshire, working in construction and roofing. Chaput Aff't re: Celicourt ¶ 14 and Ex. I.

      b. Mr. Celicourt was applying for asylum, withholding of removal and protection under the Convention Against Torture, based on the high probability that, if he is removed to Haiti, he will be persecuted or tortured based on his political activities. Chaput Aff't re: Celicourt ¶ 14 and Ex. I.

      c. Mr. Celicourt does not have a criminal record, other than one dispute over merchandise worth less than $6.00. On December 13, 2018, Mr. Celicourt was arrested in Nashua, New Hampshire, and charged with Theft by Unauthorized Taking Between $0 and $1,000. The charge arose from an allegation that, during a shopping trip at a discount store, he purchased several items (gloves and socks), but failed to pay for a pair of "earbud" headphones that cost $5.99. Mr. Celicourt was released on personal recognizance. On January 16, 2019, Mr. Celicourt pled guilty and was fined $310.00, suspended for one year. Chaput Aff't re: Celicourt ¶¶ 9-10, 14 and Ex. B-D.

19.   After this suit was filed, ICE voluntarily released Mr. Celicourt on bond on July 2, 2019. Status Report (D.E. 40).

Respectfully submitted,

GILBERTO PEREIRA BRITO, FLORENTIN AVILA LUCAS, and JACKY CELICOURT, individually and on behalf of all those similarly situated,

By their attorneys,


  /s/    Susan Finegan
Susan M. Finegan (BBO # 559156)
Susan J. Cohen (BBO # 546482)
Andrew Nathanson (BBO # 548684)
Mathilda S. McGee-Tubb (BBO # 687434)
Ryan Dougherty (BBO # 703380)
Jennifer Mather McCarthy (BBO # 673185)
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.
One Financial Center
Boston, MA 02111
(617) 542-6000
smfinegan@mintz.com
sjcohen@mintz.com
annathanson@mintz.com
msmcgee-tubb@mintz.com
rtdougherty@mintz.com
jmmccarthy@mintz.com


  /s/    Matthew Segal
Matthew R. Segal (BBO # 654489)
Daniel McFadden (BBO # 676612)
Adriana Lafaille (BBO # 680210)
AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF MASSACHUSETTS, INC.
211 Congress Street
Boston, MA 02110
(617) 482-3170
msegal@aclum.org

8

dmcfadden@aclum.org
alafaille@aclum.org

Gilles R. Bissonnette (BBO # 669225)
Henry R. Klementowicz (BBO # 685512)
SangYeob Kim (N.H. Bar No. 266657)*
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NEW HAMPSHIRE
New Hampshire Immigrants' Rights Project
Concord, NH 03301
Tel.: 603.333.2081
gilles@aclu-nh.org
henry@aclu-nh.org
sangyeob@aclu-nh.org

Michael K. T. Tan*
ACLU FOUNDATION IMMIGRANTS' RIGHTS PROJECT
125 Broad Street, 18th Floor
New York, New York 10004
Tel: 212-549-2660
mtan@aclu.org

*Admitted *pro hac vice*

*Attorneys for Petitioners*

Dated: August 29, 2019

9

**CERTIFICATE OF SERVICE**

I hereby certify that on August 29, 2019, the above-captioned document was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non-registered participants.

    /s/    Susan Finegan
Susan M. Finegan