UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GILBERTO PEREIRA BRITO, FLORENTIN AVILA LUCAS, and JACKY CELICOURT, individually and on behalf of all those similarly situated,<br><br>*Plaintiff-Petitioners*,<br><br>v.<br><br>WILLIAM BARR, et al.,<br><br>*Defendant-Respondents*. | Case No. 19-11314-PBS |

**SUPPLEMENTAL AFFIDAVIT OF ATTORNEY ELENA NOUREDDINE**

## Supplemental Affidavit of Attorney Elena Noureddine

This information supplements my previous affidavit dated June 12, 2019 (filed in this case as Docket No. 1-1) and is true to the best of my knowledge, understanding, and belief. As noted in my prior affidavit, this information is based upon my personal experience representing clients in bond hearings before the Boston Immigration Court for the last four and a half years, as well as upon information observed by and reported to me in my capacity as supervisor and mentor for staff attorneys and *pro bono* attorneys working with the PAIR Project.

1. During bond hearings in the Boston Immigration Court, immigration judges typically do not consider releasing a detainee on conditions or whether such conditions might mitigate the extent to which an individual is a danger to the community or a flight risk for purposes of setting bond. Immigration judges rarely articulate consideration of an individual's suitability for alternative conditions of release—such as the use of GPS monitoring—in determining whether to continue to detain the individual. Similarly, immigration judges rarely articulate consideration of alternative conditions in determining the amount of bond necessary to ensure the person's appearance at future proceedings. The only time I have personally seen alternative conditions considered by Immigration Judges are when they are ordered to do so on remand by a federal district court judge.

2. Recently, the Boston Immigration Court has become responsible for hearing all cases of people arrested in Connecticut and detained by Immigrations and Customs Enforcement ("ICE"), who are still in removal proceedings. In the past, most of my clients who were Connecticut residents were detained at the Franklin County Jail and House of Corrections ("Franklin HOC") in Greenfield, MA, and their cases (including bond hearings) were heard in the Hartford Immigration Court. Though people previously detained by ICE in Connecticut were sometimes held at other facilities, most were taken to the Franklin HOC and heard before the Hartford Immigration Court. However, it is my understanding that the government has recently adopted a new policy regarding the Hartford Immigration Court and thus people detained at the Franklin HOC. Now, the Hartford Immigration Court will not be hearing detained cases and the Franklin HOC will not house detainees who are still in active removal proceedings (in which they would have to appear before an Immigration Court). As such, people apprehended in Connecticut that will appear before an Immigration Court are detained in the Suffolk, Plymouth, Strafford, or Bristol County Houses of Correction in eastern Massachusetts, and their cases (including bond hearings) are heard in the Boston Immigration Court. My staff and I have not been given an explanation why the Hartford Immigration Court no longer hears detained cases.

Signed under penalties of perjury this 22th day of August 2019.

_____
Elena Noureddine

## CERTIFICATE OF SERVICE

I hereby certify that on August 29, 2019, the above-captioned document was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non-registered participants.

          /s/    Susan Finegan
Susan M. Finegan

90840301v.1