UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

GILBERTO PEREIRA BRITO, FLORENTIN AVILA LUCAS, and JACKY CELICOURT, individually and on behalf of all those similarly situated,

    *Plaintiff-Petitioners*,

v.

WILLIAM BARR, et al.,

    *Defendant-Respondents*.

Case No. 19-11314-PBS

**MEMORANDUM OF LAW IN SUPPORT OF
PETITIONERS' MOTION TO MODIFY CLASS DEFINITION**

Pursuant to Fed. R. Civ. P. 23(c)(1)(C), petitioners respectfully move for an order modifying the current class definition to include Count II. As described in the accompanying Motion for Summary Judgment, Count II challenges the government's uniform policy of placing the burden of proof on the individual in all § 1226(a) bond hearings under *Matter of Adeniji*, 22 I&N Dec. 1102 (BIA 1999) and its progeny. Accordingly, the requested modification is warranted because, like Count I, Count II presents a question common to all of the current class members, all of whom are or will be detained under § 1226(a) and (absent judicial intervention) subjected to the same common practice.

## PROCEDURAL HISTORY

On June 13, 2019, petitioners filed a habeas corpus petition and class action complaint for declaratory and injunctive relief (D.E. 1). The petition includes two claims for relief: detention in violation of the Due Process Clause of the Fifth Amendment to the U.S. Constitution (Count I) and detention in violation of the I Immigration and Nationality Act (INA) and Administrative Procedure Act (APA) (Count II).

After a hearing on August 5, 2019, the Court allowed petitioners' motion for class certification in an August 6, 2019 Memorandum and Order (D.E. 58). Specifically, the Court certified the following two classes for the due process claim (Count I):

> Pre-Hearing Class: All individuals who 1) are or will be detained pursuant to 8 U.S.C. § 1226(a), 2) are held in immigration detention in Massachusetts or are otherwise subject to the jurisdiction of the Boston Immigration Court, and 3) have not received a bond hearing before an immigration judge.
>
> Post-Hearing Class: All individuals who 1) are or will be detained pursuant to 8 U.S.C. § 1226(a), 2) are held in immigration detention in Massachusetts or are otherwise subject to the jurisdiction of the Boston Immigration Court, and 3) have received a bond hearing before an immigration judge.

Petitioners now seek to modify the Court's originally defined classes to similarly include Count II.[1]

## ARGUMENT

**The Court can and should enter the requested modification.**

For a class to be certified, it must meet the four requirements of Fed. R. Civ. P. 23(a) and must also fit into one of the three categories defined in Fed. R. Civ. P. 23(b). *See Shady Grove Orthopedic Associates, P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 398 (2010). "[A]fter a certification

---

[1] As discussed in the accompanying Memorandum in Support of Petitioners' Motion for Summary Judgment, the Court can grant complete relief to both classes in a single order. Consequently the Court could elect to further modify the classes and place all class members in a single class, with the post-hearing group potentially addressed as a sub-class.

order is entered, the judge remains free to modify it in light of subsequent developments in the litigation." *Irwin v. Mascott, Case No. C 97-4737 JL*, 2001 U.S. Dist. LEXIS 3285, at *13 (N.D. Cal. Feb. 27, 2001); *see also* Fed. R. Civ. P. 23(c)(1)(C) ("An order that grants or denies class certification may be altered or amended before final judgment."). When considering whether or not to allow amendment of a class, "a district court must not only consider the criteria of Rule 23(a) and (b) in light of factual and legal developments, but also 'whether the parties or the class would be unfairly prejudiced by a change in proceedings at that point.'" *In re TFT-LCD Antitrust Litig.*, No. M 07-1827 SI, 2011 U.S. Dist. LEXIS 84476, at *22 (N.D. Cal. July 28, 2011).

Here, neither party has yet served any discovery, or taken any positions as to which the class status of Count II would be relevant. The government will have a full and fair opportunity to brief the issue in connection with the pending motion for summary judgment. There is consequently no danger that any of the parties would be prejudiced by the requested modification.

Further, it is clear that Count II meets all the requirements for class certification under Rule 23(a) and (b)(2). The Court has already found, and the government has now admitted, that the class members are sufficiency numerous. *See* Aug. 6, 2019 Order (D.E. 58) at 13 & n.3; Answer (D.E. 66) ¶ 86 ("Respondents do not (and have not) contested the numerosity requirement."). The Court has also already found that the named petitioners satisfy adequacy and typicality to represent a class of people who suffered misallocation of the burden of proof in § 1226(a) bond hearings. *See* Aug. 6, 2019 Order (D.E. 58) at 20. All members of the classes are bound by a common question of law because Count II challenges a blanket policy applied by the government in all §1226(a) bond hearings under the BIA's precedents. Rule 23(b)(2)'s requirement that the government "has acted or refused to act on grounds that apply generally to the whole class" is satisfied for the same reason. Indeed, given that Count II challenges the legality of the BIA's

3

precedents that apply uniformly to each and every bond hearing under § 1226(a), it is hard to imagine a more suitable candidate for class treatment.

## CONCLUSION

For the reasons stated in the petition and this memorandum of law, petitioners respectfully ask the Court to modify the current class definitions to include Count II.

Respectfully submitted,

GILBERTO PEREIRA BRITO, FLORENTIN AVILA LUCAS, and JACKY CELICOURT, individually and on behalf of all those similarly situated,

By their attorneys,

　/s/　Susan Finegan
Susan M. Finegan (BBO # 559156)
Susan J. Cohen (BBO # 546482)
Andrew Nathanson (BBO # 548684)
Mathilda S. McGee-Tubb (BBO # 687434)
Ryan Dougherty (BBO # 703380)
Jennifer Mather McCarthy (BBO # 673185)
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.
One Financial Center
Boston, MA 02111
(617) 542-6000
smfinegan@mintz.com
sjcohen@mintz.com
annathanson@mintz.com
msmcgee-tubb@mintz.com
rtdougherty@mintz.com
jmmccarthy@mintz.com

   /s/   Matthew Segal
Matthew R. Segal (BBO # 654489)
Daniel McFadden (BBO # 676612)
Adriana Lafaille (BBO # 680210)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF MASSACHUSETTS, INC.
211 Congress Street
Boston, MA 02110
(617) 482-3170
msegal@aclum.org
dmcfadden@aclum.org
alafaille@aclum.org

Gilles R. Bissonnette (BBO # 669225)
Henry R. Klementowicz (BBO # 685512)
SangYeob Kim (N.H. Bar No. 266657)*
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NEW HAMPSHIRE, INC.
New Hampshire Immigrants' Rights Project
Concord, NH 03301
Tel.: 603.333.2081
gilles@aclu-nh.org
henry@aclu-nh.org
sangyeob@aclu-nh.org

Michael K. T. Tan*
ACLU FOUNDATION IMMIGRANTS' RIGHTS PROJECT
125 Broad Street, 18th Floor
New York, New York 10004
Tel: 212-549-2660
mtan@aclu.org

*Admitted *pro hac vice*

*Attorneys for Petitioners*

Dated: August 29, 2019

## CERTIFICATE OF SERVICE

I hereby certify that on August 29, 2019, the above-captioned document was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non-registered participants.

        /s/       Susan Finegan
                Susan M. Finegan