UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GILBERTO PEREIRA BRITO, FLORENTIN AVILA LUCAS, JACKY CELICOURT, <br><br> Petitioners, <br><br> v. <br><br> WILLIAM P. BARR, U.S. Attorney General, et al, <br><br> Respondents. | ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> C.A. No. 1:19-cv-11314-PBS |

### RESPONDENTS' UNOPPOSED MOTION FOR LEAVE TO FILE A RESPONSE IN EXCESS OF PAGE LIMIT

Respondents move for leave to file a response in excess of the 20-page limit under Local Rule 7.1(b)(4) of the United States District Court for the District of Massachusetts. Specifically, Respondents request leave to file a consolidated response to Petitioners' Motion for Summary Judgement (ECF Nos. 67, 68) and Motion to Modify Class Definitions (ECF Nos. 72, 73). This consolidated response will not to exceed 40 pages. Petitioners do not oppose this motion.

Generally, a memorandum of law is limited to 20 pages under L.R. 7.1(b)(4). Still, courts may allow and consider supporting memoranda that exceed the 20 page limit. *See Air Line Pilots Ass'n v. Precision Valley Aviation, Inc.*, 26 F.3d 220, 224 (1st Cir. 1994) (noting that courts have "broad latitude in administering local rules"); *Turner v. Fallon Cmty. Health Plan Inc.*, 953 F. Supp. 419, 421 (D. Mass. 1997), *aff'd,* 127 F.3d 196 (1st Cir. 1997) (accepting defendant's explanation that the complex nature of the case necessitated the submission of briefs in excess of twenty pages). Conversely, courts may deny a party's request if the additional pages would consist of verbose and long-winded submissions. *See Stern v. Haddad Dealerships of The*

*Berkshires, Inc.*, 477 F. Supp. 2d 318, 325 (D. Mass. 2007) (denying plaintiff's request to file a memorandum of 53 pages and noting that the memorandum was both "excessive and prolix.").

Here, good cause exists in the present case that warrants the Court granting Respondents' request for leave to file a consolidated response in excess of the 20 pages. First, this matter is before the Court against the backdrop of a developing legal landscape that involves the interpretation and constitutional limitations of the detention of aliens under 8 U.S.C. § 1226. S*ee Jennings v. Rodriguez*, 138 S. Ct. 830, 847 (2018) (reversing an opinion by the Ninth Circuit holding that aliens detained under Section 1226(a) were statutorily entitled to bond hearings every six months); *Doe v. Smith*, No. 19-1368 (1st Cir. Apr. 18, 2019) (appealing this Court's decision in *Doe v. Smith, et al*, No. 1:18-cv-12266-PBS (D. Mass., Feb 12, 2019)). While this Court has addressed the constitutionality of Section 1226(a) within the context of individual habeas petitions, it has not done so in a class action lawsuit. Thus, these additional pages are necessary because of the complexity of the interpretation and constitutional claims Petitioners raise in their motions. *Turner*, 953 F. Supp. at 421.

Second, this case contains issues that remain undecided by this Court. Respondents have not had the opportunity to fully submit arguments on Petitioners' statutory claim under the Immigration and Nationality Act ("INA") or the Administrative Procedure Act ("APA"). *See* ECF No. 55, 11-12. Petitioners' Motion to Modify Class Definition (ECF Nos. 72, 73) seeks to expand the Court's certified classes under this precise claim. Thus, these additional pages would allow Respondents to further address these issues.

Finally, for the sake of judicial economy, all parties have agreed that Respondents will respond to both motions in a single, consolidated filing. Consequently, a response that exceeds the page limit would provide the Court with essential information to rule on *both* pending

motions. *See Judson v. Midland Credit Mgmt., Inc.*, No. 13-11435-TSH, 2014 WL 3829082, at *1 n.1 (D. Mass. Aug. 1, 2014) (considering a brief in excess of 20 pages to "facilitate a speedy and just resolution" of the matter).

Accordingly, Respondents request leave to file a consolidated response in excess of the 20-page limit but not to exceed 40 pages.

Date: September 11, 2019                    Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General
Civil Division

WILLIAM C. PEACHEY
Director, District Court Section
Office of Immigration Litigation

ELIANIS N. PÉREZ
Assistant Director
District Court Section
Office of Immigration Litigation

J. MAX WEINTRAUB
Senior Litigation Counsel

C. FREDRICK SHEFFIELD
Senior Litigation Counsel

*/s/ Huy M. Le*
HUY M. LE
M.A. BBO No. 697256
Trial Attorney
United States Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 353-4028
Facsimile: (202) 305-7000
E-mail: Huy.M.Le2@usdoj.gov
*Attorneys for Respondent*

## CERTIFICATE OF SERVICE
C.A. No. 1:19-cv-11314-PBS

I hereby certify that this document will be filed through the electronic filing system of the Court, which will serve counsel for all parties.

Dated: September 11, 2019

>  */s/ Huy M. Le*
> By: HUY M. LE
> Trial Attorney

## CERTIFICATE OF RULE 7.1 CONFERENCE

I hereby certify that, in accordance with Local Rule 7.1, Respondents discussed this motion with counsel for Petitioners on September 3, 2019, and on September 4, 2019, counsel for Petitioners indicated that they did not oppose the motion.

Dated: September 11, 2019                    */s/ Huy M. Le*
                                             By: HUY M. LE
                                             Trial Attorney