## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GILBERTO PEREIRA BRITO, FLORENTIN AVILA LUCAS, and JACKY CELICOURT, individually and on behalf of all those similarly situated,<br><br>*Plaintiff-Petitioners*,<br><br>v.<br><br>WILLIAM BARR, et al.,<br><br>*Defendant-Respondents*. | Case No. 19-11314-PBS |

## **APPENDIX A**

Counsel for Petitioners have attempted to locate all cases addressing the burden and/or standard of proof in 8 U.S.C. § 1226(a) bond hearings. Decisions that do not cite § 1226(a) or are not available on Lexis or Westlaw, or that have been released since November 7, 2019, may not have been identified. We have excluded cases in which the petitioner claimed rights arising solely from prolonged detention (*i.e.*, not challenging the adequacy of the initial bond hearing), as well as cases involving detention under 8 U.S.C. § 1226(c) or other statutes, or where the basis for detention was unspecified. We have included cases in which the petitioner asserted prolonged detention but also challenged the constitutionality of a prior bond hearing, and the court did not find that the detention was prolonged. An asterisk denotes that an appeal has been filed.

### Cases Addressing the Burden of Proof

| Placing Burden on Government |
| --- |
| 1. *Linarez Martinez v. Decker*, 2018 U.S. Dist. LEXIS 178577 (S.D.N.Y. Oct. 17, 2018)<br>2. *Darko v. Sessions*, 342 F. Supp. 3d 429 (S.D.N.Y. 2018)<br>3. *Brevil v. Jones*, 2018 U.S. Dist. LEXIS 194933 (S.D.N.Y. Nov. 14, 2018)<br>4. *Melie I. v. DHS*, 2019 U.S. Dist. LEXIS 95338 (D. Minn. Jan. 7, 2019)[1]<br>5. *Diaz Ortiz v. Tompkins*, 2019 U.S. Dist. LEXIS 14155 (D. Mass. Jan. 29, 2019) (Saris, C.J.)[2]<br>6. *Doe v. Tompkins*, 2019 U.S. Dist. LEXIS 22616 (D. Mass. Feb. 12, 2019) (Saris, C.J.)*<br>7. *Velasco Lopez v. Decker*, 2019 U.S. Dist. LEXIS 82881 (S.D.N.Y. May 15, 2019)*<br>8. *Yong Guo v. Nielsen*, 2019 U.S. Dist. LEXIS 104218 (W.D. Wash. June 18, 2019)<br>9. *Diaz-Ceja v McAleenan*, 2019 U.S. Dist. LEXIS 110545 (D. Colo. July 2, 2019)*<br>10. *Nzemba v. Barr*, 2019 U.S. Dist. LEXIS 119126 (W.D.N.Y. July 17, 2019)*<br>11. *Aparicio-Larin v. Barr*, 2019 U.S. Dist. LEXIS 121126 (W.D.N.Y. July 20, 2019)*<br>12. *Hernandez-Lara v. ICE*, 2019 U.S. Dist. LEXIS 124144 (D.N.H. July 25, 2019)* |

---

[1] Report and Recommendation rejected in part and adopted in part by *Melie I. v. McAleenan*, 2019 U.S. Dist. LEXIS 94236 (D. Minn. June 5, 2019) (declining to decide constitutional issues because changed circumstances after issuance of report and recommendation arguably subjected petitioner to mandatory detention).

[2] Subsequent proceeding *sub nom. Diaz Ortiz v. Smith*, 384 F. Supp. 3d 140 (D. Mass. 2019).

13. *Arellano v. Sessions*, 2019 U.S. Dist. LEXIS 125057 (W.D.N.Y. July 26, 2019)
14. *Aguirre v. Barr*, 2019 U.S. Dist. LEXIS 140065 (S.D.N.Y. Aug. 19, 2019)
15. *Aparicio-Villatoro v. Barr*, 2019 U.S. Dist. LEXIS 138904 (W.D.N.Y. Aug. 19, 2019)
16. *Owusu v. Feeley*, 2019 U.S. Dist. LEXIS 141478 (W.D.N.Y. Aug. 20, 2019)
17. *Singh v. Barr*, 2019 U.S. Dist. LEXIS 149761 (S.D. Cal. Sept. 3, 2019)
18. *Aguirre v. Barr*, 2019 U.S. Dist. LEXIS 160204 (S.D.N.Y. Sept. 18, 2019)
19. *Adejola v. Barr*, 2019 U.S. Dist. LEXIS 172902 (W.D.N.Y. Oct. 4, 2019)*
20. *Gakou v. Barr*, 2019 U.S. Dist. LEXIS 177471 (W.D.N.Y. Oct. 10, 2019)
21. *Hachicho v. McAleenan*, 2019 U.S. Dist. LEXIS 185300 (C.D. Cal. Oct. 18, 2019)
22. *Rajesh v. Barr*, 2019 U.S. Dist. LEXIS 187349 (W.D.N.Y. Oct. 29, 2019)

Placing Burden on Detainee: none

## Cases Addressing the Standard of Proof

Clear and Convincing[3]

1. *Linarez Martinez v. Decker*, 2018 U.S. Dist. LEXIS 178577 (S.D.N.Y. Oct. 17, 2018)
2. *Darko v. Sessions*, 342 F. Supp. 3d 429 (S.D.N.Y. 2018)
3. *Brevil v. Jones*, 2018 U.S. Dist. LEXIS 194933 (S.D.N.Y. Nov. 14, 2018)
4. *Velasco Lopez v. Decker*, 2019 U.S. Dist. LEXIS 82881 (S.D.N.Y. May 15, 2019)*
5. *Yong Guo v. Nielsen*, 2019 U.S. Dist. LEXIS 104218 (W.D. Wash. June 18, 2019)
6. *Nzemba v. Barr*, 2019 U.S. Dist. LEXIS 119126 (W.D.N.Y. July 17, 2019)*
7. *Aparicio-Larin v. Barr*, 2019 U.S. Dist. LEXIS 121126 (W.D.N.Y. July 20, 2019)*
8. *Hernandez-Lara v. ICE*, 2019 U.S. Dist. LEXIS 124144 (D.N.H. July 25, 2019)*
9. *Arellano v. Sessions*, 2019 U.S. Dist. LEXIS 125057 (W.D.N.Y. July 26, 2019)
10. *Aguirre v. Barr*, 2019 U.S. Dist. LEXIS 140065 (S.D.N.Y. Aug. 19, 2019)
11. *Aparicio-Villatoro v. Barr*, 2019 U.S. Dist. LEXIS 138904 (W.D.N.Y. Aug. 19, 2019)
12. *Owusu v. Feeley*, 2019 U.S. Dist. LEXIS 141478 (W.D.N.Y. Aug. 20, 2019)
13. *Singh v. Barr*, 2019 U.S. Dist. LEXIS 149761 (S.D. Cal. Sept. 3, 2019)
14. *Aguirre v. Barr*, 2019 U.S. Dist. LEXIS 160204 (S.D.N.Y. Sept. 18, 2019)
15. *Adejola v. Barr*, 2019 U.S. Dist. LEXIS 172902 (W.D.N.Y. Oct. 4, 2019)*
16. *Gakou v. Barr*, 2019 U.S. Dist. LEXIS 177471 (W.D.N.Y. Oct. 10, 2019)
17. *Hachicho v. McAleenan*, 2019 U.S. Dist. LEXIS 185300 (C.D. Cal. Oct. 18, 2019)
18. *Rajesh v. Barr*, 2019 U.S. Dist. LEXIS 187349 (W.D.N.Y. Oct. 29, 2019)

---

[3] The clear and convincing evidence standard has also been adopted by courts ordering a bond hearing after prolonged detention for § 1226(c) detainees.  *See, e.g.*, *Hernandez v. Decker*, 2018 U.S. Dist. LEXIS 124613 (S.D.N.Y. July 25, 2018).

| Acknowledging Clear and Convincing But Declining to Address |
|---|
| 1. *Diaz Ortiz v. Smith*, 384 F. Supp. 3d 140 (D. Mass. 2019) (Saris, C.J.)[4] |

| Clear and Convincing for Dangerousness / Preponderance for Flight Risk |
|---|
| 1. *Diaz-Ceja v McAleenan*, 2019 U.S. Dist. LEXIS 110545 (D. Colo. July 2, 2019)* |

## CERTIFICATE OF SERVICE

I hereby certify that on November 12, 2019, the above-captioned document was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non-registered participants.

                         */s/   Susan M. Finegan*
                            Susan M. Finegan

---

[4] *See Diaz Ortiz*, 384 F. Supp. 3d at 145 ("numerous district courts have imposed a clear and convincing standard on the Government for § 1226(a) detainees….Because the January 29 order is on appeal, the Court has no jurisdiction to address this issue in light of the new case law but notes that requiring the Government to prove Diaz Ortiz's dangerousness by clear and convincing evidence could have made a difference in the outcome of the custody redetermination hearing.").