# UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GILBERTO PEREIRA BRITO, FLORENTIN AVILA LUCAS, and JACKY CELICOURT, individually and on behalf of all those similarly situated,<br><br>*Plaintiffs-Petitioners*,<br><br>v.<br><br>WILLIAM BARR, et al.,<br><br>*Defendants-Respondents*. | Case No. 19-11314-PBS |

## DECLARATION OF DANIEL L. MCFADDEN

1. I am an Attorney licensed to practice law in the Commonwealth of Massachusetts. I am a Staff Attorney at the ACLU of Massachusetts, and counsel of record and appointed class counsel in the matter captioned above.

2. This Court granted class-wide summary judgment in this case on Wednesday, November 27, 2019. Among other things, the Court entered a Declaration requiring that the government bear the burden of proof in the class members' immigration bond hearings, and entered a Permanent Injunction that "the immigration courts shall follow the requirements set forth in the above declaration, effective December 13, 2019." The Permanent Injunction also included a notice requirement—specifically including that the government "shall provide this declaratory judgment and permanent injunction to all members of both classes by December 13, 2019."

3. The Court did not order that members of the Post-Hearing Class will automatically receive new bond hearings. The Court stated that, to get a new bond hearing, "members of the Post-Hearing Class will have to litigate prejudice through individual habeas petitions."

4. The government's counsel did not communicate with class counsel concerning this case from November 27, 2019, until December 12, 2019.

5. On Thursday, December 12, 2019, the ACLU of Massachusetts received inquiries about a notice concerning this case that people in detention had received from ICE. Later that day, I contacted the government's counsel and requested a copy of the notice. The government did not provide a copy of the notice in its response. *See* Ex. A (Dec. 12, 2019 email chain concerning notices to class).[1]

6. I later received copies of the notice from various immigration attorneys. It appears ICE distributed notices that are all substantially identical and that all contain nothing more than the text of the Court's Declaration and Permanent Injunction in English only. *See* Ex. B (Example of notice provided to class counsel by immigration attorney).

7. On Friday, December 13, 2019, at approximately 3:30 p.m., the government's counsel called me to inquire about extending various deadlines. At the conclusion of the call, my understanding was that the government anticipated filing a motion within the next two hours to extend the notice deadlines by 14 days, and was asking whether class counsel assented. I told the government's counsel that I would confer with my co-counsel and respond as soon as possible.

8. At 4:00 p.m. on Friday, December 13, 2019, I received a follow-up email from the government's counsel stating that the government would also be moving to extend the deadline for the Declaration (*i.e.*, the bond hearing requirements) to take effect, even though the Declaration had _already_ taken effect earlier that day. The government's counsel stated, "I understand that it is already in effect but we will still be moving forward with our request." *See* Ex. C (Dec. 13, 2019 email chain). I responded that class counsel would oppose the motion.

9. At 5:03 p.m. on Friday, December 13, 2019, the government filed a motion to extend its notice deadlines and the effective date of the Declaration. *See* D.E. 89.

---

[1] I also separately contacted the government's counsel on December 12 with a question about a named plaintiff's conditions of release. I have not included this correspondence as it is not relevant to the issues raised in the government's motion.

10. At 4:40 p.m. on Monday, December 16, 2019, the government filed a notice of compliance with the Court's judgment, accompanied by two sworn declarations. *See* D.E. 90. Among other things, the notice and enclosures stated that that ICE has provided the Court's declaratory judgment and permanent injunction to all detained class members, and also that the requirements of the Declaration are in effect at the Boston Immigration Court. *See id.* After receiving this notice, I contacted the government's counsel by phone to inquire whether the motion to extend deadlines (D.E. 89) was still live, and the government's counsel informed me that it is still live and is not being withdrawn.

11. On December 17, 2019, I attended a portion of a morning session at the Boston Immigration Court. During the proceedings I observed, the Immigration Judge conducted multiple bond hearings. During those hearings, I heard the Immigration Judge reference this Court's decision in this case and heard both the Immigration Judge and DHS trial counsel acknowledged the decision's applicability to the bond hearings.

12. Since the Court's entry of summary judgment, class counsel has devoted substantial time and resources to preparing a training for attorneys to represent members of the Post-Hearing Class in filing individual habeas corpus petitions to show prejudice, so that they could receive new bond hearings consistent with the Court's Order.[2] The training occurred on Friday, December 13, 2019. The training was co-sponsored by the New England Chapter of the American Immigration Lawyers Association and the PAIR Project, and was hosted at the offices of Mintz Levin. Instructors included two members of the class counsel team, as well as Associate Clinical Professor Mary Holper (Director of the Immigration Clinic at Boston College Law School) and attorney Susan Church. The training included an oral presentation and slides, as well as handouts concerning the prejudice standard, and a template habeas petition that can be used by attorneys and *pro se* litigants to quickly initiate these cases. Attorneys attended the training on the understanding that they would be asked to represent at least one Post-Hearing Class member *pro bono* in a habeas matter. Certain of the attorneys also had existing clients who may be eligible to file such a habeas petition. Based on our attendance records, we believe that approximately 80 attorneys and legal staff from around New England attended the training in

---

[2] Class counsel and the training co-sponsors began sending out "Save the Date" and invitation emails for the training in mid-November, based on the Court's statement that a decision was likely this year.

person, and others participated telephonically. The training lasted almost two hours. Class counsel expect to begin connecting unrepresented post-hearing class members with the trained *pro bono* habeas counsel early in the week of December 16, 2019.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

_____              12/17/19
Daniel L. McFadden                                          Date

**CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on the date of electronic filing.

Date: December 17, 2019                                               */s/ Susan M. Finegan*
                                                                                    Susan M. Finegan