# UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF MASSACHUSETTS

GILBERTO PEREIRA BRITO,
FLORENTIN AVILA LUCAS, and JACKY
CELICOURT, individually and on behalf of
all those similarly situated,

      *Plaintiffs-Petitioners*,

v.

WILLIAM BARR, et al.,

      *Defendants-Respondents*.

Case No. 19-11314-PBS

## **DECLARATION OF SUSAN B. CHURCH, ESQ.**

1. I am an Attorney licensed to practice law in the Commonwealth of Massachusetts. I regularly represent detained clients in the Boston Immigration Court.

2. Prior to this Court's *Pereira Brito* decision, I regularly argued in Immigration Court that the bond burden should be on the government. I recall discussions with both Judge Furlong and Judge Masters where they stated that this Court's decision in *Pensamiento* was not a "class action" and therefore not binding on the immigration court in other cases. This issue of bond and burden shifting regularly arises in the Boston Immigration Court and the judges have always seemed very well versed in the issues. I recall being surprised at how closely the Immigration Judges follow the different habeas decisions.

3. When this Court granted class-wide summary judgment in *Pereira-Brito* on Wednesday, November 27, 2019, I learned about it that same day through social media, regular news, and email correspondence from multiple sources. I instantly read the decision and understood the changes it ordered to immigration court procedures.

4. On Tuesday, December 3, 2019, I appeared in the Boston Immigration Court in front of Judge John Furlong, III, for a detained master calendar hearing. Prior to my client's case being called, the Immigration Judge called *pro se* respondents who were present in person. Those *pro se* respondents had or were requesting bond hearings. Judge Furlong advised the respondents (I distinctly recall two individuals, however more could have appeared) that if they waited to have their hearings, the burden would be on the government, rather than the respondent. It was clear to me that Judge Furlong was referencing the changes that this Court's *Pereira Brito* decision required to take effect on December 13, 2019. One detainee initially agreed to delay his bond hearing, and another, hesitantly, agreed.

5. I appeared in the Boston Immigration Court on Wednesday, December 11, 2019 for a non-detained master calendar hearing in the afternoon session. The court had sent out notice on that date that court would not start until 1:30 p.m. due to a training. When I arrived at 1:30 p.m., I spoke with the DHS Trial Attorney assigned to my client's case. We discussed the *Pereira Brito* decision, and during that conversation she informed me that the purpose of that day's training was to train the DHS Trial Attorneys about the *Pereira Brito* decision. I believe the training, according to the Trial Attorney, lasted from 12:00-1:30 p.m.

6. I went to the Plymouth County House of Corrections on Thursday, December 12, 2019. At the jail I met with three clients in immigration detention. All three had received notice of this Court's *Pereira Brito* decision. All three felt ecstatic about finally being able to apply for bond in a manner that comported with fairness and due process. I assume many attorneys have had similar conversations with clients and spent countless hours preparing to request relief under the new decision. To delay the decision, especially before Christmas, would cause havoc among detained clients.

7. On Friday, December 13, 2019, I presented a portion of a training at the Boston offices of Mintz Levin, who with the ACLU are class counsel in the *Pereira Brito* case. The purpose of the training was to teach attorneys to file habeas corpus petitions to establish "prejudice" for the *Pereira Brito* post-hearing class members, so that they could receive a new bond hearing. Attorneys attended the training on the understanding that they would be asked to represent one such class member *pro bono* in a habeas matter, and certain of the attorneys also had existing clients who were eligible to file such a habeas petition. My understanding is that approximately 80 attorneys and

      legal staff from around New England attended the training in person, and others participated telephonically.  The training lasted almost two hours.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

_____                                            <u>December 15, 2019</u>

Susan B. Church                                                                                 Date

## **CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on the date of electronic filing.

Date: December 17, 2019                                       */s/ Susan M. Finegan*
                                                                                  Susan M. Finegan