Case 1:19-cv-11314-PBS   Document 95   Filed 12/17/19   Page 1 of 4

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GILBERTO PEREIRA BRITO, FLORENTIN AVILA LUCAS, and JACKY CELICOURT, individually and on behalf of all those similarly situated,<br><br>*Plaintiffs-Petitioners,*<br><br>v.<br><br>WILLIAM BARR, et al.,<br><br>*Defendants-Respondents.* | Case No. 19-11314-PBS |

## DECLARATION OF ELENA NOUREDDINE, ESQ.

1. I am an Attorney licensed to practice law in the Commonwealth of Massachusetts. I am the Legal Director at the Political Asylum/Immigration Representation (PAIR) Project. I supervise PAIR's Detention Center Initiative (DCI) program. In Massachusetts, PAIR is the only organization with negotiated access to all the major jails in the state, where non-citizens are held. I specialize in removal defense in immigration court and in particular, my focus is on representing non-citizens detained by Immigration and Customs Enforcement (ICE). As the supervising attorney in PAIR's DCI program, I work with hundreds of detained clients over the course of the year through "Know Your Rights" presentations at the detention facilities, intake and consultation, direct representation, and mentor of *pro bono* attorneys who we have found to represent our clients.

2. I have represented clients in bond hearings for over five years before the Boston Immigration Court and have represented many individuals in custody and bond proceedings, seeking release from detention. I mentor all of our *pro bono* attorneys who take on bond cases through our organization, as well as two detention staff attorneys (Heather Perez and Irene Freidel) who, almost exclusively, represent immigrants detained by ICE. PAIR, through in-house staff and *pro bono* attorneys, represents approximately

over 50 individuals in seeking bond every year. I either mentor, supervise, or personally represent all of those clients.

3. Our staff is before the Boston Immigration Court, on average, for three to four master calendar hearing sessions per week. Bond hearings take place during master calendar hearings. During each session we attend (either morning, afternoon, or both), we see approximately 3-6 bond hearings being held.

4. Since the Court's November 27, 2019 decision in *Pereira Brito v. Barr*, my staff and I have observed Immigration Judges (IJ) Jennifer A. Mulcahy and Todd A. Masters mention and cite to the Court's decision numerous times during master calendar hearing sessions. IJ Mulcahy and IJ Masters are two of the three Judges in the Boston Immigration Court that hear detained cases. We have observed both IJ Mulcahy and IJ Masters state that they are aware of the decision in *Pereira Brito v. Barr*, shifting the burden to the Government, and that it is their understanding that the decision goes into effect on 12/13/2019. At these hearings, we have also observed the Department of Homeland Security (DHS) Trial Attorneys acknowledge their awareness of the decision and agree with the Judge's understanding of the effective date.

5. Following the November 27, 2019 decision, my staff and I were in Court on 12/2/2019, 12/3/2019, 12/4/2019, and 12/5/2019 before IJ Mulcahy. At all of these Master Calendar Hearings we observed IJ Mulcahy address *Pereira Brito v. Barr* and her understanding of the effective date as 12/13/2019. IJ Mulcahy did this in almost every case where a bond hearing was scheduled.

6. On December 5, 2019, I had a bond hearing before IJ Mulcahy. IJ Mulcahy commenced the hearing by stating, on the bond record, that she was aware that the *Pereira Brito v. Barr* decision shifted the burden to the DHS, but that it was the Court's understanding that the decision does not go into effect until 12/13/2019. IJ Mulcahy asked the DHS Trial Attorney and me if we agreed as to the Court's understanding of the effective date of the decision and allowed us to note objections on the record. The DHS Trial Attorney agreed with the Court's interpretation regarding the effective date of the decision. I noted my objection on the record that, despite the 12/13/2019 date, my client should be entitled to the protections laid out in the decision as they are grounded in due process and APA violations that apply regardless of the date. IJ Mulcahy noted my objection on the record.

7. Also, PAIR staff attorneys Irene Freidel and Heather Perez had bond hearings on December 4, 2019 and December 5, 2019, respectively, before IJ Mulcahy for PAIR cases I mentor and supervise. In both of their cases

(similar to above) they noted their objections, on the record, to IJ Mulcahy's finding that the protections in the *Pereira Brito v. Barr* decision became effective on 12/13/2019.

8. It is clear to me from my personal observations and the observations of the two PAIR staff attorneys I directly mentor and supervise, that both the Boston Immigration Court and the DHS Trial Attorneys are aware and have been preparing for the Court's decision in *Pereira Brito v. Barr* to go into effect on 12/13/2019.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

_____
Elena Noureddine, Esq.

12/15/2019
Date

**CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on the date of electronic filing.

Date: December 17, 2019                                        */s/ Susan M. Finegan*
                                                                              Susan M. Finegan