## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS
## (BOSTON DIVISION)

| | | |
|---|---|---|
| GILBERTO PEREIRA BRITO, FLORENTIN AVILA LUCAS, JACKY CELICOURT, | ) ) ) ) | |
| Petitioners, | ) ) | Civil No. 1:19-cv-11314-PBS |
| v. | ) ) | |
| MERRICK GARLAND, ATTORNEY GENERAL, U.S. DEPARTMENT OF JUSTICE., *ET AL*.,[1] | ) ) ) ) | |
| Respondents. | ) ) | |

### ASSENTED TO MOTION FOR 33-DAY EXTENSION OF DEADLINE TO FILE PROPOSED FORM OF JUDGMENT

Defendants Attorney General Merrick Garland, *et al*., hereby move for a 33-day extension of their deadline to file a Proposed Form of Judgment from September 8, 2022 to October 11, 2022. As discussed below, this request is supported by good cause, and is made in good faith and not for the purpose of delay:

1.      In this class action, on November 27, 2019, the Court, in sum, held and declared as follows:

> First, the Board of Immigration Appeals ("BIA") policy of placing the burden of proof on the alien at 8 U.S.C. § 1226(a) bond hearings violates due process and the APA. Second, due process requires the Government prove at § 1226(a) bond hearings an alien's dangerousness by clear and convincing evidence or risk of flight by a preponderance of the evidence. Third, due process requires the immigration court to evaluate an alien's ability to pay in setting bond, and consider alternative conditions of release, such as GPS monitoring, that reasonably assure the safety of the community and the alien's future appearances. Fourth, the Government

---

[1] Attorney General Merrick Garland has been substituted for former Attorney General William P. Barr as respondent.

> shall produce to class counsel certain information regarding each member
> of the Post-Hearing Class in order to facilitate individual habeas petitions
> challenging their continued detention.

*Brito v. Barr*, 415 F. Supp. 3d 258, 263 (D. Mass. 2019).

2.      Petitioners and Respondents each appealed portions of the Court's order.

3.      On December 28, 2021, a panel of the First Circuit Court of Appeals "affirm[ed]

the district court's declaration that noncitizens 'detained pursuant to 8 U.S.C. § 1226(a)

are entitled to receive a bond hearing at which the Government must prove the alien is

either dangerous by clear and convincing evidence or a risk of flight by a preponderance

of the evidence.'" *Brito v. Garland*, 22 F. 4th 240, 244 (1st Cir. 2021) (quoting *Brito v.

Barr*, 415 F. Supp. 3d 258, 271 (D. Mass. 2019)). The panel vacated the remainder of the

district court's declaratory judgment and its permanent injunction, and remanded for

entry of judgment in accordance with its opinion. *Brito*, 22 F. 4th at 244. One member of

the panel dissented in part from the majority opinion. *Id*. at 257 (Lipez, C.J., dissenting in

part).

4.      On June 1, 2022, Petitioners filed a petition for panel rehearing and/or rehearing

en banc. The same day, Respondents filed a petition for rehearing en banc.

5.      On July 6, 2022, the First Circuit denied both parties' petitions for rehearing and

petitions for rehearing en banc (the court also treated Respondents' petition as a petition

for rehearing before the original panel).

6.      Currently, Respondents are still in the process of evaluating whether or not to file

a petition for a writ of *certiorari*. For Respondents, the final decision to file a petition for

a writ of *certiorari* must be made by the Office of the Solicitor General. *See* 28 C.F.R.

§ 0.20(b). Respondents have not yet made a final determination regarding further review of this matter.

7.      A petition for a writ of *certiorari* is due on October 4, 2022, which is 90 days after the denial of rehearing. *See* Supreme Court R. 13(1) (*certiorari* petition is timely when it is filed within 90 days after entry of the judgment); 13(3) ("The time to file a petition for a writ of *certiorari* runs from the date of entry of the judgment or order sought to be reviewed…But if a petition for rehearing is timely filed in the lower court …, the time to file the petition for a writ of *certiorari* for all parties … runs from the date of the denial of rehearing…").

8.      Respondents request seven (7) days beyond the *certiorari* deadline within which to file the Proposed Form of Judgment.

9.      Accordingly, Respondents request that the Court extend the time within which to file the Proposed Form of Judgment until October 11, 2022.

10.     On September 6, 2022, counsel for Plaintiffs stated via email that they assent to the relief requested in this motion.

        WHEREFORE, Respondents respectfully request that the Court grant this motion and extend the time to October 11, 2022.

                                        Respectfully submitted,

                                        BRIAN BOYNTON
                                        Principal Deputy Assistant Attorney General
                                        Civil Division, U.S. Department of Justice

                                        WILLIAM C. PEACHEY
                                        Director
                                        Office of Immigration Litigation
                                        District Court Section

3

JESSICA W. D'ARRIGO
Senior Litigation Counsel

*/s/ Catherine M. Reno*
CATHERINE M. RENO
U.S. Department of Justice
Office of Immigration Litigation
P.O. Box 868
Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 353-8557
Fax: (202) 305-7000
Email: catherine.m.reno@usdoj.gov

*Counsel for Respondents*

**CERTIFICATE OF SERVICE**
Civil No. 1:19-cv-11314-PBS

I hereby certify that this document will be filed through the electronic filing system of the

Court, which system will serve counsel for all parties.


Dated: September 7, 2022                    */s/ Catherine M. Reno*
                                            By: CATHERINE M. RENO
                                            Trial Attorney

A