## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS
## (BOSTON DIVISION)

| | | |
|---|---|---|
| GILBERTO PEREIRA BRITO, FLORENTIN AVILA LUCAS, JACKY CELICOURT, | ) ) ) ) | |
| Petitioners, | ) ) | Civil No. 1:19-cv-11314-PBS |
| v. | ) ) | |
| MERRICK GARLAND, ATTORNEY GENERAL, U.S. DEPARTMENT OF JUSTICE., *ET AL*.,[1] | ) ) ) ) | |
| Respondents. | ) | |

### RESPONDENTS' PROPOSED JUDGMENT

In this class action, on November 27, 2019, the Court, in sum, held and declared

as follows:

> First, the Board of Immigration Appeals ("BIA") policy of placing the burden of proof on the alien at 8 U.S.C. § 1226(a) bond hearings violates due process and the APA. Second, due process requires the Government prove at § 1226(a) bond hearings an alien's dangerousness by clear and convincing evidence or risk of flight by a preponderance of the evidence. Third, due process requires the immigration court to evaluate an alien's ability to pay in setting bond, and consider alternative conditions of release, such as GPS monitoring, that reasonably assure the safety of the community and the alien's future appearances. Fourth, the Government shall produce to class counsel certain information regarding each member of the Post-Hearing Class in order to facilitate individual habeas petitions challenging their continued detention.

*Brito v. Barr*, 415 F. Supp. 3d 258, 263 (D. Mass. 2019).

Petitioners and Respondents each appealed portions of the Court's order. On

December 28, 2021, a panel of the First Circuit Court of Appeals "affirm[ed] the district

---

[1] Attorney General Merrick Garland has been substituted for former Attorney General William P. Barr as Respondent.

court's declaration that noncitizens 'detained pursuant to 8 U.S.C. § 1226(a) are entitled to receive a bond hearing at which the Government must prove the alien is either dangerous by clear and convincing evidence or a risk of flight by a preponderance of the evidence.'" *Brito v. Garland*, 22 F. 4th 240, 244 (1st Cir. 2021) (quoting *Brito v. Barr*, 415 F. Supp. 3d 258, 271 (D. Mass. 2019)). The panel vacated the remainder of the district court's declaratory judgment and its permanent injunction, and remanded for entry of judgment in accordance with its opinion. *Brito*, 22 F. 4th at 244. One member of the panel dissented in part from the majority opinion. *Id*. at 257 (Lipez, C.J., dissenting in part).

On June 1, 2022, Petitioners filed a petition for panel rehearing and/or rehearing en banc. The same day, Respondents filed a petition for rehearing en banc. On July 6, 2022, the First Circuit denied both parties' petitions for rehearing and rehearing en banc (the court also treated Respondents' petition as a petition for rehearing before the original panel). Judge Lynch dissented from the denial of Respondents' petition for en banc rehearing.

On August 24, 2022, the Court ordered the parties to file a proposed form of judgment. ECF No. 109. On September 14, 2022, the Court ordered this case to be administratively stayed pending the Appeal to the U.S. Supreme Court. ECF No. 113. On October 25, 2022, the Supreme Court granted Respondents' subsequent application for an extension of time within which to file a petition for a writ of *certiorari* to and including December 2, 2022.  The Solicitor General subsequently determined that Respondents would not seek further review of this matter and did not file a petition for a writ of *certiorari*.

Accordingly, Respondents propose that the Court enter the following declaratory judgment, with each party to bear its own fees and costs:

"The Court declares that noncitizens detained pursuant to 8 U.S.C. § 1226(a) are entitled to receive a bond hearing at which the Government must prove the noncitizen is either dangerous by clear and convincing evidence or a risk of flight by a preponderance of the evidence."

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
Civil Division, U.S. Department of Justice

WILLIAM C. PEACHEY
Director
Office of Immigration Litigation
District Court Section

JESSICA W. D'ARRIGO
Senior Litigation Counsel

*/s/ Catherine M. Reno*
CATHERINE M. RENO
U.S. Department of Justice
Office of Immigration Litigation
P.O. Box 868
Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 353-8557
Fax: (202) 305-7000
Email: catherine.m.reno@usdoj.gov

*Counsel for Respondents*

3

## CERTIFICATE OF SERVICE
### Civil No. 1:19-cv-11314-PBS

I hereby certify that this document will be filed through the electronic filing system of the

Court, which system will serve counsel for all parties.


Dated: December 7, 2022                    _/s/ Catherine M. Reno_
                                           By: CATHERINE M. RENO
                                           Trial Attorney

A